Adam Alper (SBN: 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN: 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500

Michael W. De Vries (SBN: 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

*Attorneys for Plaintiff Apple Inc.*

*Additional counsel on signature page*

Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
ALSTON & BIRD, LLP
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

*Attorneys for Defendant AliveCor, Inc.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>ALIVECOR, INC.<br><br>            Defendant. | CASE NO. 22-CV-07608-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's Order, Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Local Patent Rules, Plaintiff Apple Inc. ("Apple" or "Plaintiff") and Defendant AliveCor, Inc. ("AliveCor" or "Defendant") (collectively, the "Parties") have conferred and respectfully submit this Joint Case Management Statement. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil L.R. 16-3.

I.   **JURISDICTION AND SERVICE**

The Parties agree that jurisdiction and venue are proper. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). AliveCor was served with a Summons and Complaint on December 9, 2022 and has not contested service.

II.  **FACTS**

   A.   **Apple's Statement**

Since its founding almost 50 years ago, Apple has held its place as an American and worldwide leader by developing innovative technology, investing billions in domestic research and development of technologies in a wide variety of industries, and producing devices and applications that are at the core of today's society. In particular, Apple has long been an industry leader in cutting-edge electronic healthcare solutions and has invested its considerable expertise and creativity in developing such systems and bringing them to the public. These include numerous critical, groundbreaking ECG technologies provided by the Apple Watch and watchOS. Some of those technological breakthroughs are claimed in the Patents-in-Suit, which are: U.S. Patent Nos. 10,076,257; 10,270,898; 10,866,619; and 10,568,533 (collectively, the "Patents-in-Suit").

This case is about a far different story involving AliveCor, Inc. ("AliveCor") and its brazen infringement of the Patents-in-Suit. Founded in 2010, AliveCor's business has focused on the sale of portable ECG devices which rely on numerous technologies in Apple's iPhone and/or Watch to provide ECG information to AliveCor's customers. Rather than develop its technology from scratch, however, AliveCor resorted to including the very technology that Apple created and patented. This was no accident: AliveCor has long known of Apple's patented technology, as many of AliveCor's own patents cite to many of Apple's patented innovations.

But AliveCor's business has not been commercially successful and has instead been propped up by funding from private investors. AliveCor has responded to its own failures in the market through opportunistic assertions of its patents against Apple. For example, AliveCor filed a complaint before the International Trade Commission ("Commission"), seeking to stop Apple from importing its products into the United States based on its assertion of patents covering unimportant alleged improvements to ECG devices. Those AliveCor patents have now been declared unpatentable by the Patent Trial and Appeal Board ("PTAB") and the Commission has stayed entry of any order excluding Apple's products from the United States pending the outcome of AliveCor's appeals of the PTAB decisions.

On December 2, 2022, Apple filed the Complaint in this case to set the record straight as to who the real pioneer is and to stop AliveCor's rampant infringement of Apple's intellectual property.

### B. AliveCor's Statement

AliveCor is a leader in the design and development of products that help diagnose and detect heart conditions. AliveCor's mission is to save lives and transform cardiology by delivering intelligent, highly personalized heart data to clinicians and patients anytime, anywhere. In 2012, AliveCor brought to market the first FDA-cleared consumer device (KardiaMobile) capable of monitoring the owner's heart rate and allowing the owner to perform an ECG. AliveCor has developed a suite of other industry leading products, including the KardiaBand, KardiaMobile 6L and KardiaMobile Card, along with a host of software and human-backed services that further AliveCor's mission to make ECGs accessible anytime, anywhere.

AliveCor's designs are protected by its own patents. Those patents were found to be infringed by Apple in a proceeding at the U.S. International Trade Commission ("ITC"). An Administrative Law Judge found in an Initial Determination that Apple's Apple Watches infringe AliveCor's patents and that Apple's infringing watch designs were derived from copying AliveCor's inventions. The full Commission affirmed the violation of Section 337 and issued a Final Determination, which imposed a Limited Exclusion Order (LEO) and a cease-and-desist order on the infringing Apple Watches.

In addition to the ITC action, AliveCor has sued Apple in this district to recover damages it suffered because of Apple's anticompetitive conduct. After misappropriating AliveCor's arrythmia detection technology, Apple used its market power to eliminate competition from third parties offering competing heart rate analysis applications and devices. In particular, Apple updated its watch software to

sabotage the operation of competing heart rate analysis apps, including AliveCor's own Kardia app—potentially endangering the lives of users who relied on them—in order to force all other competing watch-based heart rate analysis applications and devices out of the market.

Apple is using the present action in response to AliveCor's success at the ITC and to deter AliveCor from holding Apple accountable for its anti-competitive behavior. AliveCor denies that Apple is entitled to any relief in this action. AliveCor alleges that it does not infringe any of the Patents-in-Suit and that they are invalid.

### III.     LEGAL ISSUES

This patent infringement case will involve at least the following issues. The Parties reserve the right to amend this identification of issues as this litigation progresses:

- The proper construction of any disputed claim terms of the Patents-in-Suit;
- Whether AliveCor infringes one or more claims of the Patents-in-Suit;
- Whether the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112;
- Whether the asserted claims are patent eligible or otherwise directed to an abstract idea under 35 U.S.C. § 101 et seq.;
- Whether the validity of the asserted claims is supported by secondary considerations of non-obviousness and object indicia;
- Whether Apple is entitled to damages if the patents are found valid and infringed;
- The amount of damages, prejudgment interest, and post-judgment interest recoverable by Apple if AliveCor is found to infringe the Patents-in-Suit;
- Whether Apple is entitled to attorney's fees under 35 U.S.C. § 285;
- Whether Apple is entitled to an injunction, or, in the alternative, an ongoing royalty;
- Whether any other forms of relief are due to Apple;
- Whether AliveCor is entitled to attorney's fees under 35 U.S.C. § 285; and
- Whether AliveCor is entitled to any form of relief and/or damages for any counterclaims asserted in its forthcoming Answer.

### IV. MOTIONS

AliveCor filed a partial motion to dismiss on January 30, 2023. Dkt. No. 23. Apple filed its opposition on February 13, 2023, Dkt. No. 40, and AliveCor filed its reply on February 21, 2022, Dkt. No. 42. A hearing has been set for May 18, 2023 at 2:00 PM. *See* Dkt. No. 31.

The Parties contemplate that they will file a motion for entry of a protective order, the terms of which are currently being negotiated.

### V. AMENDMENT OF PLEADINGS

Each Party reserves the right to move to amend its pleadings as permitted under the Federal Rules of Civil Procedure.

### VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII. DISCLOSURES

The Parties have not yet served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). The Parties will serve initial disclosures on February 28, 2023. The Parties will serve additional disclosures required by the Local Patent Rules according to the schedule in **Exhibit A**, or as otherwise required by the Court.

### VIII. DISCOVERY

#### A. Discovery Taken to Date

The Parties have not yet conducted discovery in the present action.

#### B. Scope of Anticipated Discovery

The Parties recognize that discovery, both written and deposition, in this action may include information in the possession of third parties, including documentation relevant to a finding of infringement. Apple anticipates taking discovery regarding AliveCor's ongoing infringement of the Patents-in-Suit, including technical documentation and financial information relevant to findings of infringement, calculation of damages, and propriety of injunctive relief. Apple anticipates that information

relating to AliveCor's infringement, including indirect infringement, may be in the possession, custody, and control of third parties. Apple further anticipates that the Parties will take discovery as to the conception, reduction to practice, and development of the inventions disclosed in the asserted claims. Apple also anticipates discovery as to the design, development, function, and operation of Apple's patented articles.

AliveCor anticipates that the scope of discovery will encompass evidence relating to AliveCor's invalidity defenses, including, but not limited to, discovery concerning prior art products that were publicly available before the priority date of each of the patents-in-suit. AliveCor anticipates that information relating to any prior art products may be in the possession, custody, and control of third-parties, and requests that the schedule in this case afford AliveCor a reasonable amount of time to obtain this information from third-parties during discovery.

AliveCor also anticipates that the scope of discovery will encompass evidence relating to the conception, reduction to practice, and public use or disclosure of the alleged inventions of the Patents-in-Suit; evidence related to any research and/or development concerning the alleged inventions of the Patents-in-Suit; evidence related to the prosecution of the Patents-in-Suit, including Apple's knowledge of prior art to the Patents-in-Suit, all applications to which the Patents-in-Suit claim priority, and foreign counterparts thereto; evidence related to inequitable conduct during prosecution of the Patents-in-Suit; evidence related to licensing, assignment, and ownership of the Patents-in-Suit, all applications to which the Patents-in-Suit claim priority, and foreign counterparts thereto; evidence related to the funding of Apple's attorney fees and/or expenses to litigate this action by any person or entity that is not a party to this action; evidence related to Apple's pre-suit investigation into AliveCor; evidence relevant to Apple's alleged damages and remedies analysis; and evidence relevant to the facts and legal issues related to any counterclaims AliveCor asserts in its forthcoming Answer.

### C. Limitations or Modifications of the Discovery Rules

#### 1. Apple's Proposal

Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, Apple is limited to seventy (70) hours of deposition of AliveCor fact witnesses, including current and former employees. Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, AliveCor is limited to

seventy (70) hours of deposition of Apple fact witnesses, including current and former employees. The parties shall make reasonable efforts to avoid taking depositions shorter than 2 hours, such as informing the other parties and discussing alternative arrangements if a party expects a deposition to take less than 2 hours. The parties intend to take depositions of expert witnesses and third-party witnesses, which shall not be included in the hour limits above for fact witnesses.

### 2. AliveCor's Proposal

Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, Apple is limited to seventy (70) hours of deposition of AliveCor fact witnesses. Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, AliveCor is limited to seventy (70) hours of deposition of Apple fact witnesses. Deposition time for the 22 unique named inventors of the Patents-In-Suit shall not be included in the hour limits above for fact witnesses, regardless of whether the inventor is a current or former Apple employee. The parties shall make reasonable efforts to avoid taking depositions shorter than 2 hours, such as informing the other parties and discussing alternative arrangements if a party expects a deposition to take less than 2 hours. The parties intend to take depositions of expert witnesses, and third-party witnesses, and the Parties' former employees, which shall not be included in the hour limits above for fact witnesses.

### D. Proposed Discovery Plan

The Parties propose that discovery be completed pursuant to the proposed schedule attached as **Exhibit A**. The Parties agree that discovery should not be conducted in phases or limited to any particular issue. The Parties do not currently have any issues regarding disclosure, discovery, or the preservation of ESI. The Parties will meet and confer regarding ESI and will submit a proposed stipulated ESI discovery protocol.

<u>Subjects of Discovery</u>

The Parties anticipate discovery is necessary as to topics including, but not limited to:

- Technical document regarding the design, structure, and operation of AliveCor's accused products;

- Technical documents regarding the design, structure, and operation of any prior art products; Financial information regarding revenues, costs, and profits incurred by Apple for any products Apple alleges practice a claim of the Patents-In-Suit;
- Financial information regarding revenues, costs, and profits incurred for AliveCor's accused products;
- Information relating to any additional bases for damages; and
- Market-related documents and information relevant.

<u>Privilege</u>

The Parties do not presently have any disputes related to privilege. The Parties will meet and confer regarding privilege logs.

<u>Modification of Discovery Plan</u>

The Parties may modify this Discovery Plan only by written agreement or by order of the Court, and only to the extent that such agreement does not conflict with any other order of the Court.

<u>Identified Discovery Disputes</u>

The Parties do not have any discovery disputes ripe for submission to the Court at this time. To the extent any discovery disputes arise, the Parties will address such disputes in accordance with the governing federal and local rules, and pursuant to any orders issued by the Court.

**IX.   CLASS ACTIONS**

This is not a class action lawsuit.

**X.   RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**XI.   RELIEF**

Apple requests a judgment that AliveCor infringes, directly and indirectly, the Patents-in-Suit. Upon such a finding, Apple requests entry of a permanent injunction enjoining AliveCor from making, offering to sell, selling, using, or importing into the United States, products practicing any of the claims of the Patents-in-Suit, or, in the alternative, an ongoing royalty. Apple also requests an order awarding damages in an amount sufficient to compensate Apple for AliveCor's infringement, including lost profits

or a reasonable royalty, along with prejudgment and post-judgment interest, and reasonable attorneys' fees.

AliveCor requests a declaration that AliveCor does not infringe any of the claims of the Patents-in-Suit, directly or indirectly, and that the Patents-in-Suit are invalid or otherwise unenforceable against AliveCor. As set forth in AliveCor's pending partial motion to dismiss (Dkt. No. 23), AliveCor requests an order dismissing Apple's allegations of indirect infringement. AliveCor also requests a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of reasonable attorneys' fees. AliveCor requests any other relief deemed appropriate by this Court.

## XII. SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties have discussed the selection of an ADR process and have certified that they prefer to discuss ADR selection with the Court at the case management conference. *See* Dkt. Nos. 41.

## XIII. OTHER REFERENCES

The Parties do not believe that special procedures, such as a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

## XIV. NARROWING OF ISSUES

The Parties are not aware of any issues for narrowing at this time. The Parties will continue to meet and confer on any potential future narrowing.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate for an expedited schedule through the procedures set forth by General Order No. 64.

## XVI. SCHEDULING

The Parties propose the schedule set forth in the attached **Exhibit A**.

## XVII. TRIAL

The Parties estimate that trial will last approximately eight to ten days. A jury trial has been demanded on all issues triable by jury.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Apple and AliveCor have filed their respective Certificates of Interested Parties and Entities pursuant to Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1(a).

Apple stated that, other than the named parties, there is no such interest to report.

AliveCor stated that, AliveCor does not have a parent corporation and that OMROM Corp. is a publicly traded company that holds 10% or more of AliveCor's stock.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS

The Parties do not believe that any other matters are appropriate for inclusion in this Joint Case Management Statement.

## XXI. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A. Proposed Modification to Obligations or Deadlines Set Forth in Patent Local Rules

The Parties' proposed schedule is attached as **Exhibit A**.

### B. Scope and Timing of Any Claim Construction Discovery

The Parties' proposed schedule includes a deadline for claim construction discovery. By the date identified in the entered schedule, any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Federal Rules of Civil Procedure 26(A)(2)(B).

### C. Format of the Claim Construction Hearing

The parties propose that the Claim Construction Hearing consist of a 3-hour presentation per this Court's Standing Orders, with 90 minutes allotted to the Plaintiff and 90 minutes allotted to the Defendant.

### D. How the Parties Intend to Educate the Court on the Technology at Issue

The Parties propose educating the Court on the technology at issue through a tutorial in advance of the Claim Construction Hearing. The Parties propose that, per this Court's Standing Orders, that each

side present a 45-minute short summary and explanation of the technology at issue, with Apple presenting first, and AliveCor presenting second.

### E. Non-Binding, Good-Faith Estimate of Damages Range

Apple contends that it is entitled to monetary damages in an amount no less than a reasonable royalty. Apple also seeks an award of attorneys' fees, costs, and expenses, and any other relief the Court may deem just and proper, including injunctive relief.

AliveCor contends that Apple is not entitled to any damages, including any fees, costs, or expenses. AliveCor contends that this case is an exceptional case warranting an award of AliveCor's attorneys' fees, costs, and expenses, and any other relief the Court deems appropriate.

At this early stage, the parties are unable to provide an estimate of the damages range expected for this case. The Parties expect to be able to provide an estimate and explanation after the exchange of any applicable Patent Local Rule 3-8 Damages Contentions and Patent Local Rule 3-9 Responsive Damages Contentions.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 28, 2023 | Respectfully submitted, |
| 3 | KIRKLAND & ELLIS LLP | ALSTON & BIRD LLP |

DATED: February 28, 2023

KIRKLAND & ELLIS LLP

 /s/ Adam Alper
Adam Alper (SBN: 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN: 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500

Michael W. De Vries (SBN: 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Kat Li (*pro hac vice*)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:     (512) 678-9100
Facsimile:      (512) 678-9101

*Attorneys for Plaintiff Apple Inc.*

Respectfully submitted,

ALSTON & BIRD LLP

/s/ Philip C. Ducker
Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone:     (415) 243-1000
Facsimile:      (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

M. Scott Stevens (admitted *pro hac vice*)
J. Ravindra Fernando (admitted *pro hac vice*)
Erin Beaton (admitted *pro hac vice*)
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:     (704) 444-1000
Facsimile:      (704) 444-1111
scott.stevens@alston.com
ravi.fernando@alston.com
erin.beaton@alston.com

*Attorneys for Defendant AliveCor, Inc.*