UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ALIVECOR, INC.,<br><br>    Defendant. | Case No. 22-cv-07608-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Pending before the Court is the partial motion to dismiss, Dkt. No. 23, filed by Defendant AliveCor, Inc. ("AliveCor"). For the reasons discussed below, the Court **DENIES** AliveCor's motion.

## I.    BACKGROUND

Apple filed this action for patent infringement on December 12, 2022. Dkt. No. 1 ("Compl."). In the Complaint, Apple alleges infringement of four patents, all related to electrocardiogram ("EKG") technology and related applications. *See id*. ¶ 3. Plaintiff Apple Inc. ("Apple") is the owner of the asserted patents: U.S. Patent Nos. 10,076,257 ("the '257"); 10,270,898 ("the '898"); 10,866,619 ("the '619"); 10,568,533 ("the '533") (collectively "Asserted Patents"). *See id*. ¶¶ 13, 16, 19, 22. Apple asserts at least claim 1 of the '257 (*id*. ¶ 30); at least claim 1 of the '619 (*id*. ¶ 57); at least claim 1 of the '898 (*id*. ¶ 86); and at least claim 20 of the '533 (*id*. ¶ 119). The '257 is titled "Seamlessly Embedded Heart Rate Monitor." *Id*. ¶ 12. The '898 is titled "Wellness Aggregator." *Id*. ¶ 15. The '619 is titled "Electronic Device Having Sealed Button Biometric Sensing System." *Id*. ¶ 18. The '533 is titled "User Interfaces for Health Monitoring." *Id*. ¶ 21. The accused products are AliveCor's KardiaMobile Card, KardiaMobile, KardiaMobile 6L, Kardia App, KardiaPro (and related products) and Kardia care (and related products) (collectively, "Accused Products"). *Id*., ¶ 24.

1    Apple brings allegations of induced and contributory infringement, as well as direct
2    infringement, for each of the Asserted Patents. Specifically, Apple alleges that the Accused
3    Products read onto claim 1 of the '257. *See id*. ¶¶ 32-37. Apple further alleges that AliveCor
4    induces its customers to infringe by instructing its users to utilize features of the Accused Products
5    "to detect electrical signals using the processor of the devices." *Id*. ¶ 43. Moreover, Apple alleges
6    that the Accused Products and associated applications are specifically made to be used in an
7    infringing way and have no substantial non-infringing use. *See id*. ¶¶ 47, 48. Apple brings claims
8    of direct infringement of the '619 in paragraphs 60-66 of the Complaint, and Apple alleges that
9    AliveCor instructs its customers to use the Accused Products in an infringing manner through
10   marketing and other promotional materials. *See id*. ¶ 72. Apple accuses AliveCor of contributory
11   infringement with regard to the '619 on a theory similar to that advanced as to the '257. *See id*. ¶¶
12   76-77. The Complaint follows the same pattern for the '898 patent, laying out element-by-
13   element allegations of direct infringement with respect to claim 1 (*see id*. ¶¶ 88-99); alleging
14   inducement of infringement in the form of marketing and other promotional materials that provide
15   instructions to use the Accused Products in an infringing way (*see id*. ¶¶ 105, 106); and
16   contributory infringement because the Accused Products have no substantial non-infringing uses
17   and are made to be used in an infringing way (*see id*. ¶¶ 109, 110). Finally, Apple similarly
18   alleges direct infringement of the '533 (*see id*. ¶¶ 121-128); inducement of infringement via
19   instructional materials (*see id*. ¶¶ 134, 135); and contributory infringement on the ground that the
20   Accused Products have no substantial non-infringing use and are made in such a way that they
21   will infringe (*see id*. ¶¶ 138, 139).

22   In view of these facts, Plaintiff seeks damages, injunctive relief, and attorneys' fees based
23   on a finding that this case is "exceptional." *Id*. ¶ 145. Defendant filed this partial motion to
24   dismiss only Plaintiff's claims for indirect infringement on January 30, 2023. *See* Dkt. No. 23
25   ("Mot.").

26   **II.    LEGAL STANDARD**
27   At the outset, the parties do not dispute the appropriate standard for this motion, despite
28   some jousting regarding its application. Rule 8(a) requires that a complaint contain "a short and

2

plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III.   DISCUSSION

### A.   The Knowledge Requirement

A plaintiff must plead plausible facts showing that the defendant "knew of the patent and [knew] that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (internal citations and quotations omitted). The parties acknowledge that courts are split on whether service of a complaint is sufficient to meet the knowledge requirement for indirect infringement claims. *Compare Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1116 (N.D. Cal. 2016) (finding allegations in the complaint sufficiently detailed to sustain an allegation of post-suit indirect infringement) *with Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 648 (N.D. Cal. 2022) (holding that the patentee did not sufficiently plead knowledge of the patent with respect to indirect infringement claim, on the ground that the complaint lacked sufficient detail, while acknowledging that district courts have split on this issue), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May

1    11, 2022). While both willful and indirect infringement require knowledge of the patent, *Sonos*

2    involved a willful infringement claim, which has distinctive pleading requirements. *See Sonos*,

3    591 F. Supp. 3d at 642 (discussing differing views of the requirements for pleading willful

4    infringement).

5          The substantial weight of authority in this District allows a patentee to bring a claim of

6    post-suit infringement on the basis that the alleged infringer received notice of the patent, and

7    therefore had knowledge of it, at least as early as service of the complaint. *See, e.g.*, *Traxcell*

8    *Techs. LLC v. Google LLC*, No. 22-CV-04807-JSC, 2022 WL 17072015, at *6 (N.D. Cal. Nov.

9    17, 2022) (allowing a claim for post-suit indirect infringement); *Bascom Rsch. LLC v. Facebook,*

10   *Inc.*, No. C 12-6293 SI, 2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013) (permitting the plaintiff

11   leave to amend its complaint to add specificity regarding "when and how" the defendants were

12   made aware of the patents-in-suit, but allowing claim for post-suit infringement from the date of

13   the complaint in any event). The Court will follow the reasoning of the majority view, and finds

14   that to the extent that the inquiry hinges on the degree of detail in the complaint, Apple has cleared

15   that hurdle. *See, e.g.*, Dkt. No. 1-15, Ex. 15 to Compl. (instructing users on how to set up the

16   KardiaMobile 6L IFU in such a way as to measure heart rhythms and process that information

17   using the device).

18       **B.**    **Adequacy of Pleading**

19         Defendant argues that the Court should dismiss Plaintiff's indirect infringement claims

20   because they are insufficiently pled.

21           **1.**    **Induced Infringement**

22         Pleading a claim for induced infringement, which cannot be sustained by conclusory

23   allegations alone, requires alleging specific intent. *See In re Bill of Lading Transmission &*

24   *Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (requiring the plaintiff to plead

25   both i) knowing inducement and ii) specific intent to induce infringement); *DSU Med. Corp. v.*

26   *JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (holding that specific intent is an element of an

27   induced infringement claim). Here, Plaintiff plausibly pleads that the promotional and other

28   materials that Defendant distributes with the Accused Products specifically instruct customers to

United States District Court
Northern District of California

1  use those products in an infringing manner. *See, e.g.*, Compl. ¶¶ 43, 72, 105, 134.[1]  Plaintiff's
2  Complaint does not simply parrot the applicable legal standards.  Instead, it describes, element-by-
3  element, why the Accused Products are infringing, and supports its allegations of inducement with
4  citations to materials distributed with them by Defendant.  For purposes of this motion, that is
5  enough.  The Court disagrees with Defendant's contention that Apple pleads only "general
6  allegations" of inducement. *See Bill of Lading*, 681 F.3d at 1340 ("Nothing in *Twombly* or its
7  progeny allows a court to choose among competing inferences as long as there are sufficient facts
8  alleged to render the non-movant's asserted inferences plausible") (internal quotations omitted);
9  *Windy City Innovations*, 193 F. Supp. 3d at 1116 (finding allegations of encouragement to infringe
10 adequate to sustain induced infringement claim); *Software Rsch., Inc. v. Dynatrace LLC*, 316 F.
11 Supp. 3d 1112, 1135 (N.D. Cal. 2018) (finding that "references to public material" may allow "an
12 inference of specific intent").  And this case is unlike *Google LLC v. Princeps Interface Techs.*
13 *LLC*, since there the court dismissed the complaint because the plaintiff made only very general
14 allegations, which the court contrasted with allegations including specific "examples where the
15 accused infringer advertised benefits that can be achieved only through use of the asserted patent."
16 No. 19-cv-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020).

### 2. Contributory Infringement

To adequately plead contributory infringement, a plaintiff must tie the specific infringing components of the allegedly infringing products to an infringing use and, relatedly, plausibly allege that the component has no substantial non-infringing uses.  As stated in *Bill of Lading*:

> Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.

681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal citations and quotations omitted); *see also Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 839 (N.D. Cal. 2021) (finding allegations that

---

[1] Throughout these paragraphs of the Complaint, Plaintiff cites exhibits 15-20, 23-25, 29, and 30. These allegations adequately explain Plaintiff's theory that the exhibits are materials provided by AliveCor to its customers for the purpose of instructing them how to use the accused hardware and related applications in an infringing way.

United States District Court
Northern District of California

allowed the "*inference*" that components of the accused product lacked substantial non-infringing uses sufficient) (emphasis in original); *Software Rsch., Inc.*, 316 F. Supp. 3d at 1136 (finding sufficient allegations that the accused product, "when used in its normal and intended" way, infringes).  Apple alleges as much here.  *See, e.g.*, Compl. ¶ 43; Dkt. No. 1-15, Ex. 15 to Compl.  Moreover, unlike in *Bill of Lading*, Apple has not pled itself out of its contributory infringement claim by alleging substantial non-infringing uses of the Accused Products.  *See* 681 F.3d at 1338 ("For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement") (emphasis in original).  At this stage, the Court makes all inferences in favor of Plaintiff, and whether Apple eventually will be able to prove that the Accused Products have no substantial non-infringing uses is for another day.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's partial motion to dismiss.  The Court **SETS** a Case Management Conference for Tuesday, July 11, 2023 at 2:00 p.m.  The Court **DIRECTS** the parties to file an updated joint case management statement, including any revised proposed schedule, by July 5, 2023.  All counsel shall use the following dial-in information to access the call:

Dial-in: 888-808-6929

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  All attorneys appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the CRD.

**IT IS SO ORDERED.**

Dated:   6/20/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge