Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
ALSTON & BIRD, LLP
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

*Attorneys for Defendant AliveCor, Inc.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 4:22-cv-07608-HSG |
| Plaintiff, | **ALIVECOR, INC.'S ANSWER TO APPLE INC'S COMPLAINT, DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| ALIVECOR, INC., | |
| Defendant. | |

Defendant AliveCor, Inc. ("AliveCor") responds to Plaintiff Apple Inc.'s ("Apple") Complaint as follows:

Each numbered Paragraph below responds to the same numbered Paragraph in the Complaint. Any allegation AliveCor does not expressly admit is denied.

## COMPLAINT[1]

1.      AliveCor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2.      AliveCor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.      AliveCor admits that the Complaint purports to bring a claim for patent infringement of U.S. Patent Nos. 10,076,257 (the "'257 Patent"); 10,866,619 (the "'619 Patent"); 10,270,898 (the "'898 Patent"); and 10,568,533 (the "'533 Patent"); but denies that AliveCor has infringed any of the patents-in-suit and denies that the patents-in-suit are valid and enforceable. AliveCor further denies that the patents-in-suit constitute innovative improvements or advancements over the prior art. Except as expressly admitted, AliveCor denies any remaining averments or allegations of Paragraph 3.

4.      AliveCor admits that its business focuses on cardiovascular care technology, including the delivery of intelligent, highly-personalized heart data to clinicians and patients anytime, anywhere. AliveCor further admits that AliveCor sells portable ECG devices that provide ECG information but denies that AliveCor did not develop its own technology. Except as expressly admitted, AliveCor denies any remaining averments or allegations of Paragraph 4.

5.      AliveCor admits that AliveCor filed a complaint before the International Trade Commission on April 20, 2021.[2] AliveCor further admits that an Administrative Law Judge issued an Initial Determination in the 1266 Investigation on June 27, 2022, finding Apple in violation of Section 337. AliveCor further admits that Apple brought this suit against AliveCor in retaliation after

---

[1]  For ease of reference, AliveCor incorporates the outline headings used in Apple's Complaint. To the extent such headings make factual allegations, AliveCor does not adopt or admit such statement and instead denies them.

[2]  *In re Certain Wearable Elec. Devices with ECG Functionality and Components* Thereof, Inv. No. 337-TA-1266 (USITC). AliveCor also admits that AliveCor initiated a district court suit against Apple, which is currently stayed. *AliveCor, Inc. v. Apple Inc.*, C.A. No. 6:20-cv-1112 (W.D. Tex. 2021).

the Administrative Law Judge found that Apple infringed AliveCor's patents. Except as expressly admitted, AliveCor denies any remaining averments or allegations of Paragraph 5.

## **NATURE OF THE CASE**

6.      AliveCor admits that the Complaint purports to bring claims for patent infringement arising under laws of the United States, 35 U.S.C. § 1, *et seq*, but denies that AliveCor has infringed any of the patents-in-suit. AliveCor further denies that it has committed or continues to commit any of the wrongdoing alleged in the Complaint in this or any judicial district and denies that Apple is entitled to any relief whatsoever. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 6.

## **PARTIES**

7.      AliveCor admits that Apple is a California company with its principal place of business at One Apple Park Way, Cupertino, CA 95401. AliveCor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore denies them.

8.      AliveCor admits that AliveCor is a company organized and exiting under the laws of Delaware. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 8.

## **JURISDICTION AND VENUE**

9.      AliveCor admits that the Complaint purports to bring a civil action asserting claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. AliveCor does not deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) but denies that Apple is entitled to any relief whatsoever. AliveCor denies that it has committed or continues to commit any wrongdoing alleged in the Complaint in this or any judicial district. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 9.

10.      AliveCor admits, for the purposes of this action only, that this Court has personal jurisdiction over AliveCor. AliveCor admits that it conducts business in this District but denies that it has committed or continues to commit any acts that infringe any claim of the patents-in-suit in this judicial district or any other district in the United States. Except as expressly admitted, AliveCor further denies any remaining allegations of Paragraph 10.

11.     AliveCor does not dispute that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of this particular action only. AliveCor denies that it has committed or continues to commit any of the wrongdoing alleged in the Complaint in this or any judicial district. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 11.

## APPLE'S PATENTED TECHNOLOGIES

### The '257 Patent

12.     AliveCor admits that what appears to be a copy of U.S. Patent No. 10,076,257 (the "'257 Patent") titled "Seamlessly Embedded Heart Rate Monitor" is attached as Exhibit 7 to the Complaint. AliveCor admits that on its face, the '257 Patent bears an issue date of September 18, 2018, and appears to have issued from U.S. Patent Application Serial No. 14/136,658 filed on December 20, 2013.

13.     AliveCor admits that what appears to be a copy of a patent assignment to Apple is attached as Exhibit 8 to the Complaint. AliveCor lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 13, and therefore denies them.

14.     Denied.

### The '898 Patent

15.     AliveCor admits that what appears to be a copy of U.S. Patent No. 10,270,898 (the "'898 Patent") titled "Wellness Aggregator" is attached as Exhibit 9 to the Complaint. AliveCor admits that on its face, the '898 Patent bears an issue date of April 23, 2019, and appears to have issued from U.S. Patent Application Serial No. 14/599,424 filed on January 16, 2015.

16.     AliveCor admits that what appears to be a copy of a patent assignment to Apple is attached as Exhibit 10 to the Complaint. AliveCor lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 16, and therefore denies them.

17.     Denied.

### The '619 Patent

18.     AliveCor admits that what appears to be a copy of U.S. Patent No. 10,866,619 (the "'619 Patent") titled "Electronic Device Having Sealed Button Biometric Sensing System" is attached as Exhibit 11 to the Complaint. AliveCor admits that on its face, the '619 Patent bears an

- 3 -

issue date of December 15, 2020, and appears to have issued from U.S. Patent Application Serial No. 15/627,336 filed on June 19, 2017.

19.     AliveCor admits that what appears to be a copy of a patent assignment to Apple is attached as Exhibit 12 to the Complaint. AliveCor lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 19, and therefore denies them.

20.     Denied.

### The '533 Patent

21.     AliveCor admits that what appears to be a copy of U.S. Patent No. 10,568,533 (the "'533 Patent") titled "User Interfaces for Health Monitoring" is attached as Exhibit 13 to the Complaint. AliveCor admits that on its face, the '533 Patent bears an issue date of February 25, 2020 and appears to have issued from U.S. Patent Application Serial No. 16/143,959 filed on September 27, 2018.

22.     AliveCor admits that what appears to be a copy of a patent assignment to Apple is attached as Exhibit 14 to the Complaint. AliveCor lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 22, and therefore denies them.

23.     Denied.

### ACCUSED PRODUCTS

24.     AliveCor admits that Apple purports to accuse AliveCor's KardiaMobile Card, KardiaMobile, KardiaMobile 6L, Kardia App, Kardia Pro, and KardiaCare products (collectively, the "Accused Products"). AliveCor denies that it has committed or continues to commit any wrongdoing alleged in the Complaint in this or any judicial district. AliveCor further denies the remaining allegations of Paragraph 24.

### FIRST CAUSE OF ACTION

### [Alleged] Infringement of the '257 Patent by AliveCor

25.     AliveCor incorporates the foregoing paragraphs of this Answer as if set forth fully herein.

26.     AliveCor admits the '257 Patent is titled "Seamlessly Embedded Heart Rate Monitor." To the extent Paragraph 26 states a legal conclusion, no response is required. Except as expressly

- 4 -

admitted and to the extent a response is required, AliveCor denies any remaining allegations of Paragraph 26.

27.     Denied.

28.     AliveCor admits that AliveCor makes, uses, sells, offers for sale, and/or imports AliveCor's KardiaMobile Card, KardiaMobile, KardiaMobile 6L, Kardia App, Kardia Pro, and KardiaCare products in the United States. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 28.

29.     Denied.

30.     AliveCor admits that Paragraph 30 purports to recite Claim 1 of the '257 Patent.

31.     Denied.

32.     AliveCor admits that Paragraph 32 includes excerpts from and citations to https://www.kardia.com/assets/old/ifus/kardiamobile6l/19LB65.02-en.pdf, https://www.kardia.com/assets/old/ifus/kardiamobile/02LB49.6-en.pdf, and https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf. To the extent the allegations of Paragraph 32 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 32.

33.     AliveCor admits that Paragraph 33 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile6l, https://store.kardia.com/products/kardiamobile, and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 33 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 33.

34.     AliveCor admits that Paragraph 34 includes excerpts from and citations to https://www.kardia.com/assets/old/ifus/kardiamobile6l/19LB65.02-en.pdf, https://www.kardia.com/assets/old/ifus/kardiamobile/02LB49.6-en.pdf, and https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf. To the extent the allegations of Paragraph 34 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 34.

35. AliveCor admits that Paragraph 35 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile6l, https://store.kardia.com/products/kardiamobile, and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 35 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 35.

36. AliveCor admits that Paragraph 36 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile6l, https://store.kardia.com/products/kardiamobile, and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 36 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 36.

37. Denied.

38. To the extent Paragraph 38 states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 38.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. AliveCor admits that Paragraph 43 includes citations to https://www.kardia.com/assets/old/ifus/kardiamobile6l/19LB65.02-en.pdf, https://www.kardia.com/assets/old/ifus/kardiamobile/02LB49.6-en.pdf, https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf, https://alivecor.zendesk.com/hc/en-us/articles/1500000111761, https://alivecor.zendesk.com/hc/en-us/articles/360001941227, https://alivecor.zendesk.com/hc/en-us/articles/1500000113821, https://store.kardia.com/products/kardiamobile6l, https://store.kardia.com/products/kardiamobile, and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 43 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies any remaining allegations of Paragraph 43.

1    44.    Denied.

2    45.    Denied.

3    46.    Denied.

4    47.    Denied.

5    48.    Denied.

6    49.    Denied.

7    50.    Denied.

8    51.    Denied.

9    52.    Denied.

10                    **SECOND CAUSE OF ACTION**

11            **[Alleged] Infringement of the '619 Patent by AliveCor**

12    53.    AliveCor incorporates the foregoing paragraphs of this Answer as if fully set forth

13 herein.

14    54.    Denied.

15    55.    Denied.

16    56.    AliveCor admits that AliveCor makes, uses, sells, offers for sale, and/or imports

17 AliveCor's KardiaMobile Card and the Kardia App in the United States. Except as expressly

18 admitted, AliveCor denies the remaining allegations of Paragraph 56.

19    57.    Denied.

20    58.    AliveCor admits that Paragraph 57 purports to recite Claim 1 of the '619 Patent.

21    59.    Denied.

22    60.    AliveCor admits that Paragraph 60 includes excerpts from and citations to

23 https://store.kardia.com/products/kardiamobile-card and https://www.kardia.com/ifus/kardiamobile-

24 card/21LB01.2.pdf. To the extent the allegations of Paragraph 60 purport to characterize the contents

25 of certain documents, including websites, the document speaks for itself. Except as expressly

26 admitted, AliveCor denies the remaining allegations of Paragraph 60.

27    61.    AliveCor admits that Paragraph 61 includes excerpts from and citations to

28 https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 61

- 7 -

purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 61.

62.     Denied.

63.     AliveCor admits that Paragraph 63 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 63 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 63.

64.     AliveCor admits that Paragraph 64 includes excerpts from and citations to https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf. To the extent the allegations of Paragraph 64 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 64.

65.     Denied.

66.     Denied.

67.     To the extent Paragraph 67 states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 67.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     AliveCor admits that Paragraph 60 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile-card and https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf. To the extent the allegations of Paragraph 60 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 72

73.     Denied.

74.     Denied.

75.     Denied.

- 8 -

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

## **THIRD CAUSE OF ACTION**

### **[Alleged] Infringement of the '898 Patent by AliveCor**

82.     AliveCor incorporates the foregoing paragraphs of this Answer as if fully set forth herein.

83.     To the extent this paragraph states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 83.

84.     Denied.

85.     AliveCor admits that AliveCor makes, uses, sells, offers for sale, and/or imports the KardiaPro service in the United States. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 85.

86.     Denied.

87.     AliveCor admits that Paragraph 87 purports to recite Claim 1 of the '898 Patent.

88.     Denied.

89.     AliveCor admits that Paragraph 89 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf.   To the extent the allegations of Paragraph 89 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 89.

90.     AliveCor admits that Paragraph 90 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf,      https://store.kardia.com/products/kardiamobile6l,      https://store.kardia.com/products/kardiamobile,      and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 90

purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 90.

91.     AliveCor admits that Paragraph 91 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf     and https://www.kardia.com/professional/hcp. To the extent the allegations of Paragraph 91 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 91.

92.     AliveCor admits that Paragraph 92 includes excerpts from and citations to https://clinicians.alivecor.com/our-solution. To the extent the allegations of Paragraph 92 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 92.

93.     AliveCor admits that Paragraph 93 includes excerpts from and citations to https://clinicians.alivecor.com/our-solution     and     https://clinicians.alivecor.com/documents/ AliveCor%20Inpatient%20User%20Guide.pdf. To the extent the allegations of Paragraph 93 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 93.

94.     AliveCor admits that Paragraph 94 includes excerpts from and citations to https://clinicians.alivecor.com/our-solution     and     https://clinicians.alivecor.com/documents/ AliveCor%20Inpatient%20User%20Guide.pdf. To the extent the allegations of Paragraph 94 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 94.

95.     AliveCor admits that Paragraph 95 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf.   To the extent the allegations of Paragraph 95 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 95.

96.     AliveCor admits that Paragraph 96 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf.   To the

extent the allegations of Paragraph 96 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 96.

97. AliveCor admits that Paragraph 97 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf. To the extent the allegations of Paragraph 97 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 97.

98. AliveCor admits that Paragraph 98 includes excerpts from and citations to https://clinicians.alivecor.com/documents/AliveCor%20Inpatient%20User%20Guide.pdf. To the extent the allegations of Paragraph 98 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 98.

99. AliveCor admits that Paragraph 99 includes excerpts from and citations to https://clinicians.alivecor.com/our-solution. To the extent the allegations of Paragraph 99 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 99.

100. To the extent Paragraph 100 states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. AliveCor admits that Paragraph 105 includes excerpts from and citations to https://www.kardia.com/assets/old/ifus/kardiamobile6l/19LB65.02-en.pdf, https://www.kardia.com/assets/old/ifus/kardiamobile/02LB49.6-en.pdf, https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf, https://alivecor.zendesk.com/hc/en-us/articles/1500000111761, https://alivecor.zendesk.com/hc/en-us/articles/360001941227, https://alivecor.zendesk.com/hc/en-us/

articles/1500000113821, https://store.kardia.com/products/kardiamobile6l, https://store.kardia.com/products/kardiamobile, and https://store.kardia.com/products/kardiamobile-card. To the extent the allegations of Paragraph 105 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 105.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

## **FOURTH CAUSE OF ACTION**

### **[Alleged] Infringement of the '533 Patent by AliveCor**

115.   AliveCor incorporates the foregoing paragraphs of this Answer as if set forth here in full.

116.   To the extent Paragraph 116 states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 116.

117.   Denied.

118.   AliveCor admits that AliveCor makes, uses, sells, offers for sale, and/or imports the KardiaMobile Card and the Kardia App in the United States. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 118.

119.   Denied.

120.   AliveCor admits that Paragraph 120 purports to recite claim 20 of the '533 Patent.

121.   Denied.

122.    AliveCor admits that Paragraph 122 includes excerpts from and citations to https://store.kardia.com/products/kardiamobile-card   and   https://alivecor.zendesk.com/hc/en-us/articles/1500000449521-Compatibility. To the extent the allegations of Paragraph 122 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 122.

123.    AliveCor admits that Paragraph 123 purports to include screenshots of the Kardia Mobile App. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 123.

124.    AliveCor admits that Paragraph 124 includes excerpts from and citations to https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf. To the extent the allegations of Paragraph 124 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 124.

125.    AliveCor admits that Paragraph 125 includes citations to https://www.youtube.com/watch?v=eA9pv6TVr-c. To the extent the allegations of Paragraph 125 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 125.

126.    AliveCor admits that Paragraph 126 includes citations to https://www.youtube.com/watch?v=eA9pv6TVr-c. To the extent the allegations of Paragraph 126 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 126.

127.    AliveCor admits that Paragraph 127 includes citations to https://www.youtube.com/watch?v=eA9pv6TVr-c. To the extent the allegations of Paragraph 127 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 127.

128.    AliveCor admits that Paragraph 128 purports to include screenshots of the Kardia Mobile App. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 128.

129.    To the extent Paragraph 129 states a legal conclusion, no response is required. To the extent a response is required, AliveCor denies the allegations of Paragraph 129.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    AliveCor admits that Paragraph 134 includes citations to https://www.kardia.com/ifus/kardiamobile-card/21LB01.2.pdf,    https://store.kardia.com/products/kardiamobile-card,    and https://alivecor.zendesk.com/hc/en-us/articles/1500000111761. To the extent the allegations of Paragraph 134 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, AliveCor denies the remaining allegations of Paragraph 134.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

## ANSWER TO DEMAND FOR JURY TRIAL

144.    This paragraph sets forth Apple's demand for a trial by jury on all issues so triable to which no response is required.

## [APPLE'S] PRAYER FOR RELIEF

145.    To the extent any response is required to any paragraph of Apple's Prayer for Relief, AliveCor denies that Apple is entitled to any of the requested relief and denies any allegations of its

Prayer for Relief. AliveCor further denies each and every allegation in the Complaint to which AliveCor has not specifically responded.

### DEMAND FOR JURY TRIAL

AliveCor respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### ALIVECOR'S AFFIRMATIVE DEFENSES

Upon information and belief, and subject to its responses above, AliveCor alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that AliveCor bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, AliveCor undertakes the burden of proof only as to those defenses that are deemed affirmative as a matter of law. AliveCor expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

AliveCor incorporates by reference the factual background recited *infra* in paragraphs 1 through 145.

### FIRST AFFIRMATIVE DEFENSE

### Non-Infringement

AliveCor does not infringe and has not infringed any of the Asserted Patents directly, indirectly, literally, under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of any of the Asserted Patents.

### SECOND AFFIRMATIVE DEFENSE

### Invalidity

The claims of the Asserted Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the Asserted Claims will be set forth in AliveCor's invalidity contentions, amendments, and proposed amendments thereto.

**THIRD AFFIRMATIVE DEFENSE**

**Statutory Limit on Damages**

Apple's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. For example, Apple is barred by 35 U.S.C. § 287 from recovering damages in this case due to Apple's, Apple's licensees', or Apple's predecessors in interest's failure to mark.

**FOURTH AFFIRMATIVE DEFENSE**

**No Willful Infringement**

Apple is not entitled to enhanced or increased damages for willful infringement, under 35 U.S.C. § 284 or otherwise, because Apple has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Apple has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that AliveCor had actual knowledge of or was willfully blind to the Asserted Patent or AliveCor's alleged infringement.

**FIFTH AFFIRMATIVE DEFENSE**

**No Exceptional Case**

Apple cannot prove that this is an exceptional case justifying award of attorney fees against AliveCor pursuant to 35 U.S.C. § 285.

**SIXTH AFFIRMATIVE DEFENSE**

**Waiver, Estoppel, Acquiescence, Unclean Hands**

Apple's claims are barred, in whole or in part, or their remedies limited, by the doctrines of waiver, implied waiver, estoppel, acquiescence, and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**Prosecution History Estoppel**

Apple's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applications for the Asserted Patents.

**EIGHTH AFFIRMATIVE DEFENSE**

**No Injunctive Relief**

- 16 -

Apple's claims for relief are barred in whole or in part because Apple is not entitled to injunctive relief. Any alleged injury to Apple is not immediate or irreparable and Apple has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### Statutory Limitation

To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Apple's claims involving AliveCor with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## TENTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

Apple's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

### Acts of Others

The claims made in the Complaint are barred, in whole or in part, because AliveCor is not liable for the acts of others over whom it has no control.

## TWELFTH AFFIRMATIVE DEFENSE

### No Causation

Apple's claims against AliveCor are barred because Apple's damages, if any, were not caused by AliveCor.

## THIRTEENTH AFFIRMATIVE DEFENSE

### License, Implied License, Exhaustion

Apple's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to AliveCor by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Patent Misuse**

Apple's claims are barred, in whole or in part, by the defense of patent misuse.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Ensnarement**

Apple's claims against AliveCor are barred, in whole or in part, by the doctrine of ensnarement based on statements and/or amendments made by the applicants during prosecution of the Asserted Patents. To the extent that Apple would allege infringement through the doctrine of equivalents, such an accusation would ensnare prior art and thus would be futile.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Reservation of Defenses**

AliveCor reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Asserted Patents based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that AliveCor has the burden of proving the matter asserted.

## ALIVECOR'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, AliveCor, Inc. ("AliveCor") asserts the following Counterclaims against Plaintiff Apple Inc. ("Plaintiff" or "Apple"):

## PARTIES

1.      AliveCor is a Delaware corporation with a principal place of business at 189 N Barnardo Ave, Suite 100, Mountain View, CA 94043.

2.      Upon information and belief, and based on Apple's allegations in its Complaint, Apple is organized under the laws of California, having its principal place of business at One Apple Park Way, Cupertino, CA 95014.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, Title 35 United States Code, and the Sherman Act, Title 15 United States Code.

4.      The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1337, 1338, 1367, and 2201–02.

5.      This Court has personal jurisdiction over Apple, as Apple consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Apple has consented to venue in this Court by bringing this action against AliveCor, and thus venue for AliveCor's counterclaims is proper in this district, although a different venue may be more convenient.

7.      Apple has filed suit in this Court against AliveCor for alleged infringement of one or more claims of each of the Asserted Patents in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.* between Apple, on the one hand, and AliveCor, on the other, concerning the alleged infringement by AliveCor of the Asserted Patents.

8.      AliveCor denies that it directly or indirectly infringes any valid and enforceable claim of the Asserted Patents. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Asserted Patents.

## FIRST COUNTERCLAIM

### Declaration of Non-Infringement of the '257 Patent

9.      AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

10.     Apple alleges that AliveCor has infringed and continues to infringe at least claim 1 of the '257 Patent under 35 U.S.C. § 271(a).

11.     AliveCor denies that it infringes any valid claim of the '257 Patent.

12.     AliveCor does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '257 Patent, including but not limited to claim 1, at least because AliveCor does not make, use, sell, or offer to sell, any product, platform, or service that includes the following exemplary limitations: "a first lead comprising a first pad that is embedded in a first portion of the enclosure, wherein an exterior surface of the enclosure comprises an exterior surface of the first portion, wherein the first pad is positioned underneath the exterior surface of the first portion, and wherein the first pad is configured to detect a first electrical signal of the user's cardiac signal via the user's skin's contact with the exterior surface of the first portion of the enclosure" and "a second lead comprising a second pad that is embedded in a second portion of the enclosure, wherein the second pad is configured to detect a second electrical signal of the user's cardiac signal via the user's skin's contact with at least one of the second pad and the second portion of the enclosure."

13.     For these, and other reasons to be established through discovery, AliveCor denies that it infringes any valid claim of the '257 Patent.

14.     There is an actual and justiciable controversy between Apple and AliveCor arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Apple's allegations that AliveCor infringes the '257 Patent.

- 20 -

15.     AliveCor is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '257 Patent.

16.     Absent a declaration that AliveCor does not infringe the '257 Patent, Apple will continue to wrongfully assert the '257 Patent against AliveCor and thereby cause AliveCor irreparable harm and injury.

## SECOND COUNTERCLAIM

### Declaration of Non-Infringement of the '619 Patent

17.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

18.     Apple alleges that AliveCor has infringed and continues to infringe at least claim 1 of the '619 Patent under 35 U.S.C. § 271(a).

19.     AliveCor denies that it infringes any valid claim of the '619 Patent.

20.     AliveCor does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '619 Patent, including but not limited to claim 1, at least because AliveCor does not make, use, sell, or offer to sell, any product, platform, or service that includes the following exemplary limitations: "a button assembly within the opening, the button assembly comprising: an input member having an input surface; and a biometric sensor positioned below the input member and configured to produce an output signal in response to a touch on the input surface, the output signal corresponding to a biometric characteristic" and "a flexible conduit coupled to the biometric sensor and configured to transmit the output signal to the processor; wherein: a portion of the flexible conduit is sandwiched between the seal and the sealing surface or between the seal and the enclosure."

21.     For these, and other reasons to be established through discovery, AliveCor denies that it infringes any valid claim of the '619 Patent.

22.     There is an actual and justiciable controversy between Apple and AliveCor arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Apple's allegations that AliveCor infringes the '619 Patent.

23.     AliveCor is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '619 Patent.

24.     Absent a declaration that AliveCor does not infringe the '619 Patent, Apple will continue to wrongfully assert the '619 Patent against AliveCor and thereby cause AliveCor irreparable harm and injury.

### THIRD COUNTERCLAIM

**Declaration of Non-Infringement of the '898 Patent**

25.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

26.     Apple alleges that AliveCor has infringed and continues to infringe at least claim 1 of the '898 Patent under 35 U.S.C. § 271(a).

27.     AliveCor denies that it infringes any valid claim of the '898 Patent.

28.     AliveCor does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '898 Patent, including but not limited to claim 1, at least because AliveCor does not make, use, sell, or offer to sell, any product, platform, or service that includes the following exemplary limitations: "receive information identifying a plurality of approved sources of wellness data, wherein the plurality of approved sources comprise an electronic device or software application" and "receive information identifying a plurality of approved destinations of wellness data, wherein the plurality of approved destinations comprise an electronic device or software application."

29.     For these, and other reasons to be established through discovery, AliveCor denies that it infringes any valid claim of the '898 Patent.

30.     There is an actual and justiciable controversy between Apple and AliveCor arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Apple's allegations that AliveCor infringes the '898 Patent.

31.     AliveCor is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '898 Patent.

32.     Absent a declaration that AliveCor does not infringe the '898 Patent, Apple will continue to wrongfully assert the '898 Patent against AliveCor and thereby cause AliveCor irreparable harm and injury.

## FOURTH COUNTERCLAIM

### Declaration of Non-Infringement of the '533 Patent

33.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

34.     Apple alleges that AliveCor has infringed and continues to infringe at least claim 20 of the '533 Patent under 35 U.S.C. § 271(a).

35.     AliveCor denies that it infringes any valid claim of the '533 Patent.

36.     AliveCor does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '533 Patent, including but not limited to claim 1, at least because AliveCor does not make, use, sell, or offer to sell, any product, platform, or service that includes the following exemplary limitations: "a second user interface that is different from the first user interface" and "in response to detecting that the first criteria are no longer met for a first period of time, resetting the indication of progress in recording the biometric information and maintaining display of the second user interface."

37.     For these, and other reasons to be established through discovery, AliveCor denies that it infringes any valid claim of the '533 Patent.

38.     There is an actual and justiciable controversy between Apple and AliveCor arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Apple's allegations that AliveCor infringes the '533 Patent.

39.     AliveCor is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '533 Patent.

40.     Absent a declaration that AliveCor does not infringe the '533 Patent, Apple will continue to wrongfully assert the '533 Patent against AliveCor and thereby cause AliveCor irreparable harm and injury.

## FIFTH COUNTERCLAIM

### Declaration of Invalidity of the '257 Patent

41.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

42.     An actual case or controversy exists between AliveCor and Apple as to whether the '257 Patent is invalid.

43.     Each claim of the '257 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

44.     A judicial declaration is necessary and appropriate so that AliveCor may ascertain its rights as to whether the '257 Patent is invalid.

## SIXTH COUNTERCLAIM

### Declaration of Invalidity of the '619 Patent

45.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

46.     An actual case or controversy exists between AliveCor and Apple as to whether the '619 Patent is invalid.

47.     Each claim of the '619 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

48.     A judicial declaration is necessary and appropriate so that AliveCor may ascertain its rights as to whether the '619 Patent is invalid.

## SEVENTH COUNTERCLAIM

### Declaration of Invalidity of the '898 Patent

49.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

50.     An actual case or controversy exists between AliveCor and Apple as to whether the '898 Patent is invalid.

51.     Each claim of the '898 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.     A judicial declaration is necessary and appropriate so that AliveCor may ascertain its rights as to whether the '898 Patent is invalid.

## EIGHTH COUNTERCLAIM

### Declaration of Invalidity of the '533 Patent

53.     AliveCor re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

54.     An actual case or controversy exists between AliveCor and Apple as to whether the '533 Patent is invalid.

55.     Each claim of the '533 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

56.     A judicial declaration is necessary and appropriate so that AliveCor may ascertain its rights as to whether the '533 Patent is invalid.

## PRAYER FOR RELIEF

57.     WHEREFORE, AliveCor respectfully requests the following relief:

    i.      a judgment dismissing Apple's Complaint against AliveCor with prejudice;

    ii.     a judgment in favor of AliveCor on all of its Defenses;

    iii.    a judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Apple;

- 25 -

iv.    a judgment in favor of AliveCor on its Counterclaims

v.    a judgment that AliveCor has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of any of the Asserted Patents;

vi.    a judgment declaring that each of the Asserted Patents is invalid;

vii.    a judgment that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that AliveCor is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

viii.    an award to AliveCor of its fees and expenses of litigation, including but not limited to attorneys' fees and costs;

ix.    a judgment limiting or barring Apple's ability to enforce the Asserted Patents in equity;

x.    such other further relief as this Court may deem just and proper.

**ALSTON & BIRD LLP**

Dated: July 5, 2023                    BY:   */s/ Philip C. Ducker*

Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:     (650) 838-2000
Facsimile:     (650) 838-2000
phil.ducker@alston.com
katherine.rubschlager@alston.com

M. Scott Stevens (admitted *pro hac vice*)
J. Ravindra Fernando (admitted *pro hac vice*)
Erin Beaton (admitted *pro hac vice*)
1120 South Tryon Street
Suite 300
Charlotte, NC 28203-6818
Telephone:     (704) 444-1000
Facsimile:     (704) 444-1111
scott.stevens@alston.com
ravi.fernando@alston.com
erin.beaton@alston.com

*Attorneys for Defendant AliveCor, Inc.*

AliveCor's Answer, Defenses, and Counterclaims
Case No. 4:22-cv-07608-HSG