| | |
|---|---|
| Adam Alper (SBN: 196834) | Philip C. Ducker (SBN: 262644) |
| adam.alper@kirkland.com | phil.ducker@alston.com |
| Akshay S. Deoras (SBN: 301962) | Katherine G. Rubschlager (SBN: 328100) |
| akshay.deoras@kirkland.com | Katherine.rubschlager@alston.com |
| KIRKLAND & ELLIS LLP | ALSTON & BIRD, LLP |
| 555 California Street | 560 Mission Street, Suite 2100 |
| San Francisco, CA 94104 | San Francisco, CA 94105 |
| Telephone: (415) 439-1400 | Telephone: (415) 243-1000 |
| Facsimile: (415) 439-1500 | Facsimile: (415) 243-1001 |

Michael W. De Vries (SBN: 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant AliveCor, Inc.*

Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Kat Li (*pro hac vice*)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., | CASE NO. 22-CV-07608-HSG |
| Plaintiff, | **STIPULATION AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| ALIVECOR, INC. | |
| Defendant. | |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

## I. MODIFICATIONS

2. This Order may be modified at the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

## II. COSTS

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

## III. ESI REQUESTS

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").

6. To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth below.

10. Each party may limit its email production to a total of five (5) custodians per party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five (5) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

IV.     **FORMAT FOR PRODUCTION OF DOCUMENTS**

   A.     **Documents Existing in Electronic Format**

12. Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in accordance with the following:

- **Images** – all documents (except those designated to be produced in native below) will be produced as single-page, Group IV, 300 DPI TIFF (black & white) images or single-page .JPG (for color images where reasonably requested); along with an .OPT image cross-reference file.
- **Natives** – non-privileged (or redacted native) audio files, video files, and spreadsheets will be produced in native format. Native files will be named after their bates number and a bates-stamped single placeholder TIFF saying "Document Produced in Native Format" that also indicates the confidentiality treatment of the record will be produced for each native record.
    - The parties may use an industry standard native redaction tool for native redactions.
- **Text** - Document-level extracted text files or OCR text files for redacted records or hard copy records will be provided.
- **Data** - a standard delimited .DAT file containing paths for the native files and document-level text files, and the fields listed in Exhibit A.

The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

(i) **Production Media and Encryption.** Unless otherwise agreed, the parties shall provide document productions in the following manner: the producing party shall provide the production data via SFTP, or if data volume does not allow electronic transfer, via encrypted USB hard drive. The producing party shall encrypt the production data using minimum 128-bit hardware or software encryption, and the producing party shall forward the password to decrypt the production data separately from the production media.

B. **Hardcopy or Paper Documents**
- All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above except that their database load file should contain the following fields to the extent captured at the time of collection:
    - Production Bates Begin
    - Production Bates End
    - Production Bates Begin Attachment
    - Production Bates End Attachment
    - Pages

- o Custodian
- o Confidentiality
- o Redacted

The parties will make reasonable best efforts to ensure that hard copy documents are logically unitized when scanned.

## V. SOURCE CODE

13. This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

## VI. DE-DUPLICATION

14. The parties agree that de-duplication of documents may be performed globally across the entire ESI collection (based on MD5 or SHA-256 hash values at the parent level). A list of all document custodians who were in possession of the document, including those whose copy of the document was removed during deduplication, should be placed in the "All Custodians" field, with each entry separated by a semi-colon (;) character, as set forth in Exhibit A. Hard copy documents shall not be eliminated as duplicates of responsive ESI.

## VII. EMBEDDED OBJECTS

15. Substantive embedded objects or files (e.g., Excel spreadsheets, Word documents, audio and video files, etc.), shall be extracted, searched and produced consistent with other ESI, if specifically requested by a Party. The Parties reserve the right to object to requests for embedded objections or files on the basis that such a request is overly burdensome or disproportionate to the needs of the case. Non-substantive embedded files (e.g., MS Office embedded images, email in-line images, logos, etc.), shall not be extracted. All extracted embedded files produced shall be produced subject to the same requirements set forth in this Stipulation. For production purposes, embedded files shall be identified as attachments to the parent document in which the file was embedded, and load files for such embedded files shall refer to the parent document in which the file was embedded.

## VIII. DATABASES OR STRUCTURED DATA

16. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Discoverable Information that is stored in a database (e.g., structured data) will be produced in reasonably usable standard report export formats available in the ordinary course of business. Upon review of the exported report(s), the Requesting Party may, on a showing of particularized need, request from the Producing Party additional information to explain any codes, abbreviations, or other information necessary to ensure the report is reasonably usable. In the event of such a request, the Parties will meet and confer regarding the most reasonable means to provide the information requested.

17. The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

## IX. REQUESTS FOR HI-RESOLUTION OR COLOR DOCUMENTS

18. The parties agree to accommodate reasonable and specific requests for the production of higher resolution or color images to the extent that the requesting Party demonstrates that the loss of the color detracts from the ability to understand the meaning or content of the document. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing, or scope.

## X. FOREIGN LANGUAGE DOCUMENTS.

19. All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

## XI. DOCUMENT PRESERVATION

20. The parties agree to take reasonable and proportional steps to retain and preserve ESI in accordance with their discovery obligations, subject to the limitations in the Joint Case Management Statement. *See* Dkt. 43. The parties confirm that they have implemented respective litigation holds in this litigation. The parties agree that they need not produce "litigation hold" communications provided to employees, or disclose the dates, contents, and/or recipients of such communications. At this time, the parties do not anticipate the need for judicial intervention regarding the duty to preserve, the scope, or the method(s) of preserving ESI.

**21.  Not Reasonably Accessible ESI.**

The parties agree that the needs of this case do not warrant the preservation, review or production of ESI that is not reasonably accessible if, and only to the extent that, the party in possession of that ESI believes in good faith that ESI is unlikely to contain significant relevant information not otherwise available in reasonably accessible sources. For purposes of this paragraph, the parties agree that the following sources of ESI are not reasonably accessible:

a. Backup tapes and systems created for the sole purpose of disaster recovery

b. Voicemail, except for voicemail that is converted to text and forwarded to the recipient's email account

c. Instant Messaging, except for instant messaging that has been logged in a server during the ordinary course of business

d. Legacy data remaining from systems no longer in use that is unintelligible on the systems in use

e. Residual, deleted, fragmented, overwritten, slack, damaged, or temporary data (e.g., data stored in a computer's RAM) only accessible by forensics

f. Online access data such as temporary internet files, history, cache, cookies, and the like

g. Encrypted data/password protected files, where the key or password cannot be ascertained absent extraordinary efforts

h. Corrupted data or otherwise inaccessible files that cannot be recovered by the systems currently in use

  i. Automatically saved versions of documents and/or data in metadata fields that are frequently updated automatically, such as last-opened dates

  j. Server, system, or network logs

  k. System and program files defined on the NIST list; and

  l. Data stored on photocopiers, scanners, and fax machines.

22. Where a responding party contends it has or may have any additional sources of potentially responsive ESI that is not reasonably accessible because of undue burden or cost, and therefore need not be provided pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties shall promptly confer in order to (1) reach an agreement as to how they will proceed with respect to such allegedly inaccessible ESI, or, if the parties cannot reach an agreement after conferring, (2) notify the Court that the parties have a dispute regarding ESI alleged to be inaccessible.  Where an assertion or objection of burden and cost is made, the parties agree to meet and confer to discuss the possibility of cost sharing prior to submitting the matter for resolution by the Court.

## XII. TECHNOLOGY ASSISTED REVIEW

23. Nothing in this Order prevents the parties from the use of technology assisted review, advanced analytics, and/or other techniques insofar as their use improves the efficacy of discovery.  Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

## XIII. 502(D) ORDER

24. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work product protected documents or data is not a waiver in the pending case or in any other federal or state proceeding, in any federal court-mandated arbitration proceeding, or in any foreign proceeding.  This provision constitutes an Order under Federal Rule of Evidence 502(d).  This Order is not intended to govern any provisions which are separately addressed in a Protective Order.  The mere production of documents or data in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.  Further, performing keyword searches as a privilege screen prior to production of documents constitutes "reasonable steps to prevent disclosure" as that term is used in Federal Rule of Evidence 502(b).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: September 22, 2023          /s/ Akshay S. Deoras
_____
                                  Counsel for Plaintiff

Dated: September 22, 2023          /s/ Philip C. Ducker
_____
                                  Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 10/18/2023

_____
UNITED STATES DISTRICT JUDGE

HAYWOOD S. GILLIAM, JR.

STIPULATION AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION    8    Case No. 22-CV-07608-HSG