Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
ALSTON & BIRD, LLP
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

*Attorneys for Defendant AliveCor, Inc.*

*Additional counsel on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ALIVECOR, INC.,<br><br>    Defendant. | Case No. 4:22-cv-07608-HSG<br><br>**ALIVECOR, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: Thursday, January 18th, 2024<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Thursday, January 18th, 2024, or as soon thereafter as the matter may be heard, in Courtroom 2 – 4th Floor of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, A 04612, before the Honorable Haywood S. Gilliam, Jr., Defendant AliveCor, Inc. ("AliveCor" or "Defendant") by its attorneys Alston & Bird LLP, will move and hereby does move, to stay all causes of action pending the requested *inter partes* review of the asserted patents, whether by denial of institution or final resolution (if instituted).

AliveCor's Motion to Stay is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities filed concurrently herewith, as well as the papers, pleadings, and other documents on file in this action, matters properly subject to judicial notice, and such other further oral or documentary evidence as may be presented at or before the hearing.

**ALSTON & BIRD LLP**

Dated: October 23, 2023    BY: */s/ Philip C. Ducker*

Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

M. Scott Stevens (admitted *pro hac vice*)
J. Ravindra Fernando (admitted *pro hac vice*)
Erin Beaton (admitted *pro hac vice*)
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone:   (704) 444-1000
Facsimile:    (704) 444-1111
scott.stevens@alston.com
ravi.fernando@alston.com
erin.beaton@alston.com

**TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ...................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED......................................................1

III. STATEMENT OF THE RELEVANT FACTS ...........................................................1
   A.  Procedural History ...................................................................................1
   B.  AliveCor's Petitions for *Inter Partes* Review.......................................2

IV. ARGUMENT...........................................................................................................3
   A.  A Stay is Appropriate Given the Relatively Early Stage of the Case ................3
   B.  A Stay Will Simplify the Issues for the Court .......................................4
   C.  A Stay Will Not Unduly Prejudice Apple or Provide a Tactical Advantage to AliveCor..........................................................................6
       1.  There Was No Undue Delay in Filing AliveCor's IPRs and This Motion..................................................................................6
       2.  The IPRs Have Not Yet Been Instituted, but a Stay Will Not Cause Undue Prejudice..................................................................6
       3.  AliveCor and Apple Are Not Direct Competitors ................................7

V.  CONCLUSION........................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Delphix Corp. v. Actifio, Inc.*,
    No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ...................................3

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
    No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) .......................3, 4, 5, 6, 7

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988).............................................................................................3

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
    No. 13-cv-04202-SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014).......................................5, 7

*Finjan, Inc. v. Symantec Corp.*,
    139 F. Supp. 3d 1032 (N.D. Cal. 2015) ...........................................................................3, 4, 7

*Google LLC v. EcoFactor, Inc.*,
    Case No. 21-cv-03220-HSG, 2022 WL 6837715 (N.D. Cal. Oct. 11, 2022) ...........................4

*IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*,
    Case No. 15-cv-03754-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) .......................5, 6

*LELO, Inc. v. Standard Innovation (US) Corp.*,
    No. 13-cv-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014)......................................4

*PersonalWeb Techs., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..............................................................................4, 5

*Pragmatus AV, LLC v. Facebook, Inc.*,
    No. 11-cv-01268-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .................................3, 5

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) ..............................................................................4, 6

## I. INTRODUCTION

This action should be stayed pending resolution of AliveCor's petitions for *inter partes* review ("IPR"). AliveCor has filed four petitions for IPR challenging the patentability of all asserted claims across three of the four patents-at-issue in this case. With respect to the remaining patent-in-suit, AliveCor's petition for *inter partes* review will be filed within ten days—before the date by which Apple's opposition to this motion is due. As shown below, all factors weigh strongly in favor of a stay, and a stay of this litigation will immensely benefit the parties and the Court by simplifying the issues and avoiding the unnecessary expenditure of both court and party resources. Accordingly, AliveCor respectfully requests a stay of this action pending resolution of the IPRs.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether this case should be stayed pending the requested *inter partes* review of the Asserted Patents, whether by denial of institution or final resolution (if instituted).

## III. STATEMENT OF THE RELEVANT FACTS

### A. Procedural History

On December 2, 2022, Apple filed the present action against AliveCor, alleging infringement of U.S. Patent No. 10,076,257 (the "'257 patent"); U.S. Patent No. 10,270,898 (the "'898 patent"); U.S. Patent No. 10,568,533 (the "'533 patent"); and U.S. Patent No. 10,866,619 (the "'619 patent") (collectively, the "Asserted Patents"). AliveCor sought dismissal of certain of Apple's claims by Motion (Dkt. 23), which request was ultimately denied on June 20, 2023, after oral argument (Dkt. 52). On July 5, 2023, AliveCor filed its Answer to the Complaint, where it asserted counterclaims of non-infringement and invalidity (Dkt. 54). Apple filed its Answer to AliveCor's counterclaims on July 26, 2023 (Dkt. 57).

The Initial Case Management Conference took place on July 11, 2023, and the Court issued a scheduling order on July 17, 2023 (Dkt. 56). The Court's scheduling order set dates up until the *Markman* hearing, which is presently scheduled for February 2, 2024. While the parties have engaged in some written discovery and document production and exchanged their initial contentions, no depositions have been taken and no deadlines associated with fact discovery, expert discovery, summary judgment, pre-trial motions, and trial have been set. While the deadline for Claim

Construction Expert Reports is set for November 7, 2023, Apple's opening claim construction brief and AliveCor's responsive claim construction brief are not due until December 20, 2023 and January 5, 2024, respectively (Dkt. 56).

### B. AliveCor's Petitions for *Inter Partes* Review

On June 7, 2023, AliveCor filed the first of its petitions for IPR at the United States Patent and Trademark Office ("USPTO") challenging the patentability of the '619 patent and the '257 patent. On September 27, 2023, AliveCor filed another petition for IPR challenging the patentability of the '898 patent. Below is an overview of each of these IPR petitions and their status:

1. The first, petition, IPR2023-00948, filed on June 7, 2023, challenges claims 1–10 of the '619 patent. *See* Ex. 1. Apple served its Preliminary Response on October 12, 2023. *See* Ex. 2. The deadline for the USPTO to issue its institution decision is January 12, 2024.

2. The second petition, IPR2023-00949, filed on June 7, 2023, challenges claims 11–20 of the '619 patent. *See* Ex. 3. Apple served its Preliminary Response on October 12, 2023. *See* Ex. 4. The deadline for the USPTO to issue its institution decision is January 12, 2024.

3. The third petition, IPR2023-00950, filed on June 7, 2023, challenges claims 1–22 of the '257 patent. *See* Ex. 5. Apple served its Preliminary Response on October 11, 2023. *See* Ex. 6. The deadline for the USPTO to issue its institution decision is January 11, 2024. A petition filed by third party Masimo Corporation ("Masimo") that challenges all of the claims asserted by Apple against AliveCor was instituted on October 16, 2023. *See* Ex. 7. A final decision in that proceeding is expected on October 16, 2024.

4. The fourth petition, IPR2023-01434, filed on September 27, 2023, challenges claims 1-11, 16, 18, 20-23, 25-34, 41, and 43-45 of the '898 patent. *See* Ex. 8. Apple's Preliminary Response is due January 5, 2024. The USPTO is expected to issue its institution decision on April 5, 2024.

With respect to the '533 patent, AliveCor expects to file its petition for IPR challenging at

least the asserted claims of the '533 patent within 10 days of this motion.

AliveCor's IPR petitions (including its forthcoming petition) challenge the patentability of all currently asserted claims across all four Asserted Patents.

## IV.  ARGUMENT

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015). While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). Indeed, courts in this district have often recognized "a liberal policy in favor of granting motions to stay" pending IPR. *See DSS Tech. Mgmt.*, 2015 WL 1967878, at *2; *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-01268-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision.").

Courts consider three factors in determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *DSS Tech. Mgmt.*, 2015 WL 1967878, at *2. Here, each factor weighs in favor of a stay.

### A.  A Stay is Appropriate Given the Relatively Early Stage of the Case

The first factor weighs in favor of a stay because this case is still in the early stages and a stay would save the parties and the Court significant time and expense associated with continued litigation. In analyzing the first factor, "courts have considered (1) whether parties engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction

order; and (3) whether the court has set a trial date." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (internal citation omitted); *Google LLC v. EcoFactor, Inc.*, Case No. 21-cv-03220-HSG, 2022 WL 6837715, at *2 (N.D. Cal. Oct. 11, 2022). Grant of "[a] stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Finjan*, 139 F. Supp. 3d at 1035 (internal citations and quotations omitted).

This case undoubtedly remains in the initial stages of litigation. This is not a case where a substantial amount of fact discovery has been completed. The parties have exchanged fewer than 700 documents totaling less than 20,000 pages. Although discovery requests have been served and contentions exchanged, "much remains, and the remaining work is costly." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025–27 (N.D. Cal. 2014) (granting Apple's motion to stay even though "a substantial amount of fact discovery ha[d] been completed"). Neither party has taken a single deposition and the parties have not engaged in costly expert discovery or dispositive motion practice. The Court has not issued a claim construction order, briefing has not even begun. Further, the Court has not set any dates beyond claim construction, setting no dates for the close of fact discovery, expert discovery, pre-trial, or trial.

This Court has granted a motion to stay at a similar stage of litigation in *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946 (N.D. Cal. 2019). There, the deadlines for infringement contentions, invalidity contentions, and the exchange of proposed terms for claim construction had passed. *Id.* at 956. Even so, this Court found that the "relatively early stage of [that] litigation" weighed in favor of a stay." *Id.*

For these reasons, this factor strongly supports a stay.

### B. A Stay Will Simplify the Issues for the Court

The second factor weighs in favor of a stay because it is highly likely that the IPR proceedings will simplify the proceedings in this case. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *DSS Tech. Mgmt.*, 2015 WL 1967878, at *3 (quoting *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)). Granting a stay pending IPR is particularly likely to simplify the case "when a party has obtained [USPTO] review of each of the asserted claims in the patents-in-suit."

ALIVECOR'S MOTION TO STAY
4
CASE NO. 4:22-CV-07608-HSG

*Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014) (granting stay following the filing of IPRs against each of the patents-in-suit). The AliveCor IPRs are thus likely to simplify this case (if instituted) because AliveCor has requested review of all twenty-one of the asserted claims in this case and more.[1]

Staying the case pending the outcome of IPRs could simplify the case by rendering some or all of Apple's infringement claims moot, simplifying AliveCor's invalidity arguments at trial, and providing the Court with the USPTO's expert opinion on the claims at issue. *Evolutionary Intelligence*, 2014 WL 261837, at *2. Indeed, even if the PTAB decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs.*, 2014 WL 116340, at *4.

The USPTO has not issued a decision on institution in any of the AliveCor IPRs, but "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus AV*, 2011 WL 4802958, at *2; *see also IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*, Case No. 15-cv-03754-HSG, 2015 WL 7015415, at *3–4 (N.D. Cal. Nov. 12, 2015) (finding this factor weighed in favor of a stay even though institution decision not expected for another two months); *DSS Tech. Mgmt.*, 2015 WL 1967878, at *3 (same). Moreover, with respect to the petitions filed against the '619 patent, Apple's POPR does not contend that institution of the IPR is inappropriate. *See* Ex. 2 at 1–3. Rather, Apple argues the USPTO should institute on only one petition rather than both. *Id.* Thus, institution is highly likely in the case of the asserted claims of the '619 patent. In the case of the '257 patent, the USPTO has already determined that it will review the patentability of the asserted claims in this case based on a petition filed by third party Masimo. In that IPR, Masimo "demonstrated a reasonable likelihood that Petitioner would prevail in showing the unpatentability of at least one of the challenged claims." *See* Ex. 7 at 44. These facts support a stay in this case.

---

[1] While AliveCor has filed IPR petitions seeking review of all of the asserted claims across three of the four Asserted Patents, AliveCor intends to file its final petition seeking review of at least the asserted claims of the remaining patent within the next ten days. Thus, by the time this motion is fully briefed, AliveCor will be seeking review of all presently asserted claims.

Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on claim construction proceedings that could eventually be mooted by the IPR decision. *DSS Tech. Mgmt.*, 2015 WL 7015415, at *4. Accordingly, staying this case pending the USPTO's decision whether to institute IPR will efficiently conserve this Court's resources and is appropriate at this juncture.

This factor weighs in favor of a stay.

### C. A Stay Will Not Unduly Prejudice Apple or Provide a Tactical Advantage to AliveCor

The final factor weighs in favor of a stay because there is no undue prejudice to Apple or a tactical advantage to AliveCor resulting from the stay. "[C]ourts address four considerations when evaluating prejudice: (1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of the review; and (4) the relationship of the parties." *Zomm, LLC v. Apple Inc.*, 391 F. Supp.3d 946, 957 (N.D. Cal. 2019).

#### 1. *There Was No Undue Delay in Filing AliveCor's IPRs and This Motion*

AliveCor timely exercised its statutory rights to seek IPR of the Asserted Patents within the statutory time frame. *See IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*, Case No. 15-cv-03754-HSG, 2015 WL 7015415, at *4 (N.D. Cal. Nov. 12, 2015). AliveCor promptly filed this Motion after filing an IPR on three of the four Asserted Patents and in anticipation of filing its final IPR on the fourth and final Asserted Patent. Thus, there was no delay in filing AliveCor's IPRs or this motion.

#### 2. *The IPRs Have Not Yet Been Instituted, but a Stay Will Not Cause Undue Prejudice*

AliveCor admits that the IPRs have not been instituted at the time of filing this motion.[2] However, this Court has granted stays pending institution decisions. *See, e.g.*, *Zomm*, 391 F. Supp. at 955; *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, Case No. 14-cv-05330-HSG, 2015 WL 1967878, at *3 (N.D. Cal. May 1, 2015) ("[I]t is not uncommon for [courts] to grant stays pending reexamination

---

[2] As noted above, however, the petitions challenging the claims of the '619 Patent are undisputed and the USPTO has already determined that it will review the patentability of all asserted claims of the '257 Patent.

prior to the PTO deciding to reexamine the patent." (quoting *Pragmatus AV*, 2011 WL 4802958, at *2)). "Any concern that the motion[] [is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if [IPR] is not instituted for all of the asserted patents." *Id.* (quoting *Evolutionary Intelligence*, 2014 WL 261837, at *1).

### 3. *AliveCor and Apple Are Not Direct Competitors*

If the parties are not direct competitors, this factor weighs in favor of a stay. *Finjan*, 139 F. Supp. 3d at 1038. Courts have consistently found that when the parties are not competitors, Plaintiff is not at "risk [of] irreparable harm by [Defendant's] continued use of the accused technology and can be fully restored to the status quo ante with monetary relief." *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, Case No. 14-cv-05330-HSG, 2015 WL 1967878, at *3 (N.D. Cal. May 1, 2015).

AliveCor does not currently compete with Apple. AliveCor is a medical device company. AliveCor's mission is "to save lives and transform cardiology by delivering intelligent, highly-personalized heart data to clinicians and patients anytime, anywhere." *See* Ex. 9. AliveCor's products are doctor-recommended solutions that deliver medical grade personal electrocardiograms ("ECG"). Through AliveCor's Kardia Mobile solution, the world's first personal ECG, AliveCor allowed patients, for the first time, to take an FDA cleared ECG anytime, anywhere—and make instant determinations about what that ECG tells a patient about their own heart health. *See* Ex. 10. Apple, on the other hand, is a global technology company known for its iPhone, iPad, Mac and Apple Watch devices. While AliveCor and Apple were competitors, Apple used its market power and control over the Apple Watch OS to eliminate AliveCor as a competitor. Apple's conduct deprived consumers of a choice for heartrate analysis that is better than what Apple can provide and that consumers clearly wanted and needed. Today, Apple cannot plausibly claim that AliveCor's ECG solutions make AliveCor one of Apple's competitors like Samsung or Dell, who manufacture and sell mobile devices and computers, respectively.

Accordingly, in view of the three considerations above, this factor weighs in favor of a stay.

* * *

After weighing all three factors outlined above, a stay is warranted here and will "effectuate[] the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any

claims that should not have issued in the patents-in-suit before costly litigation continues." *Software Rights Archive*, 2013 U.S. Dist. LEXIS 133707, 2013 WL 5225522, at *6.

## V. CONCLUSION

For the foregoing reasons, AliveCor respectfully requests that the Court stay this case pending final resolution of the AliveCor IPRs.

**ALSTON & BIRD LLP**

Dated: October 23, 2023         BY:   */s/ Philip C. Ducker*

Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
560 Mission Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

M. Scott Stevens (admitted *pro hac vice*)
J. Ravindra Fernando (admitted *pro hac vice*)
Erin Beaton (admitted *pro hac vice*)
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111
scott.stevens@alston.com
ravi.fernando@alston.com
erin.beaton@alston.com