Adam Alper (SBN: 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN: 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500

Michael W. De Vries (SBN: 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

Gregory Polins (*pro hac vice*)
greg.polins@kirkland.com
KIRKLAND & ELLIS, LLP
300 N. LaSalle Dr.
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Kat Li (*pro hac vice*)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:     (512) 678-9100
Facsimile:      (512) 678-9101

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIVECOR, INC., <br><br> Defendant. | CASE NO. 22-CV-07608-HSG <br><br> **DECLARATION OF GREGORY POLINS IN SUPPORT OF APPLE'S MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS** <br><br> **PUBLIC VERSION** |

DECLARATION OF GREGORY POLINS ISO APPLE'S MOTION FOR ENTRY OF PROTECTIVE ORDER RE DISCLOSURE AND USE OF DISCOVERY MATERIALS

CASE NO. 22-CV-07608-HSG

I, Gregory Polins, declare as follows:

1. I am over eighteen (18) years old, have personal knowledge of the facts stated herein, and if called upon to do so, could and would testify as follows.

2. I am an attorney licensed to practice law in the State of Illinois and am a partner with the law firm of Kirkland & Ellis LLP, located at 300 N. LaSalle, Chicago, Illinois 60654. I am counsel for Plaintiff Apple, Inc. ("Apple") in this action. I submit this declaration in support of Apple's Motion for Entry of Protective Order Regarding Disclosure and Use of Discovery Materials.

3. A true and correct copy of Apple's proposed Protective Order Regarding Disclosure and Use of Discovery Materials is attached as Exhibit **1**.

4. A true and correct copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is attached as Exhibit **2**.

5. On March 16, 2023, Mr. Karthik Ravishankar, an attorney at Kirkland & Ellis LLP who also represented Apple in the above-styled action, sent counsel for AliveCor an email attaching a draft of the Proposed Order and requesting "any proposed edits or comments by Monday so we can get these on file next week." A true and correct copy of this email is attached hereto as Exhibit **3**.

6. On March 22, 2023, Mr. Phil Ducker, counsel for AliveCor, responded stating "We are reviewing the draft PO and ESI stip, but multiple members of our team are in trial this week. We plan to revert back with comments to you next week." A true and correct copy of this email is attached hereto as Exhibit **3**.

7. On April 3, 2023, Mr. Ravishankar sent counsel for AliveCor another email asking for "AliveCor's proposed edits by the end of the day." A true and correct copy of this email is attached hereto as Exhibit **3**.

8. On April 10, 2023, Mr. Ravishankar sent counsel for AliveCor another email asking AliveCor to "provide any comments or edits prior to the parties' call on Wednesday regarding written discovery." A true and correct copy of this email is attached hereto as Exhibit **3**.

9. On April 26, 2023, Mr. Lindsey Shi, an attorney at Kirkland & Ellis LLP who also represents Apple in the above-styled action, sent counsel for AliveCor an email noting that it had "been

1  nearly 6 weeks since we first sent you the draft PO and ESI agreement.  To date, we have received no
2  substantive response, despite following up with you at least five times, over email and at our meet and
3  confer calls.  You have repeatedly told us to expect edits in a matter of days, but we have yet to receive
4  any.  If you do not provide edits on the documents so that the parties can meaningfully engage by 12 PM
5  PT on April 28, 2023, we will move to have the current versions entered." A true and correct copy of this
6  email is attached hereto as Exhibit **3**.

7  10.  On April 28, 2023, Mr. Ducker responded, promising to "provide feedback to you on the
8  PO next week and … discuss May 10 or May 11 after 11 AM Pacific." A true and correct copy of this
9  email is attached hereto as Exhibit **3**.

10  11.  Counsel for AliveCor did not provide edits to the proposed Protective Order until May 9,
11  2023.  The parties met and conferred regarding the proposed Protective Order on July 6, 2023.

12  12.  Mr. Polins emailed counsel for AliveCor on August 11, 2023 requesting that AliveCor
13  provide its "proposed PO and ESI stipulation by EOD August 14th, and then we can have a final
14  meet/confer on August 16th or 17th of next week, at the same time we discuss the RFPs above.  If there
15  are any disputes remaining, we can exchange final proposals on Monday, August 21st and submit any
16  disputes to the Court shortly thereafter." A true and correct copy of this email is attached hereto as Exhibit
17  **4**.

18  13.  Mr. Polins sent another email on August 16, 2023 requesting that counsel for AliveCor
19  "provide AliveCor's proposed PO and ESI stipulation by the end of today, so that we can have a final
20  meet/confer on August 17th or 18th to discuss those." A true and correct copy of this email is attached
21  hereto as Exhibit **4**.

22  14.  Ms. Rubschlager, counsel for AliveCor, provided AliveCor's proposals for the ESI
23  Stipulation and Protective Order and availability to meet and confer on August 25, 2023.  A true and
24  correct copy of this email is attached hereto as Exhibit **4**.

25  15.  On September 8, 2023, Mr. Polins provided Apple's edits to AliveCor's proposals for the
26  ESI Stipulation and Protective Order.  A true and correct copy of this email is attached hereto as Exhibit
27  **5**.

28

16. On September 18, 2023, Mr. Polins sent another email to counsel for AliveCor requesting "AliveCor's position on the ESI and PO proposals so that we can finalize." A true and correct copy of this email is attached hereto as Exhibit **5**.

17. On September 18, 2023, Ms. Rubschalger, counsel for AliveCor, provided additional edits on the proposed Protective Order. A true and correct copy of this email is attached hereto as Exhibit **5**.

18. On September 25, 2023, Mr. Polins sent an email informing counsel for AliveCor that the parties were at an impasse, that "[w]e intend to move the Court to enter Apple's proposed PO," and requesting that they "let us know ASAP if AliveCor reconsiders its position on the disputed areas of the PO." A true and correct copy of this email is attached hereto as Exhibit **6**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2023, in Chicago, Illinois.

*/s/ Gregory Polins*
Gregory Polins *(pro hac vice)*

KIRKLAND & ELLIS LLP
300 N. LaSalle Dr.
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200