# Exhibit 4

| | |
|---|---|
| **From:** | Rubschlager, Katherine |
| **To:** | Polins, Greg; Ducker, Phil; Apple Alivecor ND CAL |
| **Cc:** | #Apple-Kirkland-AliveCor |
| **Subject:** | RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production |
| **Date:** | Friday, August 25, 2023 12:58:11 PM |
| **Attachments:** | PO Redline_AliveCor edits.docx<br>ESI Redline_AliveCor edits.docx |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Greg,

Your August 11th email demanded that AliveCor produce documents related to infringement, sales, licenses, finances, marketing, and advertising, all of which are covered by Patent Local Rule 3-4. If Apple is seeking other categories of documents, please specifically identify the documents Apple is seeking that do not fall within the local rules or the ESI stipulation.

With respect to the ESI stipulation and protective order, attached are drafts with AliveCor's positions that were discussed on July 6th. Assuming that Apple is prepared to respond to AliveCor's proposals, we are available to meet and confer on Monday between 11-1 PT.

Katherine G. Rubschlager
Associate
**ALSTON & BIRD**
560 Mission St., Suite 2100
San Francisco, CA 94105
+1 415 243 1049 (O)
+1 626 808 8759 (M)
Katherine.Rubschlager@alston.com

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Tuesday, August 22, 2023 1:07 PM
**To:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

**EXTERNAL SENDER – Proceed with caution**

---

Katherine -- Patent Local Rule 3-4 identifies certain documents that should be produced with AliveCor's invalidity contentions, but Apple's requests are not limited to only those documents identified in the Patent Local Rule 3-4. Please confirm that AliveCor will be producing all documents

requested by Apple and not covered by Patent Local Rule 3-4 immediately.  Apple's requests have been outstanding for months, and AliveCor cannot continue to delay by relying on inapplicable local rules.

As we have requested multiple times, please provide drafts of AliveCor's proposed ESI stipulation and PO.  AliveCor has asserted that Apple "has AliveCor's position," but AliveCor has continually changed its position over time by stating it would "consider" Apple's position and then raising additional roadblocks.  If AliveCor believes it has already provide its position to Apple, then it should not be burdensome for AliveCor to send its proposed ESI stipulation and PO to Apple.  Please immediately do so.

As to the confidentiality marking regarding the document you identified, we are looking into it and will respond shortly.

We are available to meet and confer Wednesday (tomorrow) between 12 PM - 5 PM CT and Thursday between 2 PM - 5 PM CT to discuss the ESI stipulation, PO, AliveCor's failure to produce responsive documents, and deposition hours.  Please let us know a time within those windows that works, and we will circulate a dial-in.

Thanks,

**Greg Polins**
-------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
-------------------------------------------------
greg.polins@kirkland.com

---

**From:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>
**Sent:** Wednesday, August 16, 2023 3:54 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

Greg,

AliveCor is not ignoring Apple and your accusations are unwarranted given that AliveCor responded to Apple's initial email within a single business day. Despite AliveCor's prompt response, it took Apple another four days (until Friday 8/11 at 4 PT) to respond.

Your August 11th email does not accurately summarize the parties' meet and confers, nor do you accurately represent the purpose of AliveCor's proposal for a cross-use provision.  Furthermore, the parties agreed to document production deadlines under the patent local rules which were adopted

by the Court at the CMC. Pursuant to that order, Apple did not produce a single document until the Patent L.R. 3-1 and 3-2 deadlines set by the Court's scheduling order. AliveCor will follow suit and produce documents according to the agreed upon scheduling order. *See* Docket No. 56 at 1. Indeed, the documents you prematurely demand now are covered by Patent L.R. 3-4—i.e., technical documents related to infringement, source code, comparable licenses, sales, and other financials. Accordingly, these sorts of documents are not "unrelated" to AliveCor's invalidity contentions as they are explicitly identified as the sorts of documents that should accompany AliveCor's Patent L.R. 3-3 disclosure.  Second, AliveCor proposed a cross-use provision to avoid the burden of searching for and producing documents that had already been produced in the Apple/AliveCor cases, which Apple refused to agree to. Nevertheless, AliveCor's proposal had nothing to do with the timing of the parties' productions.

With respect to AliveCor's positions on the ESI Stipulation and Protective Order, my previous email clearly identified the positions AliveCor provided Apple on the July 6th meet and confer which Apple represented it would follow up on. For sake of clarity, AliveCor's position is that 1) the parties follow the court's default rules regarding e-mail discovery, 2) Apple produce embedded objections separately, if requested by AliveCor, and 3) a two year prosecution bar is agreeable with one year of notice regarding the professional activities of experts. With respect to the data security provision, AliveCor cannot agree to a provision that Apple does not understand. To date, Apple has been unable to articulate what its proposal requires, including when encryption or multi-factor authentication is required. Thus, Apple has our positions and has had them since at least July 6th.

Assuming Apple is prepared to respond to AliveCor's positions on the ESI agreement and the PO, including clearly articulating the metes and bounds of Apple's proposed data security provision so we can adequately meet and confer on the issue, we are available to meet and confer regarding these issues on Monday, August 21 before 12 PM.  Additionally, per the courts instruction at the CMC, please be prepared to meet and confer about the number of deposition hours afforded to each party.

Finally, thank you for your confirmation that Apple has complied with its obligations under L.R. 3-2. However, with respect to Apple's production, can you please explain why the documents regarding Apple's alleged products that practice the patents-in-suit are marked "highly confidential," such as APL-ALV00010450, which appears to a be publicly available document.

Best,

Katherine

Katherine G. Rubschlager
Associate
**ALSTON & BIRD**
560 Mission St., Suite 2100
San Francisco, CA 94105
+1 415 243 1049 (O)
+1 626 808 8759 (M)

Katherine.Rubschlager@alston.com

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Wednesday, August 16, 2023 12:10 PM
**To:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

**EXTERNAL SENDER – Proceed with caution**

---

Katherine -- AliveCor's failure to respond to Apple's correspondence and request to meet and confer is improper.  AliveCor cannot resist producing relevant documents by ignoring Apple.  Please provide AliveCor's proposed PO and ESI stipulation by the end of today, so that we can have a final meet/confer on August 17th or 18th to discuss those and also discuss AliveCor's failure to produce documents responsive to Apple's RFPs.

Regards,

**Greg Polins**
----------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
----------------------------------------------------
greg.polins@kirkland.com

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Friday, August 11, 2023 5:54 PM
**To:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

Katherine -- We did not agree that the parties could withhold <u>all</u> document productions until their respective initial patent disclosures, nor would such an agreement make sense.  Indeed, AliveCor proposed a cross-use provision across the Apple/AliveCor cases as a substitute for responsive document production during those meet and confers, recognizing the parties' obligation to begin producing documents.  We did agree that, for some requests (*e.g.*, source code of accused instrumentalities), AliveCor could hold off producing documents until Apple served its infringement contentions.  But that date has now passed.  AliveCor can no longer withhold responsive documents related to infringement, sales, licenses, finances, marketing, and advertising.  And it certainly does not make sense for AliveCor to withhold production of those documents until it serves its invalidity

contentions—they are unrelated.  Regardless of how this miscommunication happened, please confirm AliveCor will provide documents responsive to Apple's requests for production and provide the majority, if not all, responsive documents by August 18th.  If AliveCor cannot commit to providing responsive documents by August 18th, please provide your availability for a meet and confer on Wednesday or Thursday of next week (August 16th and 17th, respectively).  Given that the parties clearly arrived at different takeaways from the prior meet and confer, AliveCor's position that it need not meet and confer further is not reasonable.

As to the PO and ESI stipulation, AliveCor's attempt to lay blame at the feet of Apple is without merit.  AliveCor continues to identify alleged "problems" with Apple's provision (including a new one identified in this correspondence) or agrees to consider Apple's position, but fails to provide its own position.  The time has come for both parties to provide their final proposals on both the PO and ESI stipulation; if the parties continue to dispute terms, we can ask the Court to resolve the disputes.  We have already provided our proposal.  Please provide AliveCor's proposed PO and ESI stipulation by EOD August 14th, and then we can have a final meet/confer on August 16th or 17th of next week, at the same time we discuss the RFPs above.  If there are any disputes remaining, we can exchange final proposals on Monday, August 21st and submit any disputes to the Court shortly thereafter.

Finally, as to AliveCor's request that Apple confirm it abided by the Local Patent Rules, Apple confirms it has complied with its obligations.

Regards,

**Greg Polins**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
-----------------------------------------------------
greg.polins@kirkland.com