# Exhibit 5

| | |
|---|---|
| **From:** | Rubschlager, Katherine |
| **To:** | Polins, Greg; Ducker, Phil; Apple Alivecor ND CAL |
| **Cc:** | #Apple-Kirkland-AliveCor |
| **Subject:** | RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production |
| **Date:** | Monday, September 18, 2023 6:14:54 PM |
| **Attachments:** | PO REDLINE COMPARISON_A&BRedline.docx |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Greg,

We have reviewed Apple's drafts of the ESI and PO proposals. The ESI stipulation looks good to finalize and file. Please provide us with a final clean copy to review before filing. With respect to the PO, we have reviewed the data security provision and identified language that is agreeable to AliveCor. In addition, it is our position that Section 17 covers the notice provisions Apple is proposing in Section 18 and thus believe that such language is unnecessary in Section 18.

Additionally, can you please provide us with an update on our conversation regarding the number of deposition hours? We are in favor of filing a revised Joint Case Management Statement to apprise the court of any agreement we reach / dispute that remains.

Katherine G. Rubschlager
Associate
**ALSTON & BIRD**
560 Mission St., Suite 2100
San Francisco, CA 94105
+1 415 243 1049 (O)
+1 626 808 8759 (M)
Katherine.Rubschlager@alston.com

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Monday, September 18, 2023 7:08 AM
**To:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

**EXTERNAL SENDER – Proceed with caution**

Katherine – It's been over a week. Can you please provide AliveCor's position on the ESI and PO proposals so that we can finalize?

Thanks,

**Greg Polins**

---

**KIRKLAND & ELLIS LLP**

300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200

---

greg.polins@kirkland.com

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Friday, September 8, 2023 3:25 PM
**To:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

Katherine –

Thanks for meeting with us about AliveCor's ESI and PO proposals. I attach six documents: (1) AliveCor's ESI/PO proposals sent on 8/25/23 with all changes accepted and comments removed; (2) Apple's current ESI/PO proposals; and (3) a redline comparison of AliveCor's 8/25/23 proposals to Apple's proposals. As you can see, I think we have resolved the vast majority of the disputes. A few comments below:

- As discussed, we added language to the ESI stipulation preserving the ability of the parties to object to requests for embedded objects as unduly burdensome. We presume no issue with this based on our discussions, but please confirm.
- You mentioned on the meet/confer that the parties had agreed not to collect/produce CAD files. That is not our understanding. We agreed that we would table discussion of CAD files until after we reviewed other design documents that AliveCor generally indicated it would produce. We will assess the need for CAD files after receiving AliveCor's production today. Nevertheless, we do not see this disagreement as impacting the ESI/PO.
- As discussed, we agreed to remove the prohibition on compilation tools being installed on source code review computers only because AliveCor stated it was not sure it would request installation of such a tool and Apple retains the right to object to the installation of such a tool if requested. To be clear, Apple maintains that installation of any compilation tools is improper and Apple intends to object to the installation of any such tools if requested by AliveCor. Nevertheless, we have agreed to remove this statement from the PO for now because the dispute is not yet ripe.
- The only dispute remaining in the PO pertains to the data security provisions. AliveCor indicated it would consider whether it could agree to any subset of Apple's proposed data security provisions. Please let us know AliveCor's final position so that we can get this finalized.

Thanks,

**Greg Polins**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200

greg.polins@kirkland.com

**From:** Rubschlager, Katherine <Katherine.Rubschlager@alston.com>
**Sent:** Friday, August 25, 2023 2:54 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Ducker, Phil <Phil.Ducker@alston.com>; Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Cc:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Subject:** RE: Apple v. AliveCor (N.D. Cal.) -- AliveCor Document Production

Greg,

Your August 11th email demanded that AliveCor produce documents related to infringement, sales, licenses, finances, marketing, and advertising, all of which are covered by Patent Local Rule 3-4. If Apple is seeking other categories of documents, please specifically identify the documents Apple is seeking that do not fall within the local rules or the ESI stipulation.

With respect to the ESI stipulation and protective order, attached are drafts with AliveCor's positions that were discussed on July 6th. Assuming that Apple is prepared to respond to AliveCor's proposals, we are available to meet and confer on Monday between 11-1 PT.

Katherine G. Rubschlager
Associate
**ALSTON & BIRD**
560 Mission St., Suite 2100
San Francisco, CA 94105
+1 415 243 1049 (O)
+1 626 808 8759 (M)
Katherine.Rubschlager@alston.com