UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ALIVECOR, INC.,<br><br>        Defendant. | Case No. 22-cv-07608-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 62 |

On October 23, 2023, Defendant AliveCor, Inc. ("Defendant" or "AliveCor") filed a motion to stay the case pending completion of *inter partes review* ("IPR") proceedings. Dkt. No. 62 ("Mot."). The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7–1(b). For the reasons articulated below, the Court **GRANT**S AliveCor's motion and stays this action pending the institution decisions regarding its IPR petitions.

**I.      BACKGROUND**

Plaintiff Apple, Inc. ("Apple") filed this action for patent infringement on December 12, 2022. Dkt. No. 1. In the Complaint, Apple alleges direct and indirect infringement of four patents, all related to electrocardiogram ("EKG") technology and related applications: U.S. Patent Nos. 10,076,257 ("the '257 Patent"); 10,270,898 ("the '898 Patent"); 10,866,619 ("the '619 Patent"); 10,568,533 ("the '533 Patent") (collectively "Asserted Patents"). *See id*. ¶¶ 13, 16, 19, 22. Apple asserts at least claim 1 of the '257 Patent (*id.* ¶ 30); at least claim 1 of the '619 Patent (*id.* ¶ 57); at least claim 1 of the '898 Patent (*id.* ¶ 86); and at least claim 20 of the '533 Patent (*id.* ¶ 119). The accused products are AliveCor's KardiaMobile Card, KardiaMobile, KardiaMobile 6L, Kardia App, KardiaPro (and related products) and Kardia care (and related products)

1  (collectively, "Accused Products").  *Id*., ¶ 24.

2        On June 7, 2023, AliveCor filed two petitions for *inter partes* review ("IPR") at the United
3  States Patent and Trademark Office ("USPTO"), challenging the patentability of the '619 Patent
4  (IPR2023-00948 and IPR2023-00949) and one petition for IPR challenging the patentability of the
5  '257 Patent (IPR2023-00950).  Mot. at 2.  On September 27, 2023, and October 30, 2023,
6  AliveCor filed further petitions for IPR challenging the patentability of the '898 Patent and '533
7  Patent, respectively (IPR2023-01434 and IPR2024-00095).  *Id*.  On October 23, 2023, AliveCor
8  filed this motion, requesting that the Court stay this action pending resolution of the IPRs.  The
9  USPTO is expected to issue decisions whether to institute IPR2023-00948 and IPR2023-00949 on
10  January 12, 2024, and whether to institute IPR 2023-00950 on January 11, 2024.  *Id*.  The
11  institution decision for IPR2023-01434 is expected on April 5, 2024, and IPR2024-00095 is
12  expected shortly thereafter.  Finally, the USPTO has instituted an IPR proceeding as to the '257
13  Patent, brought by Masimo Corporation, on October 16, 2023.  *Id*.

14  **II.**    **LEGAL STANDARD**

15        "Courts have inherent power to manage their dockets and stay proceedings, including the
16  authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quiggin*, 849 F.2d 1422, 1426–27 (Fed.
17  Cir. 1988) (internal citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-
18  03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015).  Courts consider three factors in
19  determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether
20  a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case;
21  and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-
22  moving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary*
23  *Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan.
24  23, 2014)).  The moving party bears the burden of demonstrating that a stay is appropriate. *DSS*
25  *Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May
26  1, 2015).

27        Courts in this district have often recognized "a liberal policy in favor of granting motions
28  to stay" pending IPR.  *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–cv–02168–EJD, 2011

WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2. Courts, however, must evaluate stay requests on a case-by-case basis. *See GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *2 (N.D. Cal. June 15, 2017). Ultimately, whether to issue a stay is a matter of the Court's discretion.

## III.     DISCUSSION

### A.     Factor 1: Stage of Proceedings

"The first factor the Court considers is whether the litigation is at an early stage." *Cooler Master Co. v. Asetek Danmark A/S*, No. 21-CV-04627-HSG, 2022 WL 2673089, at *2 (N.D. Cal. June 14, 2022) (citing *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011)). Specifically, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence*, 2014 WL 261837, at *1.

AliveCor contends that this factor weighs in favor of a stay because "[t]his case undoubtedly remains in the initial stages of litigation" and "[t]his is not a case where a substantial amount of fact discovery has been completed." Mot. at 4. AliveCor represents that neither party has taken a single deposition, nor engaged in expert discovery. *Id.* Apple contends that this factor weighs against a stay as claim construction is underway, and Apple has filed its opening claim construction brief. *See* Dkt. No. 88.

While the Court recognizes that claim construction has begun, the Court finds that this case is still at a relatively early stage overall. Discovery is far from complete, and no trial date has been set. Accordingly, this factor weighs in favor of a stay, certainly at least until the USPTO issues institution decisions as to the AliveCor IPR petitions.

### B.     Factor 2: Simplification of Case

AliveCor argues that a stay would simplify the issues in this case, "by rendering some or all of Apple's infringement claims moot, simplifying AliveCor's invalidity arguments at trial, and providing the Court with the USPTO's expert opinion on the claims at issue." Mot. at 5.

Apple does not meaningfully dispute that the IPRs could simplify the issues in this case, instead arguing that it is unlikely the USPTO will institute based on AliveCor's IPR petitions because "AliveCor's IPR petitions are unusually weak on the merits." Dkt No. 65 ("Opp.") at 5.

3

Apple urges the Court to consider the merits of AliveCor's IPR petitions and conclude that the USPTO likely will decline institution, such that a stay would unnecessarily delay this case. The Court declines to do so. The institution decisions regarding the AliveCor IPR petitions are expected soon, and a stay until those decisions are issued will not unduly delay the case. There is no reason for the Court to delve into the merits of these IPR petitions when the USPTO's decisions are imminent. And once Apple's invitation to prejudge the outcome of those decisions is set to the side, this case squarely presents the usual situation in which the results of any instituted IPRs obviously could simplify the case. Therefore, this factor also weighs in favor of a stay pending the institution decisions.

### C.     Factor 3: Prejudice and Disadvantage

The final factor considers whether a stay would unduly prejudice the nonmoving party. In assessing this factor, courts "address four considerations when evaluating prejudice: (1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of review; and (4) the relationship of the parties." *Cooler Master*, 2022 WL 2673089, at *2 (citing *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015)).

#### i.     Timing of IPR Petitions and Request to Stay

AliveCor filed its earliest IPR petitions on June 7, 2023, and filed this motion on October 23, 2023, roughly a week before the filing of its final IPR petition. Stays pending IPR can result in substantial delay in the district court proceeding, but the current record does not support a finding of purposeful delay or lack of diligence by AliveCor. The Court finds that the timing of the IPR petitions and motion to stay weighs in favor of a stay.

#### ii.     Status of Proceedings

Institution decisions in the AliveCor IPR petitions are expected shortly, with the earliest within a few weeks of the date of this order. Moreover, the USPTO has instituted one IPR proceeding against the '257 Patent, which AliveCor represents as including "some overlapping prior art asserted in AliveCor's petition." Dkt. No. 69 ("Reply") at 5. Thus, this subfactor also weighs in favor of a stay.

### iii. Relationship of the Parties

In considering the relationship of the parties, the Court asks if the parties are direct competitors, which would increase the risk of prejudice to the non-moving party. *See TPK Touch Sols. Inc. v. Wintek Electro-Optics Corp.*, No. 13-cv-02218 JST, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013). However, courts in this district require "evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party." *Cypress Semiconductor Corp. v. GSI Tech.*, Inc., No. 13–CV–02013–JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (collecting cases). AliveCor represents that it and Apple were, but no longer are, direct competitors. *See* Mot. at 7; Reply at 3. For its part, Apple does not contend that the parties are currently direct competitors, but argues that AliveCor's positions in this motion are inconsistent with positions it has taken in other cases. Opp. at 3.

Apple's primary argument on this factor is that the risk of prejudice is high because the relationship between the parties is "unique," in that this case is part of a "broader set of legal disputes between the parties." Opp. at 2. It argues that AliveCor is seeking an "unfair advantage" here by asking to delay this proceeding while simultaneously seeking resolution of other disputes where it is the petitioning party, including in this District and before the United States International Trade Commission. *Id.* The Court is not convinced that Apple has established "evidence to substantiate its general assertions that a stay will result in competitive injury." *Cooler Master*, 2022 WL 2673089, at *3. Apple's sole argument here is that there are other proceedings in which AliveCor has not sought a stay, but those proceedings involve entirely different patents – or in the case of the antitrust lawsuit, entirely different claims – such that a stay may or may not have been appropriate given the circumstances in those cases. Apple provides no evidence as to why the relationship of the parties, or the existence of those pending parallel actions, would uniquely prejudice Apple beyond the delay necessarily inherent in any stay. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014). Absent such evidence, the Court does not find that a stay at least until institution decisions issue on the AliveCor IPR petitions would uniquely or unduly prejudice Apple here.

## IV. CONCLUSION

Having considered the relevant factors in their entirety, the Court finds in its discretion that a stay of this case pending at least the first institution decisions on AliveCor's IPR petitions is warranted. Accordingly, the Court **GRANTS** AliveCor's motion to stay pending an initial decision by the USPTO concerning whether to institute AliveCor's IPR petitions. Within seven days of the issuance of the USPTO's decisions on whether to institute IPR on the '619 and '257 Patents, the parties shall file a joint status report of no more than one page, without any argument, simply notifying the Court of the decisions and attaching copies. Once it reviews that report, the Court will decide whether to lift or continue the stay, which remains in place unless and until otherwise ordered.

**IT IS SO ORDERED.**

Dated: December 29, 2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge