| | |
|---|---|
| Adam Alper (SBN: 196834) | Philip C. Ducker (SBN 262644) |
| adam.alper@kirkland.com | Michelle A. Clark (SBN 243777) |
| Akshay S. Deoras (SBN: 301962) | Katherine G. Rubschlager (SBN 328100) |
| akshay.deoras@kirkland.com | ALSTON & BIRD, LLP |
| KIRKLAND & ELLIS LLP | 55 Second Street, Suite 2100 |
| 555 California Street | San Francisco, California 94105-0912 |
| San Francisco, CA 94104 | Telephone: (415) 243-1000 |
| Telephone:   (415) 439-1400 | Facsimile: (415) 243-1001 |
| Facsimile:   (415) 439-1500 | phil.ducker@alston.com |
| | michelle.clark@alston.com |
| Michael W. De Vries (SBN: 211001) | katherine.rubschlager@alston.com |
| michael.devries@kirkland.com | |
| KIRKLAND & ELLIS LLP | |
| 555 South Flower Street | *Attorneys for Defendant AliveCor, Inc.* |
| Los Angeles, CA 90071 | |
| Telephone:   (213) 680-8400 | *Additional counsel on signature page* |
| Facsimile:   (213) 680-8500 | |

*Attorneys for Plaintiff Apple Inc.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., | CASE NO. 22-CV-07608-HSG |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| ALIVECOR, INC. | |
| Defendant. | |

Pursuant to the Court's Order (Dkt. No. 111), Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Local Patent Rules, Plaintiff Apple Inc. ("Apple" or "Plaintiff") and Defendant AliveCor, Inc. ("AliveCor" or "Defendant") (collectively, the "Parties") have conferred and respectfully submit this Joint Case Management Statement. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil L.R. 16-3.

## I. JURISDICTION AND SERVICE

The Parties agree that jurisdiction and venue are proper. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). AliveCor was served with a Summons and Complaint on December 9, 2022 and has not contested service.

## II. FACTS

### A. Apple's Statement

Apple has long been an industry leader in cutting-edge electronic healthcare solutions and has invested its considerable expertise and creativity in developing such systems and bringing them to the public, including numerous critical, groundbreaking ECG technologies provided by the Apple Watch and watchOS, some of which are claimed in the Patents-in-Suit: U.S. Patent Nos. 10,076,257; 10,270,898; and 10,568,533 (collectively, the "Patents-in-Suit").

Founded in 2010, AliveCor's business has focused on the sale of portable ECG devices, which rely on numerous technologies in Apple's iPhone and/or Watch to provide ECG information to AliveCor's customers. AliveCor has long known of Apple's patented technology, as many of AliveCor's own patents cite to many of Apple's patented innovations.

On December 2, 2022, Apple filed the Complaint in this case. In response, AliveCor filed IPR petitions to challenge the validity of U.S. Patent Nos. 10,076,257; 10,270,898; and 10,568,533 (collectively, the "Patents-in-Suit"). In light of these IPRs, the Court ordered a stay of the case on December 29, 2023. The PTAB rejected AliveCor's arguments, denying institution regarding the '898 and '533 Patent IPR petitions, and issuing a FWD upholding the validity of all Asserted Claims of the '257 Patent. Over AliveCor's objection, the Court lifted the stay on March 27, 2025. In light of the Court's order to lift the stay, Apple dismissed U.S. Patent No. 10,866,619, following the PTAB's holding that the two asserted claims of the '619 Patent are not patentable.

Apple looks forward to resuming this action and proceeding to trial to obtain a timely remedy for AliveCor's willful infringement.

### B. AliveCor's Statement

AliveCor is a leader in the design and development of products that help diagnose and detect heart conditions. AliveCor's mission is to save lives and transform cardiology by delivering intelligent, highly personalized heart data to clinicians and patients anytime, anywhere. In 2012, AliveCor brought to market the first FDA-cleared consumer device (KardiaMobile) capable of monitoring the owner's heart rate and allowing the owner to perform an electrocardiogram ("ECG"). AliveCor has developed a suite of other industry leading products, including the KardiaBand, KardiaMobile, KardiaMobile 6L, and KardiaMobile Card, along with a host of software and human-backed services that further AliveCor's mission to make ECGs accessible anytime, anywhere. Apple, on the other hand, built its ECG business by trampling the hard-earned, valuable patent rights of AliveCor and by using its market power to foreclose competition in personal ECG technology. This meritless and retaliatory case is only further evidence of Apple's anti-competitive behavior and bad faith motives. The positions Apple took in the IPR proceedings to avoid AliveCor's invalidity challenges underscore the narrow scope of the remaining asserted claims and foreclose any finding of infringement by AliveCor. AliveCor denies that its alleged infringement has been willful and that Apple is entitled to any relief in this action whatsoever. Not only does AliveCor not infringe any of the Patents-in-Suit, but it will also prove that they are invalid in view of both prior art publications and prior art products that existed well before the earliest priority dates of the patents-in-suit.

## III. LEGAL ISSUES

This patent infringement case will involve at least the following issues. The Parties reserve the right to amend this identification of issues as this litigation progresses:

- The proper construction of any disputed claim terms of the Patents-in-Suit;
- Whether AliveCor infringes one or more claims of the Patents-in-Suit;
- Whether the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112;
- Whether the asserted claims are patent eligible or otherwise directed to an abstract idea under 35 U.S.C. § 101 et seq.;

- Whether the validity of the asserted claims is supported by secondary considerations of non-obviousness and object indicia;
- Whether Apple is entitled to damages if the patents are found valid and infringed;
- The amount of damages, prejudgment interest, and post-judgment interest recoverable by Apple if AliveCor is found to infringe the Patents-in-Suit;
- Whether Apple is entitled to attorney's fees under 35 U.S.C. § 285;
- Whether Apple is entitled to an injunction, or, in the alternative, an ongoing royalty;
- Whether any other forms of relief are due to Apple;
- Whether AliveCor is entitled to attorney's fees under 35 U.S.C. § 285; and
- Whether AliveCor is entitled to any form of relief and/or damages for any counterclaims asserted in its Answer.

## IV.     MOTIONS

AliveCor filed a partial motion to dismiss on January 30, 2023. Dkt. No. 23. Apple filed its opposition on February 13, 2023, Dkt. No. 40, and AliveCor filed its reply on February 21, 2022, Dkt. No. 42. The motion was heard on May 18, 2023 and denied on June 20, 2023. *See* Dkts. Nos. 31, 52.

AliveCor filed a motion to stay this action pending its IPR petitions on October 23, 2023. Dkt. No. 62. Apple filed its opposition on November 6, 2023 (Dkt. No. 40), and AliveCor filed its reply on November 13, 2023. Dkt. No. 69. The Court granted the motion without a hearing on December 29, 2023, and continued the stay on January 17, 2024. Dkts. 89, 91. The Parties filed periodic status updates regarding the IPR petitions, and Apple moved to lift the stay on February 18, 2025. Dkt. No. 99. AliveCor filed its opposition on March 4, 2025 (Dkt. No. 101) and Apple filed its reply on March 11, 2025. Dkt. No. 104. At the March 27, 2025 hearing, the Court lifted the stay. *See* Dkt. No. 111.

Apple filed a motion for entry of a protective order on November 6, 2023. Dkt. No. 63. AliveCor objected to the "data security" provision of an otherwise agreed protective order, and opposed Apple's motion on November 20, 2023. Dkt. No. 74. Apple filed its reply on November 27, 2023. Dkt. No. 76. The matter was noticed for a hearing on February 1, 2024, but the hearing was vacated by the Court on December 19, 2023 (Dkt. No. 87), and the motion remains pending. The Magistrate Judge stated that the

1 Parties would not be required to refile the motion as a joint letter brief, and that the Court will reset the hearing at the later date, if necessary. *See id.*

## V. AMENDMENT OF PLEADINGS

Each Party reserves the right to move to amend its pleadings as permitted under the Federal Rules of Civil Procedure.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on February 28, 2023. Apple served its disclosures pursuant to Patent Local Rules 3-1 and 3-2 on July 25, 2023 and served its disclosures pursuant to Patent Local Rule 3-8 on October 30, 2023. AliveCor served its disclosures pursuant to Patent Local Rules 3-3 and 3-4 on September 8, 2023, served its disclosures pursuant to Patent Local Rule 4-1 on September 22, 2023, and served its disclosures pursuant to Patent Local Rule 3-9 on November 29, 2023. The Parties exchanged preliminary claim construction disclosures pursuant to Patent Local Rule 4-2 on October 13, 2023. AliveCor served supplemental initial disclosures pursuant to Rule 26 on November 17, 2023.

## VIII. DISCOVERY

### A. Discovery Taken to Date

The Parties exchanged initial disclosures on February 28, 2023. Apple served its first set of interrogatories to AliveCor on March 1, 2023, and AliveCor served its responses and objections on March 31, 2023. AliveCor served its first supplemental responses and objections on November 17, 2023 and its second supplemental responses and objections on December 28, 2023. Apple served its second set of interrogatories on December 21, 2023, and AliveCor has not yet provided any responses or objections.

Apple served its first set of requests for production (RFPs) to AliveCor on March 1, 2023, and AliveCor served its responses and objections on March 31, 2023. Apple served its second set of RFPs to

AliveCor on August 2, 2023, and AliveCor served its responses and objections on September 1, 2023. Apple served its third set of RFPs to AliveCor on October 11, 2023, and AliveCor served its responses and objections on November 10, 2023. Apple served its fourth set of RFPs on December 21, 2023, and AliveCor has not yet provided any responses or objections.

AliveCor served its first sets of interrogatories to Apple on March 6, 2023, and Apple served its responses and objections on April 5, 2023. Apple served its first supplemental responses and objections to this set on November 17, 2023. AliveCor served its second sets of interrogatories to Apple on November 1, 2023, and Apple served its responses and objections on December 1, 2023. Apple served its first supplemental responses and objections to this set on December 28, 2023. AliveCor served its third sets of interrogatories to Apple on December 6, 2023, and Apple has not yet provided any responses or objections. Apple notes, however, that this set of interrogatories is moot as the only interrogatory in the set (AliveCor's Interrogatory No. 16) relates solely to the '619 Patent, which is no longer asserted.

AliveCor served its first set of RFPs to Apple on March 6, 2023, and Apple served its responses and objections on April 5, 2023.

### B. Scope of Anticipated Discovery

The Parties recognize that discovery, both written and deposition, in this action may include information in the possession of third parties, including documentation relevant to a finding of infringement and invalidity.

Apple anticipates continuing to take discovery regarding AliveCor's ongoing infringement of the Patents-in-Suit, including technical documentation and financial information relevant to findings of infringement, calculation of damages, and propriety of injunctive relief. Apple anticipates that information relating to AliveCor's infringement, including indirect infringement, may be in the possession, custody, and control of third parties. Apple further anticipates that the Parties will take discovery as to the conception, reduction to practice, and development of the inventions disclosed in the asserted claims. Apple also anticipates discovery as to the design, development, function, and operation of Apple's patented articles.

AliveCor anticipates that the scope of discovery will encompass evidence relating to AliveCor's invalidity defenses, including, but not limited to, discovery concerning prior art products that were

publicly available before the priority date of each of the patents-in-suit. AliveCor anticipates that information relating to any prior art products may be in the possession, custody, and control of third-parties, and requests that the schedule in this case afford AliveCor a reasonable amount of time to obtain this information from third-parties during discovery.

AliveCor also anticipates that the scope of discovery will encompass evidence relating to the conception, reduction to practice, and public use or disclosure of the alleged inventions of the Patents-in-Suit; evidence related to any research and/or development concerning the alleged inventions of the Patents-in-Suit; evidence related to the prosecution of the Patents-in-Suit, including Apple's knowledge of prior art to the Patents-in-Suit, all applications to which the Patents-in-Suit claim priority, and foreign counterparts thereto; evidence related to inequitable conduct during prosecution of the Patents-in-Suit; evidence related to licensing, assignment, and ownership of the Patents-in-Suit, all applications to which the Patents-in-Suit claim priority, and foreign counterparts thereto; evidence related to the funding of Apple's attorney fees and/or expenses to litigate this action by any person or entity that is not a party to this action; evidence related to Apple's pre-suit investigation into AliveCor; evidence relevant to Apple's alleged damages and remedies analysis; and evidence relevant to the facts and legal issues related to any counterclaims AliveCor asserts in its Answer.

### C.     Limitations or Modifications of the Discovery Rules

Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, Apple is limited to seventy (70) hours of deposition of AliveCor fact witnesses, including current and former employees. Pursuant to other applicable limitations under Federal Rule of Civil Procedure 30, AliveCor is limited to seventy (70) hours of deposition of Apple fact witnesses, including current and former employees. The parties shall make reasonable efforts to avoid taking depositions shorter than 2 hours, such as informing the other parties and discussing alternative arrangements if a party expects a deposition to take less than 2 hours. The parties intend to take depositions of expert witnesses and third-party witnesses, which shall not be included in the hour limits above for fact witnesses.

The parties are meeting and conferring regarding the extent to which AliveCor's depositions of the named inventors of the Patents-in-Suit will count towards AliveCor's seventy (70) hours of fact witness depositions.

**D.     Proposed Discovery Plan**

Fact discovery is ongoing, and the parties propose that discovery be completed pursuant to a schedule to be set after the Claim Construction hearing. The Parties agree that discovery should not be conducted in phases or limited to any particular issue. The Parties do not currently have any issues regarding disclosure, discovery, or the preservation of ESI. The Court has entered a stipulated ESI discovery protocol. Dkt. No. 61.

<u>Subjects of Discovery</u>

The Parties anticipate discovery is necessary as to topics including, but not limited to:

- Technical document regarding the design, structure, and operation of AliveCor's accused products;
- Technical documents regarding the design, structure, and operation of any prior art products;
- Financial information regarding revenues, costs, and profits incurred by Apple for any products Apple alleges practice a claim of the Patents-In-Suit;
- Financial information regarding revenues, costs, and profits incurred for AliveCor's accused products;
- Information relating to any additional bases for damages; and
- Market-related documents and information relevant.

<u>Privilege</u>

The Parties do not presently have any disputes related to privilege. The Parties will meet and confer regarding privilege logs.

<u>Modification of Discovery Plan</u>

The Parties may modify this Discovery Plan only by written agreement or by order of the Court, and only to the extent that such agreement does not conflict with any other order of the Court.

<u>Identified Discovery Disputes</u>

The Parties previously raised a discovery dispute to the Court on December 1, 2023. Dkt. No. 80. The dispute was referred to the Magistrate Judge on December 4, 2023. Dkt. No. 82. On September 24, 2024 while the case was stayed, the Court struck the discovery dispute without prejudice to the Parties

filing a discovery letter brief to address the same issues. Dkt. No. 97. The Parties will meet and confer regarding this dispute, and if needed, will raise any discovery disputes in accordance with the governing federal and local rules, and pursuant to any orders issued by the Court.

## IX. CLASS ACTIONS

This is not a class action lawsuit.

## X. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## XI. RELIEF

Apple requests a judgment that AliveCor infringes, directly and indirectly, the Patents-in-Suit. Upon such a finding, Apple requests entry of a permanent injunction enjoining AliveCor from making, offering to sell, selling, using, or importing into the United States, products practicing any of the claims of the Patents-in-Suit, or, in the alternative, an ongoing royalty. Apple also requests an order awarding damages in an amount sufficient to compensate Apple for AliveCor's infringement, including lost profits or a reasonable royalty, along with prejudgment and post-judgment interest, and reasonable attorneys' fees.

AliveCor requests a declaration that AliveCor does not infringe any of the claims of the Patents-in-Suit, directly or indirectly, and that the Patents-in-Suit are invalid or otherwise unenforceable against AliveCor. AliveCor also requests a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of reasonable attorneys' fees. AliveCor requests any other relief deemed appropriate by this Court.

## XII. SETTLEMENT AND ADR

Pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5, the Parties met and conferred regarding ADR and agreed to participate in private ADR with Professor Eric D. Green. The Parties previously agreed on August 1, 2023 to hold the ADR session no later than January 26, 2024 (*see* Dkt. 59). The ADR session was taken off calendar in view of the Court's stay of the case.

## XIII. OTHER REFERENCES

The Parties do not believe that special procedures, such as a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

## XIV. NARROWING OF ISSUES

The Parties are not aware of any issues for narrowing at this time. The Parties will continue to meet and confer on any potential future narrowing.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate for an expedited schedule through the procedures set forth by General Order No. 64.

## XVI. SCHEDULING

The Parties do not agree on the proposed schedule and seek the Court's assistance in resolving their dispute. After the Court resolves this dispute, the Parties agree on the proposed briefing schedule and hearing date for both scenarios. The agreed schedule for Apple's position is set forth in the attached **Exhibit A**, and the agreed schedule for AliveCor's position is set forth in the attached **Exhibit B**[1].

*Apple's Position*

Claim construction should resume where it left off before the stay. To start back at square one, as AliveCor requests, would unfairly prejudice Apple, as AliveCor would get to start claim construction anew, this time with the benefit of Apple's opening claim construction brief—filed just before the stay was granted—in hand, while Apple has had no such benefit because AliveCor's responsive claim construction brief was not filed before the case was stayed.

Apple disagrees with AliveCor's unsupported arguments that Apple took positions in the IPRs that were inconsistent with its positions here. Tellingly, AliveCor fails to substantiate any of its vague references to such alleged inconsistencies—because none occurred. In fact, some of the statements AliveCor points to were instances of Apple pointing out *different*, *explicit claim terms* that AliveCor's petitions ignored. Apple also disagrees that it ever suggested something other than the plain and ordinary meaning of the three terms AliveCor identifies below should apply (and again, AliveCor identifies no such

---

[1] The Parties agree that no extrinsic evidence is necessary beyond the evidence and papers from the IPR proceedings.

statements). Indeed, for the three terms AliveCor identifies below, Apple stated explicitly in the IPR proceedings that plain and ordinary meaning should apply.

Further, AliveCor mischaracterizes Apple's positions during the parties' meet and confer. Apple has consistently maintained that there is no basis for restarting claim construction to add new terms. Apple never stated that it "needed to amend" its opening claim construction brief, but remained open to the parties addressing the IPR proceedings in the claim construction briefing to the extent they are relevant *to the terms the parties identified 18 months ago*. Apple's proposed schedule allows for precisely that because each party has a remaining brief to do so. AliveCor could not have "accepted Apple's proposal" because Apple's proposal has always been to move forward with only the claim terms previously identified. Far from accepting Apple's proposal, AliveCor rejected it, insisting that additional terms should be added into the case.

Nevertheless, AliveCor appears to agree with Apple that the plain and ordinary meaning of the below terms should indeed control, as affirmed by claim-construction findings in the IPRs. Accordingly, it is unclear to Apple what remaining dispute exists, and AliveCor seems to concede there is none. As such, no additional claim construction of the three identified terms is necessary, and *O2 Micro* (which AliveCor relies on) is inapposite. *Augme Techs. v. Yahoo!, Inc.*, No. C 09-05386 JCS, 2012 WL 10528, at *14 (N.D. Cal. Jan. 3, 2012) ("The parties agree that no construction of this term is required. The court therefore finds that no construction is necessary beyond plain meaning."). AliveCor also fails to identify any prejudice it will face if its three additional terms are not construed. As with all terms not identified for construction, if either party later relies on an interpretation of such term that is inconsistent with the term's plain and ordinary meaning, the other party can raise the issue then. And as already stated, Apple's position is that these three terms should be given their plain and ordinary meaning. Holding AliveCor to the claim terms it identified for construction over 18 months ago causes no prejudice. AliveCor's request to add additional terms is therefore unwarranted, and this case should pick up where it left off before the stay.

**AliveCor's Position**

AliveCor's proposal addresses the new evidence developed during the *inter partes* review (IPR) proceedings and is necessary to foreclose Apple's efforts to advance claim construction positions that are

inconsistent with the totality of the intrinsic record as well as to avoid *O2Micro* issues later in the litigation.[2] Allowing the parties to drop terms relating to the '619 Patent (dismissed by Apple) and address three additional terms at issue in the IPR proceedings would only require the court to construe **9** total terms – and is consistent with the process set forth in the Patent Local Rules. Below is a short summary of the reasons for supplementation:

- "**detailed view**" ('898 Patent, Cls. 1 and 23) – During the PTAB proceedings, Apple took a position on what the plain meaning of "detailed view" is and by doing so, proposed a specific construction for "detailed view" to overcome the prior art grounds in the petition. In the PTAB's decision denying institution, the PTAB adopted Apple's proposed construction and found that AliveCor had not demonstrated that the prior art taught the claims under the adopted construction. Apple's proposed construction is inconsistent with the positions it takes here on at least infringement, and claim construction is necessary. This term only needs to be construed to the extent that Apple proposes a different meaning of the claim term than the Board adopted in the IPR proceedings. Absent an agreement from Apple, however, AliveCor contends that this term requires construction to ensure consistency with the intrinsic evidence.

- "**embedded in**" ('257 Patent, Cl. 1) – In both *Masimo Corp. v. Apple Inc.*, IPR2023-00745 (PTAB) and *AliveCor, Inc. v. Apple Inc.*, IPR2023-00950 (PTAB) the parties extensively briefed the meaning of "embedded in" as a constituent phrase of the larger claim term, a portion of which has already been proposed for construction of the '257 Patent.[3] The intrinsic record developed during

---

[2] *O2 Micro International Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008) (When the parties raise an actual dispute regarding the proper scope of [asserted] claims, the court, not the jury, mut resolve that dispute."). Of note, Apple's characterization of the IPR proceedings as "extrinsic" evidence is incorrect as a matter of law. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359-1362 (Fed. Cir. 2017) (holding statements by the patentee in IPR proceedings constitute intrinsic evidence as they "promote[] the public notice function of the intrinsic evidence and protect[] the public's reliance on definitive statements made during" IPR proceedings." (quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003))

[3] The claim term provides in full "a first lead comprising a first pad that is embedded in a first portion of the enclosure, wherein an exterior surface of the enclosure comprises an exterior surface of the first portion, wherein the first pad is positioned underneath the exterior surface of the first portion, and wherein the first pad is configured to detect a first electrical signal of the user's cardiac signal via the user's skin's contact with the exterior surface of the first portion of the enclosure." The parties previously proposed construing the constituent phrase "wherein the first pad is positioned underneath the exterior

IPR proceedings make clear that there is a material dispute regarding the meaning of the larger phrase that is necessarily informed by the appropriate construction of both "embedded in" and the currently proposed phrase "wherein the first pad is positioned underneath the exterior surface of the first portion, and wherein the first pad is configured to detect a first electrical signal of the user's cardiac signal via the user's skin's contact with the exterior surface of the first portion of the enclosure" it would be grammatically improper and unfair to construe just one portion of the term at issue and not the other.

- "**bezel**" ('257 Patent, Cls. 12 and 13) – During the PTAB proceedings, Apple expressly proposed a construction for "bezel" to overcome the prior art grounds in the petition. Apple did not propose plain and ordinary meaning for the term "bezel" in the Patent Owner Response, as confirmed by the Board in the Final Written Decision. Again, this term only needs to be construed to the extent that Apple proposes a different meaning of the claim term than the Board adopted in the IPR proceedings. Absent an agreement from Apple, however, AliveCor contends that this term requires construction to ensure consistency with the intrinsic evidence.

Apple's positions set forth during the meet and confer process support the need for additional claim construction.  Not only did Apple acknowledge that claim construction proceedings need to be updated to account for the evidence adduced during the IPR proceedings, Apple also took the incongruent view that the IPR proceedings should only be addressed with respect to the terms it wants construed—rather than the totality of the terms that were at issue in the IPR proceedings.  Indeed, throughout the two-week long meet and confer process, Apple argued that it needed to amend its opening claim construction brief to address the PTAB's analysis of claim terms made during the IPR proceedings.  AliveCor accepted Apple's proposal to allow for re-briefing and understood that the only issue remaining in dispute was whether the terms at issue could be modified (to drop the proposed terms from the '619 Patent and address the three terms proposed by AliveCor).  It was only at 8:08 p.m. the day this statement was due that Apple modified its proposal without conferring or explanation.  Apple no doubt intends to address the IPR proceedings in

---

surface of the first portion, and wherein the first pad is configured to detect a first electrical signal of the user's cardiac signal via the user's skin's contact with the exterior surface of the first portion of the enclosure."

its reply brief demonstrating the relevance of the IPR proceedings to claim construction. Apple cannot evade the impact of its statements during the IPR proceedings by simply ignoring terms at issue in those proceedings in the District Court. Such an approach will only create more work for the parties and the Court by raising *O2Micro* issues later in the litigation.

There is a material dispute over the meaning of the three terms proposed by AliveCor that can be most efficiently and fairly addressed through claim construction proceedings consistent with the local rules and this Court's Standing Order. Indeed, Apple's vehement dispute over whether its statements during the IPRs constitute prosecution disclaimers or otherwise inform the meaning and scope of the terms at issue only underscores the fact that there is a present, material dispute that needs to be addressed by the Court. Further, Apple's refusal to agree to a limited supplementation based on the positions it took in the IPRs confirms what AliveCor believes Apple is trying to do here. That is, Apple is trying construe the claims "one way to avoid [invalidity] and another to find infringement"—an approach that the Federal Circuit has repeatedly rejected. *See, e.g., Data Engine Techs. LLC v. Google LLC*, 10 F.4th 1375, 1381 (Fed. Cir. 2021); *Amazon.com, Inc. v. Barnesandnoble.com*, Inc., 239 F.3d 1343, 1351 (Fed. Cir. 2001) (citation omitted); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.").

Apple's argument against modifying the proposed terms for construction fails because AliveCor is not seeking to restart claim construction "anew" as Apple contends but is only seeking to assure the claim construction proceedings serve their intended purpose of defining the scope and meaning of terms in dispute. Good cause exists for a limited supplementation to claim construction based on the *inter partes* review proceedings, including new intrinsic evidence from the IPRs that was not available to the parties at the time of the initial claim construction disclosures. The prejudice to AliveCor and to the judicial proceedings in this case of continuing claim construction proceedings without the terms proposed by AliveCor is material. Apple acknowledges that the Parties dispute the meaning of the proposed terms—it argues above that it did not provide a proposed definition of those terms or disclaim any claim scope during prosecution, whereas AliveCor contends that it did. That dispute will impact the scope of discovery as well as all further proceedings regarding liability and damages, including dispositive motions and trial in this case. Judicial guidance regarding the appropriate interpretation of the claim terms will resolve the

disputes and fulfills the foundational purpose of claim construction proceedings. Further, Apple's suggestion that the Court should decide these issues later in the case is nonsensical and highly prejudicial. Disputes have already been identified and it makes little sense to decide these issues after fact and expert discovery have concluded—particularly where a fulsome claim construction process will not materially impact the case schedule. Addressing these terms now will allow the parties to address the scope of the terms early on in the case, shaping fact discovery and giving the experts the benefit of the court's constructions to prepare their positions.

By comparison, Apple has presented no meaningful prejudice that would arise from adding the three terms proposed by AliveCor. When asked on the meet and confer how Apple would be prejudiced by AliveCor's proposed schedule, all Apple could identify was a mere one-month delay in completing claim construction. But there is no delay if the Parties agree that expert evidence is unnecessary. The Parties propose the same exact claim construction hearing date regardless of whether claim terms are added or not. Moreover, there is no "unfairness" to Apple because it would be permitted to "redo" its claim construction brief, just as it has requested during the meet and confer process. That AliveCor had Apple's old claim construction brief, which will be superseded, provides AliveCor with no unfair advantage at all, much less an advantage that would outweigh the benefit of addressing the construction of terms that are clearly in dispute on a fulsome record informed by the IPRs.

**XVII. TRIAL**

The Parties estimate that trial will last approximately eight to ten days. A jury trial has been demanded on all issues triable by jury.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Apple and AliveCor have filed their respective Certificates of Interested Parties and Entities pursuant to Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1(a).

Apple stated that, other than the named parties, there is no such interest to report.

AliveCor stated that, AliveCor does not have a parent corporation and that OMROM Corp. is a publicly traded company that holds 10% or more of AliveCor's stock.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS

The Parties do not believe that any other matters are appropriate for inclusion in this Joint Case Management Statement.

## XXI. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A. Proposed Modification to Obligations or Deadlines Set Forth in Patent Local Rules

The Parties' proposed schedules are attached as **Exhibits A** and **B** as discussed above in Section XVI.

### B. Scope and Timing of Any Claim Construction Discovery

Prior to the Court's stay order, the Parties completed claim construction discovery.

### C. Format of the Claim Construction Hearing

The parties propose that the Claim Construction Hearing consist of a 3-hour presentation per this Court's Standing Orders, with 90 minutes allotted to the Plaintiff and 90 minutes allotted to the Defendant.

### D. How the Parties Intend to Educate the Court on the Technology at Issue

The Parties propose educating the Court on the technology at issue through a tutorial in advance of the Claim Construction Hearing. The Parties propose that, per this Court's Standing Orders, that each side present a 45-minute short summary and explanation of the technology at issue, with Apple presenting first, and AliveCor presenting second.

### E. Non-Binding, Good-Faith Estimate of Damages Range

Apple contends that it is entitled to monetary damages in an amount no less than a reasonable royalty. Apple also seeks an award of attorneys' fees, costs, and expenses, and any other relief the Court may deem just and proper, including injunctive relief.

AliveCor contends that Apple is not entitled to any damages, including any fees, costs, or expenses. AliveCor contends that this case is an exceptional case warranting an award of AliveCor's attorneys' fees, costs, and expenses, and any other relief the Court deems appropriate.

At this early stage, the parties are unable to provide an estimate of the damages range expected for this case. The Parties expect to be able to provide an estimate and explanation after additional fact discovery and after expert discovery.

| | |
|---|---|
| DATED: April 17, 2025 | Respectfully submitted, |
| KIRKLAND & ELLIS LLP | ALSTON & BIRD LLP |
| /s/ Akshay S. Deoras | /s/ Philip C. Ducker |
| Adam Alper (SBN: 196834)<br>adam.alper@kirkland.com<br>Akshay S. Deoras (SBN: 301962)<br>akshay.deoras@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone:   (415) 439-1400<br>Facsimile:    (415) 439-1500<br><br>Michael W. De Vries (SBN: 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street<br>Los Angeles, CA 90071<br>Telephone:   (213) 680-8400<br>Facsimile:    (213) 680-8500<br><br>Leslie M. Schmidt (*pro hac vice*)<br>leslie.schmidt@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>Kat Li (*pro hac vice*)<br>kat.li@kirkland.com<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>Telephone:   (512) 678-9100<br>Facsimile:    (512) 678-9101<br><br>*Attorneys for Plaintiff Apple Inc.* | Philip C. Ducker (SBN 262644)<br>Michelle A. Clark (SBN 243777)<br>Katherine G. Rubschlager (SBN 328100)<br>55 Second Street, Suite 2100<br>San Francisco, California 94105-0912<br>Telephone:   (415) 243-1000<br>Facsimile:    (415) 243-1001<br>phil.ducker@alston.com<br>michelle.clark@alston.com<br>katherine.rubschlager@alston.com<br><br>M. Scott Stevens (admitted *pro hac vice*)<br>J. Ravindra Fernando (admitted *pro hac vice*)<br>Erin Beaton (admitted *pro hac vice*)<br>1120 South Tryon St, Suite 3000<br>Charlotte, NC 28203<br>Telephone:   (704) 444-1000<br>Facsimile:    (704) 444-1111<br>scott.stevens@alston.com<br>ravi.fernando@alston.com<br>erin.beaton@alston.com<br><br>*Attorneys for Defendant AliveCor, Inc.* |

**ATTESTATION**

I, Akshay S. Deoras, am the ECF User whose identification and password are being used to file this document. I hereby attest that the concurrence to the filing of this document has been obtained from each signatory hereto in accordance with Civil L.R. 5-1(i)(3).

DATED: April 17, 2025                    /s/ Akshay S. Deoras
                                          Akshay S. Deoras