Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
695 Town Center Drive, Ste. 1700
Costa Mesa, CA 92626
Telephone:    (714) 982-8822

*Attorneys for Plaintiff Apple Inc.*
*[Additional counsel on signature page]*

Philip C. Ducker (SBN 262644)
phil.ducker@alston.com
Michelle A. Clark (SBN 243777)
michelle.clark@alston.com
Katherine G. Rubschlager (SBN 328100)
katherine.rubschlager@alston.com
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    (415) 243-1000

*Attorneys for Defendant AliveCor, Inc.*
*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ALIVECOR, INC.,<br><br>　　　　　Defendant. | Case No. 22-CV-07608-HSG (SK)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND HIGHLY SENSITIVE CONFIDENTIAL INFORMATION** |

Plaintiff Apple Inc. ("Plaintiff") and Defendant AliveCor, Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all Disclosures or Discovery Material, or in the course of making initial or supplemental Disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)     The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

(d)     The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

United States District Court
Northern District of California

2.    **DEFINITIONS**

(a)    "Disclosure" or "Discovery Material" means all items or information, including from any Non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Non-party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(c)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(d)    "Patents-in-suit" means U.S. Patent Nos. 10,076,257, 10,270,898, 10,866,619, and 10,568,533, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(e)    "Party" means any party to this case, including all its officers, directors, employees, and outside counsel and their support staff.

(f)    "Producing Party" means any Party or Non-party that discloses or produces any Discovery Material in this case.

(g)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; (iii) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (iv) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(h)     "Receiving Party" means any Party, or consultant or expert retained by a Party, who receives Disclosures or Discovery Material from a Producing Party.

(i)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.   **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

United States District Court
Northern District of California

4. **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  Termination shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgement herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any appeal therefrom, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of ECG monitoring devices and ECG health data aggregation applications (generally or as described in any Patent-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of ECG monitoring devices and ECG health data aggregation applications. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, but are intended, *inter alia*, to preclude counsel from participating directly or indirectly in reexamination, *inter partes* review,

United States District Court
Northern District of California

United States District Court
Northern District of California

or reissue proceedings on behalf of a patentee.  These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     <u>Secure Storage, No Export</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(d)     <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use of Disclosures or Discovery Material by a Receiving Party:  (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that is or has been previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

6.     **<u>DESIGNATING PROTECTED MATERIAL</u>**

(a)     <u>Available Designations and Timing</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."  Except as otherwise provided in this Order, or as otherwise

stipulated or ordered, Disclosures or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated by the Producing Party, as appropriate during the copying process.

(c)    <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     <u>Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, prior to thirty (30) days after receipt of the transcript of the testimony by the Party or testifying person may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(e)     <u>Exercise of Restraint and De-Designation.</u>  Each Party or Non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a

Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than two (2) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of **Attachment A**; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 11 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of **Attachment A**; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 11 below;

United States District Court
Northern District of California

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of **Attachment A**;

(vii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

8.     <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –</u> <u>ATTORNEYS' EYES ONLY"</u>

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

United States District Court
Northern District of California

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of **Attachment A**; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 11 below;

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)      Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of **Attachment A**;

(vi)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)      Any other person with the prior written consent of the Producing Party.

(c)     In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section 10 below, and may be disclosed, subject to Section 10 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the

1    Protective Order by signing a copy of **Attachment A**; (b) such expert or consultant is not a current

2    officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

3    retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such

4    expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v.*

5    *United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a

6    Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given

7    to all Parties as set forth in Section 11 below;

8                    (iii)    Court reporters, stenographers and videographers retained to record

9    testimony taken in this action;

10                   (iv)    The Court, jury, and court personnel;

11                   (v)    Any mediator who is assigned to hear this matter, and his or her staff,

12   subject to their agreement to maintain confidentiality to the same degree as required by this

13   Protective Order; and

14                   (vi)    Any other person with the prior written consent of the Producing

15   Party.

16        10.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

17                (a)    To the extent production of source code becomes necessary in this case, a

18   Producing Party may designate source code as "HIGHLY CONFIDENTIAL – OUTSIDE

19   ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential,

20   proprietary, or trade secret source code.

21                (b)    Any Source Code that is produced by Apple Inc. shall be made available for

22   inspection in electronic format at the San Francisco office of its outside counsel, Kirkland & Ellis

23   LLP, 555 California Street, 27th Floor, San Francisco, CA 94104, or any other location mutually

24   agreed by the Parties.  Any Source Code that is produced by AliveCor, Inc. will be made available

25   for inspection at the San Francisco office of its outside counsel, Alston & Bird LLP, 55 Second

26   Street, Suite 2100, San Francisco, CA 94105, or any other location mutually agreed by the Parties.

27   Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. local time

28

on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(c)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections.

(d)     Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available for inspection by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").

(ii)     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools (with approval not being unreasonably withheld); and (c) such other software tools that are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

United States District Court
Northern District of California

(iii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iv)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(v)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(vi)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(vii)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Any printed portion that consists of more than five (5) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 20 pages total.  One page of printed Source Code shall mean one column of Source Code printed in size 12 font on one single-sided sheet of paper, measuring 8 and ½ inches by 11 inches.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon printing any such portions of Source Code, the printed pages shall be collected by

1   the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY
2   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages
3   printed by the Receiving Party.  Within fourteen (14) days, the Producing Party shall either (i) provide
4   one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects
5   that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and
6   conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving
7   Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is
8   narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving
9   Party to demonstrate that such printed portions are no more than is reasonably necessary for a
10  permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The
11  printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

12              (viii)    Any Party that relies on its own Source Code in support of any claim
13  or defense in this action, including, e.g., infringement, non-infringement, invalidity, and/or
14  damages, shall permit inspection of the Source Code relied on to support the claim or defense by
15  the Receiving Party within fourteen (14) days of the Source Code being identified in a Disclosure,
16  Discovery Response, or a testifying expert's expert report.  The Producing party shall permit the
17  Receiving Party to print the portions of the Source Code relied on by the Producing Party, assuming
18  the Source Code was not already printed and produced to the Receiving Party, when necessary for
19  a Receiving Party to prepare court filings or pleadings or other papers (including a testifying expert's
20  expert report).  Any Source Code printed pursuant to this section shall not be presumed excessive if
21  it exceeds more than five (5) pages of a continuous block of Source Code and shall not be subject
22  to the 20 page printing limitation.

23              (ix)    All persons who will review a Producing Party's Source Code on
24  behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be
25  identified in writing to the Producing Party at least five (5) days in advance of the first time that
26  such person reviews such Source Code.  Such identification shall be in addition to any other
27  disclosure required under this Order.  All persons viewing Source Code shall sign on each day they
28  view Source Code a log that will include the names of persons who enter the locked room to view

United States District Court
Northern District of California

the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(x)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(xi)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(xii)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Section 10(d)(vii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xiii)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code

at their United States offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xiv)    A Party that wishes to use any printed copies of Producing Party's source code at a deposition may not make copies of the material for this purpose without Producing Party's prior written consent.  Absent such consent, the Party seeking to use source code at a deposition must provide Producing Party with five (5) business days advance notice of its need for printed copies and identify the required pages by production number.  Producing Party will then either authorize the Party to prepare copies for use in the deposition or agree to supply copies itself on the day of the deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.  The entire transcript of any deposition at which Producing Party's source code is disclosed will be treated as designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" for thirty (30) days.  During that period, Producing Party may designate any portion of the deposition transcript as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" by giving written notice to the reporter and all parties.  Any portions of the deposition transcript that the Producing Party does not designate during that 30-day period will then be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(xv)    Except as provided in this sub-section, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be

included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.    Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

(xvi)    The Parties agree that seeking entry of this Stipulated Protective Order are without prejudice to any party's rights to seek relief from these provisions related to source code production, or to propose, request, or otherwise move for different provisions relating to source code production, in this or any other litigation.

11.    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Sections 7(b)(ii), 7(b)(iii), 8(b)(ii), or 9(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of ECG monitoring devices and ECG health data aggregation applications, or relating to the acquisition of intellectual property assets relating to ECG monitoring devices and ECG health data aggregation applications;

(v)    an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)    a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of one (1) year after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of ECG monitoring devices and ECG health data aggregation applications, or the acquisition of intellectual property assets relating to ECG monitoring devices and ECG health data aggregation applications.

(b)    Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within

such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Attachment A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Section 11 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

12.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

United States District Court
Northern District of California

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

13.    **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Disclosure or Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

United States District Court
Northern District of California

14.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not publicly file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under Civil Local Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

15.    **DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    Pursuant to Federal Rule of Evidence 502(d), the production of any Discovery Material, whether inadvertent or otherwise, shall not, for the purposes of this proceeding or in any other federal or state proceeding, constitute a waiver of any privilege and/or protection applicable to that Discovery Material, including the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, to the extent such material is identified and clawed-back pursuant to this Section of the Protective Order.  For example, the mere production of a privileged or work product protected document in this case as part of a production shall not alone constitute a waiver.  Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and electronically stored information.  Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.  This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

(b)    When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Receiving

United States District Court
Northern District of California

Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

16.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Section 16(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Section 5(b).

17.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

18.   **DATA SECURITY**

(a)   The Parties shall implement or maintain reasonable data security practices and policies to safeguard Protected Materials and minimize the risk of unauthorized access, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with best practices and industry standards. The Parties shall implement multi-factor authentication[1] for any access to Protected Materials and implement encryption of all Protected

---

[1]  Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; see also NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

Materials in transit outside of network(s) covered by the Party's data security practices and policies (and at rest, where reasonably practical).

(b)     If Receiving Party becomes aware of any unauthorized access, use, or disclosure of the Producing Party's Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and cooperate with Producing Party as may be reasonably necessary to (1) determine the source, extent, or methodology of such Data Breach; (2) to recover or to protect Protected Materials; and/or (3) to satisfy Producing Party's legal, contractual, or other obligations.  For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party (1) learns of a Data Breach, or (2) has a reasonable basis to believe that any of the Producing Party's Protected Materials are subject to the Data Breach.  The notification obligations set forth in this Section do not run from the time of the Data Breach itself.

(c)     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)     If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach.

1   Further, the Receiving Party shall not obstruct the Producing Party's reasonable discovery
2   concerning the Data Breach.

3          (e)     The Parties shall comply with this Section and any applicable security,
4   privacy, data protection, or breach notification laws, rules, regulations, or directives.  To the extent
5   a Producing Party believes that any provision of this Section has been violated by the Receiving
6   Party's data security practices or policies, the Producing Party agrees that it shall meet and confer
7   with the Receiving Party prior to seeking judicial recourse.  If a Party believes that its Protected
8   Material is not being adequately protected pursuant to this Section, it may bring the dispute to the
9   Court.  The Party challenging the handling of Protected Material bears the burden of demonstrating
10  a violation of the Protective Order.

11       19.    **FINAL DISPOSITION**

12         (a)     Not later than ninety (90) days after the Final Disposition of this case, each
13  Party shall return all Discovery Material of a Producing Party to the respective outside counsel of
14  the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of
15  this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the
16  above-captioned action with prejudice, including all appeals.

17         (b)     All Parties that have received any such Discovery Material shall certify in
18  writing that all such materials have been returned to the respective outside counsel of the Producing
19  Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside
20  counsel may retain one set of pleadings, correspondence and attorney and consultant work product
21  (but not document productions) for archival purposes, but must return any pleadings,
22  correspondence, and consultant work product that contain Source Code.

23       20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

24         (a)     Absent good cause, drafts of reports of testifying experts, and reports and
25  other written materials, including drafts, of consulting experts, shall not be discoverable.

26         (b)     Reports and materials exempt from discovery under the foregoing Section
27  shall be treated as attorney work product for the purposes of this case and Protective Order.

28

United States District Court
Northern District of California

21.  **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for Northern District of California is

United States District Court
Northern District of California

1    responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected

2    Material, however designated, produced under the protection of this Order shall be resolved by the

3    United States District Court for the Northern District of California.

4              (g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in

5    any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

6    United States District Court for Northern District of California, or the Court's own orders.

7    Identification of any individual pursuant to this Protective Order does not make that individual

8    available for deposition or any other form of discovery outside of the restrictions and procedures of

9    the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

10   Northern District of California, or the Court's own orders.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: September 11, 2025

KIRKLAND & ELLIS LLP

*/s/ Akshay S. Deoras*

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:    (714) 982-8822
Facsimile:    (714) 982-8844

Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Kat Li (*pro hac vice*)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:    (512) 678-9100
Facsimile:    (512) 678-9101

Greg Polins (*pro hac vice*)
greg.polins@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL, 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for Plaintiff Apple Inc.*

Respectfully submitted,

ALSTON & BIRD LLP

*/s/ Michelle A. Clark*

Philip C. Ducker (SBN 262644)
phil.ducker@alston.com
Michelle A. Clark (SBN 243777)
michelle.clark@alston.com
Katherine G. Rubschlager (SBN 328100)
katherine.rubschlager@alston.com
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    (415) 243-1000
Facsimile:    (415) 243-1001

M. Scott Stevens (*pro hac vice*)
scott.stevens@alston.com
J. Ravindra Fernando (*pro hac vice*)
ravi.fernando@alston.com
Erin Beaton (*pro hac vice*)
erin.beaton@alston.com
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111

*Attorneys for Defendant AliveCor, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: September 11, 2025                    */s/ Akshay S. Deoras*
                                             Akshay S. Deoras

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4

5    DATED: _____          _____

6                                              Honorable Sallie Kim
                                               United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## ATTACHMENT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Apple Inc. v. AliveCor, Inc.*, United States District Court, Northern District of California, Oakland Division, Civil Action No. 22-CV-07608-HSG. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]