
Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN 301962)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
695 Town Center Drive, Ste. 1700
Costa Mesa, CA 92626
Telephone:     (714) 982-8822

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIVECOR, INC. <br><br> Defendant. | Case No. 22-CV-07608-HSG (SK) <br><br> **DECLARATION OF AKSHAY S. DEORAS IN SUPPORT OF STIPULATED PROTECTIVE ORDER** |

I, Akshay S. Deoras, declare as follows:

1. I am a partner with the law firm of Kirkland & Ellis LLP, located at 555 California Street, San Francisco, CA 94104. I am licensed to practice law in the State of California, and am counsel of record for Plaintiff Apple Inc. ("Apple") in this action. This declaration is based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. I submit this declaration in support of the proposed Stipulated Protective Order for Litigation Involving Patents and Highly Sensitive Confidential Information jointly submitted by Apple and Defendant AliveCor, Inc. ("AliveCor") (each individually, a "Party," or together, the "Parties"), and pursuant to the protective order requirements set forth in the November 15, 2024 Standing Order for Magistrate Judge Sallie Kim ("Standing Order"). *See* Standing Order at 4 ("Parties shall file one of the following with their proposed protective order: … (c) a declaration explaining why use of one of the model orders is not practicable"); *see also* Dkt. 155.

3. The stipulated protective order that the Parties jointly submitted on August 7, 2025, Dkt. 153, and resubmit herein ("Proposed Stipulated Protective Order"), was the product of negotiations between the Parties and multiple meet and confers conducted both prior to this litigation being stayed in December 2023 and after the stay was lifted in March 2025.

4. The Parties' pre-stay negotiations were made pursuant to the Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr., which unlike the Standing Order for Magistrate Judge Sallie Kim, does not provide guidelines for use of one of this District's model stipulated protective orders, where practicable. The Parties therefore did not begin their protective order discussions using the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("NDCA Model Protective Order"), but instead used a protective order model that has been granted in other patent and complex civil litigation cases. *See* Exhibit A (protective order entered by Judge Martinez-Olguin in *Bryan et al. v. Apple Inc.*, C.A. No. 22-cv-00845-AMO (N.D. Cal. Oct. 30, 2023) at Dkt. 64); Exhibit B (protective order entered by Judge Selna in *RJ Technology LLC v. Apple Inc.*, C.A. No. 22-cv-01874-JVS-JDE (C.D. Cal. July 27, 2023) at Dkt. 79). The Parties then proposed additional provisions to the protective order as appropriate to this case.

5. Before the stay, the Parties were not able to resolve disagreements concerning the data security provision of the protective order. Apple thus filed its (now moot) Motion for Entry of Protective Order Regarding Disclosure and Use of Discovery Materials ("Apple's Protective Order Motion") on November 6, 2023. *See* Dkt. 63; Dkt. 154. On December 4, 2023, this case, including Apple's Protective Order Motion, was referred to Judge Kim for discovery. Dkt. 83, Dkt. 84. The case was stayed on December 29, 2023, and the stay was lifted on March 28, 2025. Dkt. 89; Dkt. 111. Post-stay, the Parties further conferred in good faith and resolved the disputes identified in Apple's Protective Order Motion. The agreed-upon protective order is the concurrently filed Proposed Stipulated Protective Order.

6. While the NDCA Model Protective Order contains provisions that protect confidential data ("Protected Material"), the Parties' Proposed Stipulated Protective Order includes heightened provisions for confidentiality and clarifications as to the use and treatment of Protected Material beyond that contemplated by the NDCA Model Protective Order. This includes a detailed provision for handling data breaches, with specific requirements for notification to the producing Party and use of multi-factor authentication, to prevent and remedy potential data breaches. *See* Proposed Stipulated Protective Order at ¶ 18. The Proposed Stipulated Protective Order also includes specific provisions regarding privilege and waiver, inadvertent failure to designate protected material, and inadvertent disclosure of protected material. *Id.* at ¶15(a), ¶ 16, ¶ 17.

7. This case implicates highly confidential, highly valuable, proprietary technology regarding the Parties' consumer healthcare products. Discovery will involve highly confidential technical documentation and source code concerning these products, as well as highly confidential financial and licensing information that is not public and would cause competitive harm to the producing Party if such information was made public. Further, because the technology at issue involves measuring and monitoring an individual's health data, this case could involve personally identifiable information that must be kept confidential and safeguarded for privacy reasons.

8. The information that Apple would produce in this case is also a core asset of Apple's business and as a result, any disclosure, whether inadvertent or not, would cause substantial and irreparable harm to Apple. Information about Apple's products, including the devices at issue in this litigation, have tremendous commercial value and are of considerable importance for Apple's competitiveness and

business success. Apple has a legitimate interest in keeping this information confidential and seeks to ensure that there are appropriate safeguards necessary to protect this sensitive data.

9. For the reasons detailed above, the Parties agree and believe that the Proposed Stipulated Protective Order will provide the highly sensitive and confidential information implicated in this case with the additional and necessary level of protection.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 11, 2025, in San Francisco, CA.

*/s/ Akshay S. Deoras*
Akshay S. Deoras