# Exhibit B

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RJ TECHNOLOGY LLC, | CASE NO.  8:22-CV-1874-JVS-JDE |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| v. | |
| APPLE INC., | [Note Changes by the Court] |
| Defendant. | |

Based on the parties' agreement (Dkt. 76), the applicable authorities, including the Local Rules of this Court, and for good cause shown, the Court finds and orders as follows.

Plaintiff RJ Technology LLC ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    **PURPOSES AND LIMITATIONS**

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Patents-in-suit" means U.S. Patent No. 7,749,641, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

1    (e) "Producing Party" means any Party or non-party that discloses or
2    produces any Discovery Material in this case.

3    (f)  "Protected Material" means any Discovery Material that is designated as
4    "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"
5    "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or
6    "CONFIDENTIAL - SUBJECT TO EXPORT CONTROL PROVISIONS" as provided for
7    in this Order.  Protected Material shall not include:  (i) advertising materials that have
8    been actually published or publicly disseminated; and (ii) materials that show on their face
9    they have been disseminated to the public.

10    (g) "Receiving Party" means any Party who receives Discovery Material
11    from a Producing Party.

12    (h) "Source Code" means computer code, scripts, assembly, binaries, object
13    code, source code listings and descriptions of source code, object code listings and
14    descriptions of object code, and Hardware Description Language (HDL) or Register
15    Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

16    **3.    COMPUTATION OF TIME**
17    The computation of any period of time prescribed or allowed by this Order shall be
18    governed by the provisions for computing time set forth in Federal Rule of Civil
19    Procedure 6 and the Local Civil Rules of this Court.

20    **4.    SCOPE**
21    (a) The protections conferred by this Order cover not only Discovery
22    Material governed by this Order as addressed herein, but also any information copied or
23    extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof,
24    plus testimony, conversations, or presentations by Parties or their counsel in court or in
25    other settings that might reveal Protected Material.

26    (b) Nothing in this Protective Order shall prevent or restrict a Producing
27    Party's own disclosure or use of its own Protected Material for any purpose, and nothing
28

PROTECTIVE ORDER                    3              CASE NO.  8:22-CV-1874-JVS-JDE

in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court, subject to the applicable Local Civil Rules and the Federal Rules of Civil Procedure.

(d)  This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.    DURATION**

Even after the Final Disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)  Basic Principles.   All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)  Patent Prosecution Bar.   Absent the written consent of the Producing Party, any person on behalf of any Party who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by another Party shall not be involved, directly or indirectly, in any of the following activities:   advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending responses to office actions in which the patent application seeks to claim a design of lithium ion batteries ("Barred Technology") before any foreign or domestic agency, including the United States Patent

PROTECTIVE ORDER                          4            CASE NO.  8:22-CV-1874-JVS-JDE

and Trademark Office.  These prohibitions are not intended to and shall not preclude a person from participating in proceedings related to challenges to the validity of any patent, but are intended, inter alia, to preclude counsel from drafting or prosecuting additional patents related to the Barred Technology.  These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c) <u>Secure Storage, No Export</u>.  A producing party may designate Protected Material as "CONFIDENTIAL – SUBJECT TO EXPORT CONTROL PROVISIONS" if the party determines in good faith that applicable United States laws and regulations prohibit the export of the particular materials that are designated.  Protected Material designated as "CONFIDENTIAL - SUBJECT TO EXPORT CONTROL PROVISIONS" must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material designated as "CONFIDENTIAL - SUBJECT TO EXPORT CONTROL PROVISIONS" may not be exported outside the United States or released to any foreign national (even if within the United States).  The designation of "CONFIDENTIAL – SUBJECT TO EXPORT CONTROL PROVISIONS" may be used in combination with another confidentiality designation as applicable.

(d) <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e) <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or

PROTECTIVE ORDER                           5              CASE NO.  8:22-CV-1874-JVS-JDE

has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

### 7. DESIGNATING PROTECTED MATERIAL

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – SUBJECT TO EXPORT CONTROL PROVISIONS," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – SUBJECT TO EXPORT

CONTROL PROVISIONS," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file, for example by appending the slipsheet produced alongside the native file.   No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d) <u>Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other non-courtroom testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.   Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.   Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition

PROTECTIVE ORDER                               7               CASE NO.   8:22-CV-1874-JVS-JDE

testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."   Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.   Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:   (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of

1   Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice

2   has been given to all Parties as set forth in Paragraph 12 below;

3                (iii)   Any outside expert or consultant retained by the Receiving Party

4   to assist in this action, provided that disclosure is only to the extent necessary to perform

5   such work; and provided that:   (a) such expert or consultant has agreed to be bound by

6   the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or

7   consultant is not a current officer, director, or employee of a Party or of a competitor of a

8   Party, nor anticipated at the time of retention to become an officer, director, or employee

9   of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials

10  in the United States only, and does not transport them to or access them from any foreign

11  jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice

12  has been given to all Parties as set forth in Paragraph 12 below;

13               (iv)   Court reporters, stenographers and videographers retained to

14  record testimony taken in this action;

15               (v)    The Court, jury, and court personnel;

16               (vi)   Graphics, translation, design, and/or trial consulting personnel,

17  having first agreed to be bound by the provisions of the Protective Order by signing a copy

18  of Exhibit A;

19               (vii)  Mock jurors who have signed an undertaking or agreement

20  agreeing not to publicly disclose Protected Material and to keep any information

21  concerning Protected Material confidential;

22               (viii) Any mediator who is assigned to hear this matter, and his or her

23  staff, subject to their agreement to maintain confidentiality to the same degree as required

24  by this Protective Order; and

25               (ix)   Any other person with the prior written consent of the Producing

26  Party.

27

28

PROTECTIVE ORDER                        9              CASE NO.   8:22-CV-1874-JVS-JDE

**9.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –
ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, and employee information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform

PROTECTIVE ORDER                         10                 CASE NO.  8:22-CV-1874-JVS-JDE

such work; and provided that:    (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)    Any other person with the prior written consent of the Producing Party.

**10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a) To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

PROTECTIVE ORDER                11            CASE NO.  8:22-CV-1874-JVS-JDE

(b)  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)  The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)  Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:   (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)  Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)  The Court, jury, and court personnel;

PROTECTIVE ORDER                        12              CASE NO.  8:22-CV-1874-JVS-JDE

(v)    Any mediator who is assigned to hear this matter, and his or her

staff, subject to their agreement to maintain confidentiality to the same degree as required

by this Protective Order; and

(vi)    Any other person with the prior written consent of the Producing

Party.

**11.    <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>**

(a)  Any Source Code that is produced by Plaintiff shall be made available for

inspection in electronic format at the San Francisco office of its outside counsel, Kobre &

Kim, or any other location mutually agreed by the Parties.  Any Source Code that is

produced by Defendant will be made available for inspection at the San Francisco office

of its outside counsel, Kirkland & Ellis, or any other location mutually agreed by the

Parties.  Source Code will be made available for inspection between the hours of 8 a.m.

and 6 p.m. pacific time on business days (i.e., weekdays that are not Federal holidays),

although the Parties will be reasonable in accommodating reasonable requests to conduct

inspections at other times.

(b)  Prior to the first inspection of any requested Source Code, the Receiving

Party shall provide fifteen (15) days' notice of the Source Code that it wishes to inspect.

The Receiving Party shall provide ten (10) days' notice prior to any additional inspections.

Nothing herein shall prohibit the parties from amending this provision by agreement and

the Parties will be reasonable in accommodating reasonable requests to do so.

(c)  Source Code that is designated "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and

review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party

to the Receiving Party's outside counsel and/or experts in a secure room on a secured

computer without Internet access or network access to other computers and on which all

access ports have been disabled (except for one printer port), as necessary and appropriate

to prevent and protect against any unauthorized copying, transmission, removal or other

PROTECTIVE ORDER                    13          CASE NO.  8:22-CV-1874-JVS-JDE

transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that: (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD, DVD, or other storage medium containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.

Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.   The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.   The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).   Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.   The Receiving Party may print out no more than 100 pages total.   The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).   Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.   The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.   Within fourteen (14) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.   If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution pursuant to Local Civil Rule 37-1, et seq., of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.   The burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose.   The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.    Such identification shall be in addition to any other disclosure required under this Order.    All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.    The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.    The Producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect.    Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.    Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.    The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

PROTECTIVE ORDER                    16            CASE No.  8:22-CV-1874-JVS-JDE

1         (ix)    The Receiving Party's outside counsel of record may make no

2 more than three (3) additional paper copies of any portions of the Source Code received

3 from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to

4 court filings or used at depositions, and shall maintain a log of all paper copies of the Source

5 Code.   The log shall include the names of the reviewers and/or recipients of paper copies

6 and locations where the paper copies are stored.   Upon one (1) day's advance notice to the

7 Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this

8 log to the Producing Party.

9         (x)    The Receiving Party's outside counsel of record and any person

10 receiving a copy of any Source Code shall maintain and store any paper copies of the

11 Source Code at their offices in a manner that prevents duplication of or unauthorized access

12 to the Source Code, including, without limitation, storing the Source Code in a locked room

13 or cabinet at all times when it is not in use.   No more than a total of ten (10) individuals

14 identified by the Receiving Party shall have access to the printed portions of the Source

15 Code (except insofar as such code appears in any court filing or expert report).

16         (xi)    For depositions, the Receiving Party shall not bring copies of any

17 printed Source Code.   Rather, at least five (5) days before the date of the deposition, the

18 Receiving Party shall notify the Producing Party about the specific portions of Source Code

19 it wishes to use at the deposition, and the Producing Party shall bring printed copies of

20 those portions to the deposition for use by the Receiving Party.   Copies of Source Code

21 that are marked as deposition exhibits shall not be provided to the court reporter or attached

22 to deposition transcripts; rather, the deposition record will identify the exhibit by its

23 production numbers.   All paper copies of Source Code brought to the deposition shall

24 remain with the Producing Party's outside counsel for secure destruction in a timely

25 manner following the deposition.

26         (xii)    Except as provided in this sub-paragraph, absent express written

27 permission from the Producing Party, the Receiving Party may not create electronic

28 images, or any other images, or make electronic copies, of the Source Code from any paper

PROTECTIVE ORDER               17       CASE NO.  8:22-CV-1874-JVS-JDE

1   copy of Source Code for use in any manner (including by way of example only, the
2   Receiving Party may not scan the Source Code to a PDF or photograph the Source Code).
3   Images or copies of Source Code shall not be included in correspondence between the
4   Parties (references to production numbers shall be used instead), and shall be omitted from
5   pleadings and other papers whenever possible.   If a Party reasonably believes that it needs
6   to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet
7   and confer as to how to make such a filing while protecting the confidentiality of the Source
8   Code in accordance with Local Civil Rule 79-5, et seq.  If a Producing Party agrees to
9   produce an electronic copy of all or any portion of its Source Code or provide written
10  permission to the Receiving Party that an electronic or any other copy needs to be made
11  for a Court filing, access to the Receiving Party's submission, communication, and/or
12  disclosure of electronic files or other materials containing any portion of Source Code
13  (paper or electronic) shall at all times be limited solely to individuals who are expressly
14  authorized to view Source Code under the provisions of this Order.   Where the Producing
15  Party has provided the express written permission required under this provision for a
16  Receiving Party to create electronic copies of Source Code, the Receiving Party shall
17  maintain a log of all such electronic copies of any portion of Source Code in its possession
18  or in the possession of its retained consultants, including the names of the reviewers and/or
19  recipients of any such electronic copies, and the locations and manner in which the
20  electronic copies are stored.   Additionally, any such electronic copies must be labeled
21  "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in
22  this Order.

23      **12.    NOTICE OF DISCLOSURE**

24          (a) Prior to disclosing any Protected Material to any person described in
25  Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"),
26  the Party seeking to disclose such information shall provide the Producing Party with
27  written notice that includes:

28              (i)     the name of the Person;

PROTECTIVE ORDER                          18          CASE NO.  8:22-CV-1874-JVS-JDE

1        (ii)    an up-to-date curriculum vitae of the Person;

2        (iii)    the present employer and title of the Person;

3        (iv)    an identification of all of the Person's past and current

4    employment and consulting relationships going back five (5) years;

5        (v)    a list of the cases in which the Person has testified at deposition

6    or trial within the last five (5) years.

7        (b)  Within fourteen (14) days of receipt of the disclosure of the Person, the

8    Producing Party or Parties may object in writing to the Person for good cause.  In the

9    absence of an objection at the end of the fourteen (14) day period, the Person shall be

10    deemed approved under this Protective Order.   There shall be no disclosure of Protected

11    Material to the Person prior to expiration of this fourteen (14) day period.   If the Producing

12    Party objects to disclosure to the Person within such fourteen (14) day period, the Parties

13    shall meet and confer via telephone or in person within seven (7) days following the

14    objection and attempt in good faith to resolve the dispute on an informal basis.  If the

15    dispute is not resolved, the Party objecting to the disclosure will have fourteen (14) days

16    from the date of the meet and confer to seek relief from the Court in accordance with Local

17    Civil Rule 37-1, et seq.   If relief is not sought from the Court within that time, the objection

18    shall be deemed withdrawn.   If relief is sought, designated materials shall not be disclosed

19    to the Person in question until the Court resolves the objection.

20        (c)  For purposes of this section, "good cause" shall include an objectively

21    reasonable concern that the Person will, advertently or inadvertently, use or disclose

22    Discovery Materials in a way or ways that are inconsistent with the provisions contained

23    in this Order.

24        (d)  Prior to receiving any Protected Material under this Order, the Person

25    must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A

26    hereto) and serve it on all Parties.

27        (e)  An initial failure to object to a Person under this Paragraph 12 shall not

28    preclude the nonobjecting Party from later objecting to continued access by that Person for

PROTECTIVE ORDER                19        CASE NO.  8:22-CV-1874-JVS-JDE

good cause.   If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.   If the dispute is not resolved, the Party objecting to the disclosure will have fourteen (14) days from the date of the meet and confer to seek relief from the Court in accordance with Local Rule 37-1, et seq.   The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.   If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.   Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within fourteen (14) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

### 13.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.   The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court in accordance with Local Civil Rule 37-1, et seq., for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.   The Parties' stipulation to the entry of this Order shall not preclude or

prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14.    SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena. Nothing in this Order authorizes any person or entity to disregard a lawful order or lawful process from any tribunal.

**15.    FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons under Local Civil Rule 79-5 et. seq., a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized under Local Civil Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.   However, nothing in this section shall in any way limit or detract from this Order's other requirements as to Source Code.

**16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the

mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

(b) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(c) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(d) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 17.  <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.   The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.   Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.   Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" "CONFIDENTIAL – SUBJECT TO EXPORT CONTROL PROVISIONS," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

**18.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**19.     FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.   For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.   Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must

return any pleadings, correspondence, and consultant work product that contain Source Code.

**20.    DISCOVERY FROM EXPERTS OR CONSULTANTS**

The parties recognize the protections the Federal Rules of Civil Procedure and this Court's local rules afford to experts in their preparation as well as communications between an expert and attorneys.   The parties offer no changes to any party's rights or responsibilities under these rules.

**21.    MISCELLANEOUS**

(a) Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.   By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter and Retention of Jurisdiction.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.   The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c) Successors.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) Right to Assert Other Objections.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or

otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>.    Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>.    This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.   The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California. Nothing in this Order governs the use of any material at trial; use of material at trial will be governed by orders of the trial judge.

(g) <u>Discovery Rules Remain Unchanged</u>.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.   Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

IT IS SO ORDERED.

DATED:  July 27, 2023

JOHN D. EARLY
United States Magistrate Judge

PROTECTIVE ORDER                    26              CASE NO.  8:22-CV-1874-JVS-JDE

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *RJ Technology LLC v. Apple Inc.*, United States District Court, Central District of California, Southern Division, Civil Action No. 8:22-cv-1874-JVS-JDE.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

PROTECTIVE ORDER                        CASE No.  8:22-CV-1874-JVS-JDE