UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br>　　　　Plaintiff,<br>　　v.<br>ALIVECOR, INC.,<br>　　　　Defendant. | Case No. 22-cv-07608-HSG<br><br>**ORDER DENYING MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 66 |

　　　　Before the Court is Plaintiff's motion to consider whether another party's materials should be sealed.  The Court **DENIES** the motion.

**I.　LEGAL STANDARD**

　　　　Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

　　　　Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *id.* at 1179–80.  The "good cause" standard requires a "particularized showing" that "specific

prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

When a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See* Civ. L-R 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.  DISCUSSION

Plaintiff filed a motion to consider whether to seal Exhibit 6 of its Opposition to Defendant's Motion to Stay Pending *Inter Partes* Review—an exhibit which Defendant marked as confidential. Dkt No. 66 at 2. Defendant timely filed a response. *See* Dkt. No. 68. Defendant requests the Court seal a narrow portion of Exhibit 6: (1) a table describing Defendant's internal product codes; and (2) a table describing release dates for Defendant's products. Dkt. No. 68 at 2; Dkt. No. 66-3 at 9–12. Defendant argues that these tables "[contain] AliveCor's commercially sensitive, generally unknown, and/or valuable trade secret information regarding the accused products and AliveCor's business operations and financials." Dkt. No. 68 at 2. Defendant states that disclosure "may place AliveCor at a commercial disadvantage in the future, adversely impact its business relationships and plans, and cause it competitive harm." *Id.* at 2–3.

Because Plaintiff seeks to seal documents related to a nondispositive motion to stay that is only "tangentially related to the merits of the case," the Court applies the "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (applying the "good cause" standard to a motion to stay).

Defendant's "[b]road allegations of harm, unsubstantiated by specific examples of

articulated reasoning" are insufficient to constitute a particularized showing of prejudice or harm. *See Beckman Indus.*, 966 F.2d at 476. Defendant's generic declaration asserts in apparent boilerplate language that the material to be sealed "include[es] without limitation business strategies, customer relationship information, technical details, and trade secret information," even though few if any of those categories could even arguably actually apply. *See* Dkt. No. 68 at 2. Defendant does not explain why disclosure of the internal product codes or product release dates would impact its business relationships or otherwise cause any competitive harms. *Cf. Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-CV-2226 SI KAW, 2013 WL 431343, at *2 (N.D. Cal. Feb. 1, 2013) (noting that the mere fact that product information—including internal product codes—was confidential did not satisfy the necessary showing of harm); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing product codes, but only where the declaration included a sufficient particularized showing). Moreover, Defendant does not explain why disclosure of product release dates years ago—presumably a matter of public record—could be prejudicial.[1] Accordingly, the Court denies Dkt. No. 66.

//
//
//
//
//
//
//
//
//

---

[1] Given the context of the interrogatory, it is possible that the "release dates" listed in the table are the development or conception dates. But Defendant does not provide any information from which the Court could make this conclusion.

3

### III. CONCLUSION

The Court **DENIES** Plaintiff's motion to determine whether another party's material should be sealed, Dkt. No. 66, **WITHOUT PREDJUCE**. But within seven (7) days of this order, Defendant may file a declaration justifying the continued sealing of excerpts of Exhibit 6. *See* Civil L.R. 79-5(f)(3). In the alternative, the parties may within seven days submit a joint request for withdrawal of the document. Civil L.R. 79-5(g)(2). If neither of these things happens, the parties will be required to file a public version of the document.

**IT IS SO ORDERED.**

Dated: 9/18/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge