1  Philip C. Ducker (SBN 262644)
   Michelle A. Clark (SBN 243777)
2  Katherine G. Rubschlager (SBN 328100)
   ALSTON & BIRD, LLP
3  55 2nd Street, Suite 2100
   San Francisco, California 94105-0912
4  Telephone: (415) 243-1000
   Facsimile: (415) 243-1001
5  phil.ducker@alston.com
   michelle.clark@alston.com
6  katherine.rubschlager@alston.com

7  *Attorneys for AliveCor, Inc.*

8  *Additional counsel on signature page*

9              **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11                  **OAKLAND DIVISION**

12                                              Case No. 4:22-cv-07608-HSG
                                                Judge: Hon. Haywood S. Gilliam, Jr.
13  APPLE INC.,

14           Plaintiff,                         **NOTICE OF SUPPLEMENTAL
                                                EVIDENCE**
15       v.

16  ALIVECOR, INC.,

17           Defendant.

18

19

20

21

22

23

24

25

26

27

28

1    **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         Defendant AliveCor, Inc. ("AliveCor" or "Defendant") submits this Notice of Supplemental

3    Identification of Evidence in support of AliveCor's proposed claim constructions (Dkt. 161, Exhibit

4    A) and its Responsive Claim Construction Brief (Dkt. 144).  Attached hereto as **Exhibit A** is Apple

5    Inc.'s Response Brief filed on October 23, 2025, in *AliveCor, Inc. v. Apple Inc.*, Appl. No. 25-1600

6    (Fed. Cir.) (Appeal from USPTO PTAB No. IPR 2023-00950). Attached hereto as **Exhibit B** is an

7    email communication between Apple (Applicant) and the Examiner dated August 16, 2016 regarding

8    the Examiner Interview that preceded Apple's September 2, 2016 amendment of the proposed claims.

9    Exhibit B was produced by prosecution counsel for the '257 Patent in or around October 22, 2025.

10        Statements made by Apple in **Exhibit A** are relevant to support AliveCor's arguments that

11   (1) a person of ordinary skill in the art would understand that the claimed first pad is not "an exposed

12   first pad/electrode;" and (2) that a person of ordinary skill in the art would understand that the plain

13   and ordinary meaning of the term "embedded in" is "enclosed within a separate and distinct

14   surrounding material." *See*:

15   **U.S. PATENT NO. 10,076,257**

16

17

| '257 Patent Term | AliveCor's Proposed Construction | Supplemental References |
|---|---|---|
| "wherein an exterior surface of the enclosure comprises an exterior surface of the first portion, wherein the first pad is positioned underneath the exterior surface of the first portion" | Plain and ordinary meaning, which does not include an exposed first pad/electrode. | Exhibit A including at least:<br><br>• Pg. 1 ("There is no dispute that, as the Board held, in claims 1-14, the "first pad is recognized as a distinct structure or component from a first portion of an enclosure" and "the **pad is positioned underneath that first portion in a manner such that the pad is <u>concealed</u> from a user**.")<br><br>• Page 31 ("The relevant question before the Board was whether AliveCor proved that U.S. Nissilä's **electrodes (the alleged 'pad' of the claims**) are (a) *underneath* a membrane structure that is (b) *separate* |

| | | |
|---|---|---|
| | | from the electrodes (the alleged 'first portion of an enclosure' of the claims) (emphasis original).[1] |
| "embedded in" | Plain and ordinary meaning which is "enclosed within a separate and distinct surrounding material." | Exhibit A including at least:<br><br>Pg. 12 ("Apple noted that, '[a]s shown in the cross-section of the embodiment of FIG. 4 [*i.e.*, FIG. 5 (*see* Appx1817 (4:35-41))], the reference numeral 119 is pointing to the electrode 118, 122 and not a separate membrane structure surrounding or enclosing the electrode 118, 122." Appx522. That is, 'the membrane *is* the material that makes up the electrodes, not **a separate material** that **encloses** the electrodes.'") |

Statements made by Apple in **Exhibit B** are relevant to support AliveCor's argument that a person of ordinary skill in the art (in view of the prosecution history and extrinsic evidence) would understand that the claimed "first pad", *i.e.*, the constituent component or part of the lead "configured to detect a first electrical signal of the user's cardiac signal via the user's skin's contact," is an example of an "electrode," as that term is used in the file history.[2] *See*:

**U.S. PATENT NO. 10,076,257**

| '257 Patent Term | AliveCor's Proposed Construction | Supplemental References |
|---|---|---|
| "wherein an exterior surface of the enclosure comprises an exterior surface of the first portion, wherein the first pad is positioned underneath the exterior | Plain and ordinary meaning, which does not include an exposed first pad/electrode. | Exhibit B including at least:<br><br>• VAN00000079 ("I will call you at 571-272-4939 at that time to discuss U.S. Application No. 14/136,658, and specifically to discuss the language of independent claims 29 and 40 with respect to Gilles et al. U.S. |

---

[1] Emphasis in *italics* is original; emphasis in **bold** is added.
[2] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980-81 (Fed. Cir. 1995) (statements by the patentees may offer "the clearest exposition of the significance which the terms employed in the claims had for those skilled in the art") (citing *U.S. Indus. Chems., Inc. v. Carbide & Carbon Chems. Corp.*, 315 U.S. 668, 678, 53 U.S.P.Q. (BNA) 6, 10, 86 L. Ed. 1105, 62 S. Ct. 839 (1942)).

| surface of the first portion" | | Patent No. 4,635,646 and the use of the term 'lead' vs. 'electrode.'") |
| --- | --- | --- |

1

2      Dated: October 27, 2025

3                                        **ALSTON & BIRD LLP**

4                        BY:   */s/ Philip C. Ducker*

5                              Philip C. Ducker (SBN 262644)
                               Michelle A. Clark (SBN 243777)
6                              Katherine G. Rubschlager (SBN 328100)
                               55 2nd Street, Suite 2100
7                              San Francisco, California 94105-0912
                               Telephone: (415) 243-1000
8                              Facsimile: (415) 243-1001
                               phil.ducker@alston.com
9                              michelle.clark@alston.com
10                             katherine.rubschlager@alston.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2    Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on

3  October 27, 2025, all counsel of record who have appeared in this case were served with a copy of

4  the foregoing via e-mail.

5

6

7                                                    */s/ Philip C. Ducker*

8                                                    Philip C. Ducker

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28