Philip C. Ducker (SBN 262644)
Michelle A. Clark (SBN 243777)
Katherine G. Rubschlager (SBN 328100)
ALSTON & BIRD, LLP
55 Second Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
phil.ducker@alston.com
michelle.clark@alston.com
katherine.rubschlager@alston.com

*Attorneys for Defendant AliveCor, Inc.*

*Additional counsel on signature page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

APPLE INC.,

    Plaintiff,

  v.

ALIVECOR, INC.,

    Defendant.

Case No. 4:22-cv-07608-HSG

**DECLARATION OF PHILIP C. DUCKER IN SUPPORT OF ALIVECOR INC.'S MOTION FOR LEAVE TO SUPPLEMENT AND AMEND ITS INVALIDITY CONENTIONS PURSUANT TO PATENT LOCAL RULE 3-6**

**TABLE OF ABBREVIATIONS**

| Abbr. | Description |
|---|---|
| '257 Patent | U.S. Patent No. 10,076,257, Dkt. 1-7 |
| '898 Patent | U.S. Patent No. 10,270,898, Dkt. 1-9 |
| '533 Patent | U.S. Patent No. 10,568,533, Dkt. 1-13 |
| Asserted Patents | The '257 Patent, '898 Patent, and '533 Patent |
| AliveCor's Invalidity Contentions | AliveCor's Preliminary Invalidity Contentions Pursuant to Patent L.R. 3-3, served on September 8, 2023 (Ex. A) |
| AliveCor's Amended Invalidity Contentions | AliveCor's Amended Invalidity Contentions, served February 2, 2026 (Exs. C, D, E) |
| Casio | Casio America, Inc. |
| Omron | Omron Healthcare, Inc. |
| New Balance | New Balance Athletics, Inc. |
| Life Fitness | Life Fitness, LLC |
| Precor | Precor Inc. |
| Fitbit | Fibtit LLC |
| '898 Patent IPR Proceeding | *AliveCor, Inc. v. Apple Inc.*, IPR2023-01434 (P.T.A.B.) |
| '257 Patent IPR Proceeding | *AliveCor, Inc. v. Apple Inc.*, IPR2023-00950 (P.T.A.B.) |
| ITC Investigation | *Certain Wearable Electronic Devices*, Inv. No. 337-TA-1266 (U.S.I.T.C.) |

I, Philip C. Ducker, make the following declaration:

1. I am over the age of 18 and competent to make this declaration. All the statements made in this declaration are based on my personal knowledge.

2. I am an attorney licensed to practice law in the State of California. I am a Partner at the law firm of Alston & Bird LLP and counsel for Defendant AliveCor, Inc. ("AliveCor") in the above-referenced action.

3. After the stay was lifted in March 2025, AliveCor resumed efforts to seek third-party discovery regarding relevant prior art. AliveCor issued subpoenas to Casio America, Inc. ("Casio"), Omron Healthcare, Inc. ("Omron"), and Fitbit LLC ("Fitbit"), who are all prior artists identified in AliveCor's Invalidity Contentions, served on September 8, 2023. AliveCor also served subpoenas on New Balance Athletics, Inc. ("New Balance"), Life Fitness, LLC ("Life Fitness"), and Precor Inc ("Precor"), who were identified as potential prior artists. AliveCor provided Apple Inc. ("Apple") with the appropriate notice of each subpoena prior to service and promptly produced to Apple the documents that AliveCor received in response to its subpoenas. AliveCor analyzed the documents and information produced by the third parties and prepared Amended Invalidity Contentions, including amended and supplemental claim charts and an amended cover pleading.

4. AliveCor prepared redlines comparing the amended claim charts (**Exhibit C**) to the original charts served with AliveCor's Invalidity Contentions in 2023. AliveCor was not able to prepare a redline of Exhibit A-09 (charting the Omron HeartScan HCG-801 product) due to technical complications caused by the file size of the amended and original Exhibit A-09.

5. AliveCor served documents produced by Casio on Apple via email on September 5, 2025.

6. AliveCor purchased an Omron HeartScan HCG-801 on eBay in August 2023. The physical product arrived from eBay sealed, and the internal structure (relevant to the claims of the '257 Patent) could not be accessed without damaging the product.

7. AliveCor contacted Omron on August 29, 2023, seeking documents regarding the design, functionality, and sale of the Omron HeartScan HCG-801. AliveCor believed it would be able to locate documents from Omron that showed the internal characteristics of the HeartScan HCG-801

without tearing down the device. Conversations with Omron paused during the stay, and resumed on May 21, 2025.

8. After AliveCor issued a subpoena to Omron, Omron represented that responsive documents exist on September 14, 2023. Omron provided AliveCor with a screenshot of a document via email on October 16, 2025. AliveCor requested the underlying document so that it may be produced in the litigation. The screenshot was ultimately produced.

9. Omron produced documents responsive to AliveCor's subpoena on November 26, 2025. Omron explained that it had taken substantial time and effort, including consulting with Omron's former President, to identify the responsive material. Omron further represented that it is continuing to search for and produce additional potentially relevant material. Following confirmation regarding the confidentiality of Omron's production, AliveCor served the Omron productions on Apple on December 17, 2025.

10. While discussions with Omron were ongoing, AliveCor located additional evidence regarding the public availability of the Omron prior art as well as its salient features. AliveCor attorneys obtained an additional Omron HeartScan HCG-801 product form public sources and tore down the device to further elucidate its constituent components.

11. AliveCor initially contacted Fitibit on August 24, 2023, seeking its assistance in locating documents regarding the design, functionality, and sale of the Fitbit products, mobile app, and website/dashboard that were on sale or otherwise in use prior to the earliest priority date of the '898 Patent. These conversations continued from August 2023 until the Court stayed the case in December 2023. Counsel for AliveCor met with Fitbit's internal counsel to discuss AliveCor's document requests just prior to the stay issued on December 20, 2023.

12. Following technical issues with the format of Fitbit's production, AliveCor served the Fitbit production on Apple on October 27, 2025.

13. AliveCor's supplement is based on videos and photos of the only KardiaBand and Apple Watch that AliveCor is aware of that runs a version of AliveCor's Watch App with a first and second user interface that meet the limitations of the asserted claims of the '533 Patent and illustrating their operation as they existed and were used publicly before the priority date of the '533 Patent. At

the time of the original contention deadline, this product was a physical exhibit in the ITC Investigation between AliveCor and Apple, *Certain Wearable Electronic Devices*, Inv. No. 337-TA-1266 (U.S.I.T.C.). To preserve chain of custody, the physical exhibit remained in possession of outside counsel for AliveCor in that matter. The KardiaBand-Apple Watch exhibit was made available for counsel for Apple in the ITC Investigation. It was not within the possession of AliveCor or its counsel in this case until the conclusion of the ITC Investigation.

14. AliveCor regained possession of the product in August 2025 after the Federal Circuit decision issued, concluding the ITC Investigation. Thereafter, counsel for AliveCor sought expert assistance to identify the relevant features of the application running on the Watch. Authenticating the Apple Watch and the App running on it is challenging because iOS includes an automatic update feature that would spoliate the relevant prior art evidence and also render the application running on the Apple Watch inoperable if it were connected to the Internet.

15. New Balance responded to AliveCor's subpoena and produced a hard copy of its production. New Balance supplemented its production to address formatting and eligibility concerns on November 6, 2025.

16. Between August and October 2025, counsel for AliveCor met and conferred with counsel for Life Fitness on multiple occasions regarding Life Fitness's response to the subpoena. Counsel met on August 28, September 8, September 17, September 29, and October 1, 2025. Life Fitness produced responsive documents on October 6, 2025 and again on October 27, 2025.

17. Precor produced documents responsive to AliveCor's subpoena on October 3, 2025.

18. All documents produced by New Balance, Life Fitness, and Precor were produced to Apple on a timely basis, upon receipt.

19. AliveCor originally identified and charted the Casio, Omron, Fitbit, KardiaBand, KardiaMobile, and ECGPen prior art products in its Invalidity Contentions in September 2023. AliveCor's invalidity contentions demonstrated how each of these products anticipate and/or render obvious the asserted claims based on the publicly available information AliveCor had as of the contention deadline.

20. AliveCor continued to diligently investigate and pursue discovery regarding prior art products after serving its Invalidity Contentions in September 2023. For example, AliveCor was in contact with Omron and Fitbit, and AliveCor was preparing to subpoena Casio. Informed by the parties' positions taken in the '257 Patent IPR Proceeding and this litigation, AliveCor identified New Balance, Life Fitness, and Precor as potential prior artists.

21. Attached hereto as **Exhibit A** is a true and correct copy of Defendant AliveCor's Preliminary Invalidity Contentions Pursuant to Patent L.R. 3-3, served on September 8, 2023.

22. Attached hereto as **Exhibit B** is a true and correct copy of an email from Michelle Clark to Kat Li, dated February 13, 2026.

23. Attached hereto as **Exhibit C** is a true and correct copy of the amended claim charts attached to AliveCor's Amended Invalidity Contentions, including amended claim charts for Exhibit A-04 (Casio BP-100), Exhibit A-09 (Omron HeartScan HCG-801), Exhibit B-02 (Cohen), Exhibit B-04 (Fitbit Products), Exhibit B-10 (Molettiere), Exhibit B-11 (Shaanan), Exhibit D-01 (KardiaBand), Exhibit D-03 (KardiaMobile), and Exhibit D-04 (ECGPen).

24. Attached hereto as **Exhibit D** is a true and correct copy of the supplemental claim charts attached to AliveCor's Amended Invalidity Contentions, including Exhibit A-13 (New Balance HRT Max), Exhibit A-14 (Life Fitness exercise equipment), Exhibit A-15 (Precor exercise equipment), Exhibit A-16 (Precor exercise equipment in combination with the Polar Strap), Exhibit A-17 (Life Fitness exercise equipment in view of U.S. Patent No. 7,255,609), Exhibit A-18 (Precor exercise equipment in view of U.S. Patent No. 7,255,609), Exhibit A-19 (Omron HeartScan HCG-801 in view of Mills), Exhibit A-20 (Casio BP-100 in view of Mills), and Exhibit A-21 (New Balance HRT Max in view of Mills).

25. Attached hereto as **Exhibit E** is a true and correct copy of AliveCor's Amended Invalidity Contentions cover pleading, served on February 2, 2026.

26. Attached hereto as **Exhibit F** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to Casio America, Inc., dated August 8, 2025.

27. Attached hereto as **Exhibit G** is a true and correct copy of proof of service of AliveCor's subpoena to Casio America, Inc., dated August 15, 2025.

28. Attached hereto as **Exhibit H** is a true and correct copy of Casio America's Response to AliveCor's Subpoena to Produce Documents.

29. Attached hereto as **Exhibit I** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to Omron Healthcare, Inc., dated July 8, 2025.

30. Attached hereto as **Exhibit J** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to Fitbit LLC, dated August 8, 2025.

31. Attached hereto as **Exhibit K** is a true and correct copy of proof of service of AliveCor's subpoena to Fitbitt.

32. Attached hereto as **Exhibit L** is a true and correct copy of a letter from Matthew S. Warren to Katherine G. Rubschlager, dated September 10, 2025.

33. Attached hereto as **Exhibit M** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to New Balance Athletics, Inc., dated August 11, 2025.

34. Attached hereto as **Exhibit N** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to Life Fitness, LLC, dated August 11, 2025.

35. Attached hereto as **Exhibit O** is a true and correct copy of AliveCor, Inc.'s Notice of Subpoena to Precor Inc., dated August 11, 2025.

36. Attached hereto as **Exhibit P** is a true and correct copy of proof of service of AliveCor's subpoena to New Balance.

37. Attached hereto as **Exhibit Q** is a true and correct copy of proof of service of AliveCor's subpoena to Life Fitness.

38. Attached hereto as **Exhibit R** is a true and correct copy of proof of service of AliveCor's subpoena to Precor.

39. Attached hereto as **Exhibit S** is a true and correct copy of Apple's Second Supplemental Objections and Responses to AliveCor's First Set of Interrogatories (No. 3), served July 16, 2025.

40. Attached hereto as **Exhibit T** is a true and correct copy of Exhibit C to Apple's Preliminary Infringement Contentions, served July 25, 2023.

41.     Attached hereto as **Exhibit U** is a true and correct copy of Apple's Patent Owner's Preliminary Response in *AliveCor, Inc. v. Apple Inc.*, IPR2023-01434, Paper 6 (P.T.A.B Jan. 5, 2024).

42.     Attached hereto as **Exhibit V** is a true and correct copy of AliveCor's First Supplemental Disclosures, dated November 17, 2023.

43.     Attached hereto as **Exhibit W** is a true and correct copy of the transcript of the proceedings held on August 22, 2025 in *Apple Inc. v. AliveCor*, No. 4:22-cv-07608 (N.D. Cal.).

Pursuant to 17 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 13, 2026

/s/ Philip C. Ducker

Philip C. Ducker