# EXHIBIT B

| | |
|---|---|
| **From:** | Clark, Michelle |
| **Sent:** | Friday, February 13, 2026 7:38 PM |
| **To:** | Li, Kat; Beaton, Erin; Polins, Greg; #Apple-Kirkland-AliveCor |
| **Cc:** | Apple Alivecor ND CAL |
| **Subject:** | Re: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions |

Kat,

We provided redlines for all charts except the one chart that was too big for our program to redline. There is no difference between what I said and what Erin said nor is there some undisclosed category of changes that you haven't been made aware of - but if you still have questions, you can call me now and we can discuss. 559-908-6144.

Michelle

---

**From:** Li, Kat <kat.li@kirkland.com>
**Sent:** Friday, February 13, 2026 4:13:51 PM
**To:** Beaton, Erin <Erin.Beaton@alston.com>; Clark, Michelle <Michelle.Clark@alston.com>; Polins, Greg <greg.polins@kirkland.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

**EXTERNAL SENDER – Proceed with caution**

---

Michelle and Erin—Thank you for the additional information about AliveCor's amended invalidity contentions, but there are still several outstanding issues that need to be resolved before Apple can take a position on AliveCor's amended invalidity contentions.

First, while you have told us what the changes are, you still have not actually shown us what they are. As acknowledged below, you sent us redlines of only "some of the amended charts." We cannot agree to your amendments, if we still do not know exactly what changes were made.

Second, the additional explanation you provided below is different from what AliveCor previously stated the amendments were based on ("discovered new evidence and identified new prior art through continued diligent efforts and based on positions taken by Apple during claim construction" Feb. 2, 2026 E. Beaton email). Thus, Apple needs more time to analyze AliveCor's amended invalidity contentions based on the below rationales before taking a position.

Third, is AliveCor representing that the below enumerated list of 3 items is the full universe of all changes that were made to its invalidity contentions?

Apple hopes that the parties can work together to avoid burdening Court, if possible. Thus, we would like to understand what exactly your amendments are so that we can determine whether we agree to them.

Best,
Kat

**Kat Li, P.C.**

**KIRKLAND & ELLIS LLP**
401 W. 4th St., Austin, TX 78701
**T** +1 512 678 9167  **F** +1 512 678 9101

kat.li@kirkland.com

---

**From:** Beaton, Erin <Erin.Beaton@alston.com>
**Sent:** Thursday, February 12, 2026 3:07 PM
**To:** Clark, Michelle <Michelle.Clark@alston.com>; Polins, Greg <greg.polins@kirkland.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Hi Greg,

Please see below for a list of proposed combinations for each of the remaining asserted patents.

**'257 Patent**

- Exhibit A-04: Casio BP-100 alone or in view of one of skill in the art;
- Exhibit A-09: Omron HeartScan HCG-801 alone or in view of one of skill in the art;
- Exhibit A-13: New Balance HRT Max alone or in view of one of skill in the art;
- Exhibit A-14: Life Fitness exercise equipment alone, in view of other Life Fitness exercise equipment, and/or in view of one of skill in the art;
- Exhibit A-15: Precor exercise equipment alone or in view of one of skill in the art;
- Exhibit A-16: Precor exercise equipment in combination with the Polar Strap, further in view of Nissilä, and/or further in view of one of skill in the art;
- Exhibit A-17: Life Fitness exercise equipment in view of the '609 Patent and/or further in view of one of skill in the art;
- Exhibit A-18: Precor exercise equipment in view of the '609 Patent and/or further in view of one of skill in the art;
- Exhibit A-19: Omron HeartScan HCG-801 in view of Mills and/or further in view of one of skill in the art;
- Exhibit A-20: Casio BP-100 in view of Mills and/or further in view of one of skill in the art; and
- Exhibit A-21: New Balance HRT Max in view of Mills and/or further in view of one of skill in the art.

In each of Amended Exhibits A-04 and A-09 and in Exhibits A-13 through A-21, AliveCor also provides exemplary citations to secondary prior art references previously identified in AliveCor's Appendix A, including Chen, Cudahy, Sujdak, Ceballos, Gilles, and Weiss.

**'898 Patent**

- Exhibit B-01: Cannon alone or in view of one of skill in the art;
- Exhibit B-02: Cohen alone, or in view of one of skill in the art, and/or in view of Shannan;
- Exhibit B-03: Couse alone or in view of one of skill in the art;
- Exhibit B-04: Fitbit products alone or in view of one of skill in the art;
- Exhibit B-05: Garmin products alone or in view of one of skill in the art;
- Exhibit B-06: Halsted alone or in view of one of skill in the art;
- Exhibit B-07: Health Tracker alone or in view of one of skill in the art;
- Exhibit B-08: Hoffman alone or in view of one of skill in the art;
- Exhibit B-09: Kuppuraj alone or in view of one of skill in the art;
- Exhibit B-10: Molettiere alone, or in view of one of skill in the art, fand/or in view of Hoffman, Yuen, and/or Fitbit
- Exhibit B-11: Shaanan alone, or in view of one of skill in the art, and/or in view of Cohen;
- Exhibit B-12: Withings Health Mate alone or in view of one of skill in the art; and
- Exhibit B-13: Yuen alone or in view of one of skill in the art.

**'533 Patent**

- <u>Exhibit D-01</u>**:** KardiaBand alone, in view of one of skill in the art, and/or in view of KardiaMobile and/or ECGPen;
- <u>Exhibit D-02</u>: Ahit alone or in view of one of skill in the art;
- <u>Exhibit D-03</u>: KardiaMobile alone, in view of one of skill in the art, and/or in view of KardiaBand and/or ECGPen;
- <u>Exhibit D-04</u>: ECGPen alone, in view of one of skill in the art, and/or in view of KardiaBand and/or KardiaMobile;
- <u>Exhibit D-05</u>: Hooper alone or in view of one of skill in the art;
- <u>Exhibit D-06</u>: Nakada alone or in view of one of skill in the art; and
- <u>Exhibit D-07</u>: Lee alone or in view of one of skill in the art.

Erin Beaton
Associate
**ALSTON & BIRD**
+1 704 444 1316 (O)

---

**From:** Clark, Michelle <Michelle.Clark@alston.com>
**Sent:** Thursday, February 12, 2026 2:06 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Beaton, Erin <Erin.Beaton@alston.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Hi Greg,

I looked into the issue we discussed and can clarify AliveCor's proposed amendment as follows:

1. **AliveCor seeks to amend its invalidity contentions to reflect evidence that was located based on further investigation and discovery from third parties.** With one exception, that universe of prior art relates to prior art products. The one exception is a combination reference, U.S. Patent No. 7,255,609, which is paper prior art that is charted in combination with Precor (Exhibit A-18) and Life Fitness (Exhibit A-17), two products we only discovered after our initial contentions were served. My understanding is that we were unaware of the '609 Patent before the stay was lifted despite diligent attempts to locate relevant prior art.

2. **AliveCor seeks to amend its invalidity contentions to specifically identify prior art combinations**. With the exception of the two charts noted above (A-18 and A-17), all of the prior art combinations are limited to previously disclosed prior art and/or evidence of prior art products we obtained subsequent to our initial invalidity contentions and the stay. To ensure we are on the same page, Erin is going to send you a list of all our proposed combinations under separate cover.

3. **AliveCor seeks to amend its invalidity contentions relating to the '898 Patent to include additional excerpts from the previously cited prior art that show a "detailed view" with the constituent elements in a single user interface.** I understand that this is commensurate with the parties' agreed upon construction of the term. We aren't introducing any new art for this patent.

We plan to file our motion to amend tomorrow, so if Apple has a position, please provide it. Otherwise, we will simply note that Apple intends to take a position upon reviewing the motion.

Thanks.

Michelle

**From:** Clark, Michelle
**Sent:** Friday, February 6, 2026 1:57 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Beaton, Erin <Erin.Beaton@alston.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Hey Greg,

I am available to discuss further on Monday any time after noon Pacific.  Let me know what works for you.

Michelle

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Thursday, February 5, 2026 12:41 PM
**To:** Beaton, Erin <Erin.Beaton@alston.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

**EXTERNAL SENDER – Proceed with caution**

Erin – Thanks for the information, but we are still lacking the necessary information to evaluate AliveCor's supplemental contentions.  For the first category you identify, has AliveCor made any other changes beyond adding information it received during third-party discovery?  If so, can you please identify those changes?  Also, when you say "which may have been motivated at least in part by positions taken by the parties in the litigation or IPRs," are you referring to changes you made, investigations you did, or discovery you sought (or something else)?  For both categories, for any "additional evidence" or "updated exemplary citations to the prior art" that AliveCor supplemented based on the "positions taken by the parties in the litigation or IPRs" or the "parties [sic] agreed upon claim construction and the dispute leading up to it," can you please identify the specific "positions" and "disputes" you believe necessitated adding this additional evidence/citations?  We need this information to determine whether we oppose the amendment or not, or whether we oppose only part of the amendments and are fine with other parts.

For the combinations in the charts that AliveCor supplemented, we are now further confused by what combinations AliveCor intends to assert.  For example, AliveCor provided Exhibit B-01 charting Cannon by itself, and has now provided Exhibit B-02 allegedly charting "Cohen alone or in view of Shannan."  Are you asserting a ground based on Cannon that will rely solely on Cannon – without combination with any other prior art reference – because there is no additional prior art included in Chart B-01?  If so, is that ground under 102 or 103?  And, likewise, are we correct that any 102/103 ground based on Cohen will rely either on Cohen itself or Cohen in view of Shannan, with no other prior art references?  Please confirm.  Can you also please provide a full list of the grounds you are now intending to assert in these amended contentions, so that we can evaluate whether we oppose or not?

Regards,

**Greg Polins**

---

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200

---

greg.polins@kirkland.com

**From:** Beaton, Erin <Erin.Beaton@alston.com>
**Sent:** Thursday, February 5, 2026 12:24 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Hi Greg,

Thanks for the quick call. In response to your question about the redlined charts reflecting previously-identified prior art, we provide the following clarification.

The following charts reflect additional evidence obtained through further investigation and discovery, including third-party discovery, which may have been motivated at least in part by positions taken by the parties in the litigation or IPRs.
- Exhibit A-04 (Casio BP-100)
- Exhibit A-09 (OMRON HCG-801)
- Exhibit B-04 (Fitbit Products)
- Exhibit D-01 (Kardia Band)
- Exhibit D-03 (KardiaMobile)
- Exhibit D-04 (ECGPen)

The following charts were previously provided and simply included updated exemplary citations to the prior art. The new citations are intended to clarify our position in view of the parties agreed upon claim construction and the dispute leading up to it.
- Exhibit B-02 (Cohen)
- Exhibit B-10 (Molettiere)
- Exhibit B-11 (Shaanan)

With respect to the combinations presented in Exhibits B-02, B-10, and B-11:
- Exhibit B-02 – Cohen alone or in view of Shannan
- Exhibit B-10 – Molettiere alone or in view of Hoffman, Yuen, and/or Fitbit
- Exhibit B-11 – Shaanan alone or in view of Cohen
- Exhibit D-01 – KardiaBand alone or in view of KardiaMobile and/or ECGPen
- Exhibit D-03 – KardiaMobile alone or in view of KardiaBand and/or ECGPen
- Exhibit D-04 – ECGPen alone or in view of KardiaMobile and/or KardiaBand

Erin Beaton
Associate
**ALSTON & BIRD**
+1 704 444 1316 (O)

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Wednesday, February 4, 2026 8:23 PM
**To:** Beaton, Erin <Erin.Beaton@alston.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

**EXTERNAL SENDER – Proceed with caution**

Erin – After reviewing the redlines, I think a short call would be helpful. I'm generally available tomorrow between 9 AM - 12 PM CT and from 2:30 – 3 PM CT; if that works for you or someone on your team, could you please give me a call at my office number during that time to discuss?

Thanks,

**Greg Polins**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3511   **M** +1 703 618 5828
**F** +1 312 862 2200

greg.polins@kirkland.com

---

**From:** Beaton, Erin <Erin.Beaton@alston.com>
**Sent:** Tuesday, February 3, 2026 8:20 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Hi Greg,

We will provide redlines for some of the amended charts shortly. However, given the file size, our systems are not able to provide redlines for all of the exhibits. Should you need to meet and confer to better understand the scope of certain amendments, please let us know your availability tomorrow.

Erin Beaton
Associate
**ALSTON & BIRD**
+1 704 444 1316 (O)

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Tuesday, February 3, 2026 5:26 PM
**To:** Beaton, Erin <Erin.Beaton@alston.com>; #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** RE: Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Erin – Can you please provide redlines for the amended claim charts so that we can understand the revisions that AliveCor made? We'll get back to you promptly with Apple's position once we have that information and are able to evaluate AliveCor's revised charts.

Thanks,

**Greg Polins**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3511   **M** +1 703 618 5828
**F** +1 312 862 2200

greg.polins@kirkland.com

---

**From:** Beaton, Erin <Erin.Beaton@alston.com>
**Sent:** Monday, February 2, 2026 6:51 PM
**To:** #Apple-Kirkland-AliveCor <Apple-Kirkland-AliveCor@kirkland.com>
**Cc:** Apple Alivecor ND CAL <apple-alivecor-ndcal@alston.com>
**Subject:** Apple v. AliveCor - AliveCor's Amended Invalidity Contentions

Counsel,

AliveCor intends to seek leave to amend its invalidity contentions to include the following documents, which are being made available shortly through Alston's TitanFile FTP. Good cause to amend exists because AliveCor discovered new evidence and identified new prior art through continued diligent efforts and based on positions taken by Apple during claim construction. There is no prejudice to Apple, as discovery in this case is in an early stage. Please confirm whether Apple maintains its opposition to AliveCor's motion for leave to amend with respect to each of the following documents by **Thursday, February 5**.

- AliveCor's Amended Invalidity Contentions cover pleading (attached)
- The following amended claim charts:
    - Exhibit A-04 (Casio BP-100)
    - Exhibit A-09 (OMRON HCG-801)
    - Exhibit B-02 (Cohen)
    - Exhibit B-04 (Fitbit Products)
    - Exhibit B-10 (Molettiere)
    - Exhibit B-11 (Shaanan)
    - Exhibit D-01 (Kardia Band)
    - Exhibit D-03 (KardiaMobile)
    - Exhibit D-04 (ECGPen)
    - Appendix A
- The following additional claim charts:
    - Exhibit A-13 (New Balance HRT Max)
    - Exhibit A-14 (Life Fitness Exercise Equipment)
    - Exhibit A-15 (Precor Exercise Equipment)
    - Exhibit A-16 (Precor Exercise Equipment in view of Polar)
    - Exhibit A-17 (Life Fitness Exercise Equipment and the '609 Patent)
    - Exhibit A-18 (Precor Exercise Equipment and the '609 Patent)
    - Exhibit A-19 (OMRON HCG-801 in view of Mills)
    - Exhibit A-20 (Casio BP-100 in view of Mills)
    - Exhibit A-21 (New Balance HRT Max in view of Mills)

Erin Beaton
Associate
**ALSTON & BIRD**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
+1 704 444 1316 (O)
Erin.Beaton@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.