UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALIVECOR, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-07608-HSG<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 101, 103, 105 |

　　　　Pending before the Court are Defendant AliveCor, Inc.'s ("Defendant") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. No. 101, and Plaintiff Apple, Inc.'s ("Plaintiff") Administrative Motions to File Under Seal.  *See* Dkt. No. 103, 105.  Plaintiff seeks to seal portions of Defendant's opposition to a motion to lift stay, an attached exhibit, and Plaintiff's reply to the same motion.

　　　　For the reasons detailed below, the Court **GRANTS** the motions.

**I.　　LEGAL STANDARD**

　　　　Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents ...." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. See Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.   DISCUSSION

Plaintiff seeks to seal part of one sentence in AliveCor's opposition brief, Dkt. No. 102-1 at 3–4, one sentence in an attached exhibit, Dkt. No. 103 at 2, and part of one sentence in its reply

2

brief, all of which discuss confidential information about Apple's patent licensing policies. Dkt. No. 105-1 at 4. Plaintiff claims that it has not publicized the policies it seeks to seal, and is unaware of any public disclosure of the information, Dkt. No. 103 at 3, 105 at 3, and expresses concerns that if the information were released, Apple would be at a competitive disadvantage in future negotiations and could face frivolous litigation. *Id.*

The Court applies the lower good cause standard when analyzing these motions to seal. The underlying motion to lift the stay is tangentially related to the merits of the case, so the public's interest in viewing the underlying material is relatively weak. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).

The Court finds the Plaintiff has satisfied its burden. Apple seeks to seal confidential business and proprietary information related to its operations, which could satisfy even the higher "compelling reasons" standard. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-1878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020). Apple narrowly tailored its request to seal only material that could cause it economic harm, including unsealing nearly all of Exhibit E. Dkt. No. 102-2.

### III.  CONCLUSION

For the reasons noted above, the Court **GRANTS** the parties' administrative motions to file under seal. Dkt. Nos. 101, 103, 105. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated:   2/20/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge