Jeffrey M. Cohon (SBN 131431)
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071
Tel: (213) 647-0730
jcohon@gckllp.com

Attorney for Non-Party
LIFE FITNESS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIVECOR, INC., <br><br> Defendant. | Case No. 22-CV-07608-HSG <br><br> **STATEMENT OF NON-PARTY LIFE FITNESS, LLC IN RESPONSE TO ALIVECOR'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

1  Pursuant to N.D. Cal. Local Rule 79-5(f)(3), and in response to Defendant Alivecor's
2  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt.
3  170), Non-Party Life Fitness, LLC states as follows. A supporting Declaration of Daniel Wille is
4  filed herewith.
5  For the reasons set forth below, and in the Wille Declaration, Life Fitness submits that
6  the filed documents containing Life Fitness confidential information identified in the
7  Administrative Motion should be maintained under seal.
8  N.D. Cal. Local Rule 79-5(f)(3) requires the responsive statement and/or declaration
9  responding to another party's Administrative Motion to Consider Whether Another Party's
10 Material Should Be Sealed must comply with N.D. Cal. Local Rule 79-5(c)(1). N.D. Cal. Local
11 Rule 79-5(c)(1) requires a statement of the applicable legal standard. For the reasons explained
12 below, the applicable legal standard for sealing the documents associated with this non-
13 dipositive motion is the less restrictive "good cause" standard.
14 When determining whether to permit sealing, courts in this Circuit apply one of two
15 standards: (1) the "compelling reason" standard, or (2) the less-restrictive "good cause" standard.
16 *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 19-CV-07123-PJH, 2020 WL 7133773, at *9 (N.D.
17 Cal. June 16, 2020). "A party seeking to seal materials submitted with a motion that is 'more
18 than tangentially related to the merits of the case'—regardless whether that motion is
19 'technically dispositive'—must demonstrate that there are compelling reasons to keep the
20 documents under seal." *Id*. "Conversely, if the motion is only tangentially related to the merits,
21 'a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[ ] to
22 warrant preserving the secrecy of sealed discovery material attached to non-dispositive
23 motions.'" *Id*. This test applies both to documents attached to an underlying motion and
24 statements made in the motion itself. *See, e.g.*, *id*. (granting both parties' motions to seal portions
25 of their opinion and reply briefs because the underlying motion was only "tangentially related to
26 the merits of the case" and the "opposition and reply briefs were narrowly tailored to seek
27 sealing only of sealable material") (internal citations omitted). Here, the less-restrictive good
28

-1-

1  cause standard applies because the underlying Motion for Leave is "only tangentially related"—
2  if at all—"to the merits" of the case.

3  The good cause standard requires a "particularized showing" that "specific prejudice or
4  harm will result" if the information is disclosed to the public. *Phillips ex rel. Estates of Byrd v.*
5  *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted);
6  see Fed. R. Civ. P. 26(c). Sealing is appropriate where the requesting party "establishes that the
7  document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to
8  protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its
9  request to sealable material only. *Id*.

10  Alivecor's underlying motion seeks leave to amend its invalidity contentions. The
11  documents at issue containing confidential Life Fitness information are claim charts that are
12  exhibits to the proposed amended invalidity contentions. Importantly, under the local patent rules
13  of the Court, invalidity contentions are served, but not filed. The only reason why there is a filing
14  at all is that Alivecor seeks leave to amend its contentions. As such, the exhibits containing the
15  confidential information are not themselves considered by the Court with respect to the merits of
16  the case, and are not material to the disposition of the merits of the case.

17  As described in the Administrative Motion, Alivecor seeks leave to file under seal—and
18  Life Fitness seeks to maintain as filed under seal—portions of two exhibits containing Life
19  Fitness confidential information: (1) Highlighted Portions at Exhibit A-14 pages 44–45, 55–56,
20  66–68, 76, 86–87, 97–99, 109–119, 125–130, 140, 142–146 (Ex. D pdf pages 172–173, 183–
21  184, 194–196, 204, 214–215, 225–227, 237–243, 253–258, 268, 270–274), and (2) Highlighted
22  Portions at Exhibit A-17 pages 45–46, 56–57, 67–69, 78, 88–89, 99–101, 111–117, 127–132,
23  142, 144–148 (Ex. D pdf pages 694–695, 705–706, 716–718727, 737–738, 748–750, 760–766,
24  776–781, 791, 793–797).

25  As described in the Wille Declaration, the confidential information that Life Fitness seeks
26  to seal meets the good cause standard. Life Fitness operates in a highly competitive marketplace,
27  with many competitors providing fitness treadmills such as those Life Fitness products related to
28  the Administrative Motion. Life Fitness must compete both against many established fitness

1  equipment manufacturers, as well as less established companies, mostly located overseas, that
2  may seek to "knock off" the products of Life Fitness and other established companies.

3  As such, Life Fitness considers its product designs and product development processes to
4  be confidential information, and accordingly maintains such documents and information as
5  confidential. As described in the Wille Declaration, the highlighted subject materials contain two
6  types of information that would cause competitive harm to Life Fitness if made public. First, the
7  documents disclose internal product designs and manufacturing specifications. Life Fitness's
8  competitive advantage comes from its decades of experience in the design and manufacture of
9  fitness equipment, as reflected in the details of its product designs. Second, the documents
10 disclose the identity of at least one partner company that Life Fitness engaged to provide design
11 services related to the Life Fitness products. Life Fitness considers these business relationships
12 as confidential, and they provide a competitive advantage to Life Fitness. As such, public
13 disclosure of this information will cause business injury to Life Fitness.

14 Other courts in this district have previously granted motions to seal information related to
15 companies' internal workings finding that "[d]ocuments containing commercially sensitive
16 information have been held sealable in this Circuit." *Connor v. Quora, Inc.*, No. 18-cv-07597-
17 BLF, 2020 U.S. Dist. LEXIS 212889, at *3 (N.D. Cal. Nov. 13, 2020) (granting motion to seal
18 information regarding party's internal business operations); *see also Antman v. Uber Techs., Inc.*,
19 No. 15-cv-01175-LB, 2015 U.S. Dist. LEXIS 156754, at *4 (N.D. Cal. Nov. 19, 2015) (granting
20 motion to seal information on non-dispositive internal company operations finding that "there is
21 no significant public interest in having open access to [such] material."). Courts have found
22 compelling reasons to seal information regarding a company's proprietary technology when the
23 disclosure of that information would result in competitive harm. *See U.S. Ethernet Innovations,*
24 *LLC v. Acer, Inc.,* 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling
25 reasons to seal "proprietary literature describing the structure, configuration, and operation of the
26 Sun Ethernet technology"); *Guzik Tech. Enterprises v. Western Digital Corp.,* 2013 WL
27 6092852, at *11 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information
28

1  regarding the plaintiff's technology where the disclosure of that information would harm the
2  plaintiff's competitive standing).

3        This Court also "has found compelling reasons to seal confidential information regarding
4  a party's business partners where the disclosure of that information would harm the party's
5  competitive standing." *Snapkeyc, Ltd. v. Google LLC*, Case No. 19-CV-02658-LHK (N.D. Cal.
6  May 14, 2021) (citing *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 WL 8669859, at *3
7  (N.D. Cal. Nov. 6, 2020) (finding compelling reasons to seal confidential information about the
8  plaintiff's contracts with third parties where the disclosure of that information would harm the
9  plaintiff's competitive standing); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. Gen. Motors*
10 *LLC,* 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal
11 contracts between the plaintiff or defendant and third parties where the information would harm
12 the parties' competitive standing)).

13       Further, Life Fitness is not a party to this action, but cooperatively produced its own
14 confidential documents in response to a subpoena from Alivecor. As a non-party, Life Fitness
15 submits that it should be afforded extra protection to protect the confidentiality of its documents
16 especially when, as here, the confidential documents are merely excerpted in proposed amended
17 contentions and not material to any consideration of the merits of the case. "The Ninth Circuit
18 has long held that nonparties subject to discovery requests deserve extra protection from the
19 courts." *Lemberg Law LLC v. Hussin,* No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D.
20 Cal. June 13, 2016) (quotation omitted).

21       The highlighted material that is the subject of the Administrative Motion, and that Life
22 Fitness seeks to maintain as filed under seal, is narrowly tailored so to redact from the public
23 filing only specific and limited portions the documents that are excerpts from Life Fitness
24 internal business record documents produced as confidential under the Protective Order entered
25 in this case in response to a subpoena from Alivecor. Thus, a less restrictive alternative to sealing
26 these specific and limited portions is not viable or sufficient.

27
28

-4-

LIFE FITNESS RESP. TO MOT. TO CONSIDER
CASE NO. 4:22-CV-7608-HSG

1  Accordingly, Life Fitness respectfully requests that the Court maintain as filed under seal
2  the particular portions of the exhibits filed with Alivecor's motion for leave that contain
3  confidential Life Fitness documents and information, as identified above and in the
4  Administrative Motion.

Dated: February 20, 2026                    Respectfully Submitted,

By: _____

Jeffrey M. Cohon (SBN 131431)
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071
Tel: (213) 647-0730
jcohon@gckllp.com


Attorney for Non-Party
LIFE FITNESS, LLC