United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

Plaintiff,

v.

ALIVECOR, INC.,

Defendant.

Case No. 22-cv-07608-HSG

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 170

Pending before the Court is an administrative motion to seal materials that Defendant filed in support of a motion to supplement and amend its invalidity contentions. Dkt. Nos. 170, 171. For the reasons detailed below, the Court **GRANTS** the motion.

## I. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. Discussion

Defendant initially filed portions of its motion to supplement and amend its invalidity contentions and supporting documents provisionally under seal. *See* Dkt. No. 171. Plaintiff subsequently filed a notice of non-opposition to Defendants' motion. Dkt. No. 178. The Court granted Defendant's motion with the proposed order. Dkt. No. 180. Despite there being no opposition to Defendant's motion, the Court must resolve the pending motion to seal.

The Court applies the lower good cause standard, since the underlying motion is nondispositive. Given the ultimate disposition of the motion and the current posture of the case, the information that Defendant seeks to seal is unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of this information is minimal. Accordingly, because the documents contain sensitive business information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is good cause to file the documents under seal.

The Court accordingly **GRANTS** the motion to seal. Dkt. No. 170. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/24/2026

Haywood S. Gill Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge